AO 241
(Rev. 10/07)

# 18-1536

# ~~SECT~~ B MAG. 4

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **EASTERN DISTRICT OF LA.** |
|---|---|
| Name (under which you were convicted): David Scott Temple | Docket or Case No.: |
| Place of Confinement: **Louisiana State Penitentiary** | Prisoner No.: 562616 |
| Petitioner (include name under which you were convicted) **David Scott Temple** v. | Respondent (authorized person having custody of petitioner) **Darrel Vannoy, Warden** |
| The Attorney General of the State of Louisiana | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: 22ᵈ Judicial District Court: St. Tammany Parish

    (b) Criminal docket or case number (if you know): 559028

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing: August 12, 2015.

3.  Length of sentence: Sixty years

4.  In this case, were you convicted on more than one count or more than one crime?  ☐ Yes  **X** No

5.  Identify all crimes of which you were convicted and sentenced in this case: Aggravated Second Degree Battery: Multiple Offender Bill

6.  What was your plea? (Check one)

    ☐ (1) Not guilty                 ☐ (3) Nolo contendere (no contest)

    **X** (2) Guilty                 ☐ (4) Insanity Plea

    b)   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count what did you plead guilty to and what did you plead not guilty to? N/A

    (c) If you went to trial, what kind of trial did you have? (Check one) ☐ Jury   ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing? ☐ Yes   ☐ No

8.  Did you appeal from the judgment of conviction? ☐ Yes   **X** No

9.  If you did appeal, answer the following: N/A

    (a) Name of court:

    (b) Docket or case number (if you know):       TENDERED FOR FILING

    (c) Result:

    (d) Date of result:               FEB 12 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

AO 241                                                                                                                Page 3.
(Rev. 10/07)

      (e) Citation to the case (if you know):

      (f) Grounds raised: __None__

      (g) Did you seek further review by a higher state court?      □ Yes  **X**  No

            If yes, answer the following:

            (1) Name of court:

            (2) Docket or case number (if you know):

            (3) Results:

            (4) Date of result (if you know):

            (5) Citation to the case (if you know):

            (6) Grounds raised:

      (h) Did you file a petition for certiorari in the United States Supreme Court?    □ Yes **X**  No

            If yes, answer the following:

            (1) Docket or case number (if you know):

            (2) Result:

            (3) Date of result (if you know):

            (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    **X** Yes      □ No

11.    If your answer to Question 10 was "Yes", give the following information:

      (a)      (1) Name of court: __22ⁿᵈ Judicial District Court; Parish of St. Tammany__

            (2) Docket or case number (if you know): __559028__

            (3) Date of filing (if you know): __March 30, 2016__

            (4) Nature of the proceeding: __Application for Post-Conviction Relief__

            (5) Grounds raised: __(1) Ineffective assistance of counsel; (2) the Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing.__

            (6) Did you receive a hearing where evidence was given on your petition, application or motion?

                □ Yes **X** No

            (7) Result: __Denied__

            (8) Date of result (if you know): __May 10, 2016__

      (b) If you filed any second petition, application or motion give the same information: __None filed__

      (c) If you filed any third petition, application or motion, give the same information: __None filed__

AO 241
(Rev. 10/07)

Page 4.

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on your petition, application or motion?

| | | | | |
|---|---|---|---|---|
| (1) First petition: | X | Yes | ☐ | No |
| (2) Second petition: | ☐ | Yes | ☐ | No |
| (3) Third petition: | ☐ | Yes | ☐ | No |

(e) If you did not appeal to the highest state court having jurisdiction, explain briefly why you did not:

12.    For this petition, state every ground which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See Memorandum in Support.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    Direct Appeal of Ground One: No Direct Appeal filed

(1)    If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2)    If you did not raise this issue in your direct appeal, explain why:

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes    ☐ No

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: 22nd Judicial District Court; Parish of St. Tammany

Docket or case number (if you know): 559028

Date of court's decision: May 10, 2016

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    X No

(4) Did you appeal from the denial of your motion or petition? X Yes    ☐ No

(5) If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? X Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

AO 241                                                                                    Page 5.
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: **Louisiana First Circuit Court of Appeals; Baton Rouge, LA**

Docket or case number (if you know): **2016-KW-0713**

Date of court's decision: **September 26, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Supervisory Writ of Review to the Louisiana Supreme Court**.

GROUND TWO: **The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **See Memorandum in Support**.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes          X  No

(2) If you did not raise this issue in your direct appeal, explain why: **No Direct Appeal filed**.

(d)    Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X  Yes          ☐  No

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court; Parish of St. Tammany**.

Docket or case number (if you know): **559028**

Date of court's decision: **May 10, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?      ☐  Yes          X  No

(4) Did you appeal from the denial of your motion or petition? X  Yes          ☐  No

(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal?      X  Yes ☐  No

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: **Louisiana First Circuit Court of Appeals; Baton Rouge, LA**

Docket or case number (if you know): **2016-KW-0713**

Date of court's decision: **September 26, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Supervisory Writ of Review to the Louisiana Supreme Court.**

13.    Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  X  Yes     ☐  No

If you answer is "No," state which grounds have not been do presented and give your reason(s) for not presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     ☐  Yes     X  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy or any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     ☐  Yes     X  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised.

(16)    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: **Ernest E. Barrow, III; 113 E. 23rd Ave., Covington, LA  70433**

(c) At trial:

(d) At sentencing: **Ernest E. Barrow, III; 113 E. 23rd Ave., Covington, LA  70433**

AO 241
(Rev. 10/07)

Page 7.

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       □ Yes     X No

    (a) If so, give the name and location of the court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d). Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? □ Yes       □ No

18.    TIMELINESS OF PETITION: If you judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Therefore, Mr. Temple requests that this Honorable Court grant the following relief: **A finding that Mr. Temple was denied effective assistance of counsel; and that his guilty pleas were not willingly and knowingly made; and this matter remanded to the district court for a new trial.**

_____
Signature of Attorney (if any)

---

1 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244 (d) provides in part that:

1.    (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)    the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AO 241
(Rev. 10/07)

Page 8.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system for electronic filing on the 12th day of February, 2018.

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

### DAVID TEMPLE

VERSUS No.:_____

### DARREL VANNOY, Warden

On Petition For Federal Habeas Corpus Pursuant To 28 U.S.C. § 2254;
From the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana,
Docket Number 559028.

Respectfully submitted this 12th day of February, 2018.

DAVID TEMPLE, #562616
MPEY/Spruce-2
LA. STATE PENITENTIARY
ANGOLA, LA  70712

### CIVIL PROCEEDINGS

*PREPARED BY:*
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Criminal Litigation Team
La. State Penitentiary
Angola, LA 70712

## TABLE OF CONTENTS:                  Page

APPENDIX AND EXHIBITS...................................................................................................ii

TABLE OF AUTHORITIES................................................................................................iii

MEMORANDUM OF LAW IN SUPPORT............................................................................1

NOTICE OF PRO-SE FILING.................................................................................................1

PROCEDURAL HISTORY........................................................................................................1

STATEMENT OF THE FACTS................................................................................................3

UNAVAILABILITY OF TRIAL RECORDS.........................................................................3

FEDERAL QUESTIONS PRESENTED..................................................................................4

TIMELINESS OF THIS PETITION.........................................................................................5

STANDARD OF REVIEW........................................................................................................5

ARGUMENT(S) OF LAW.........................................................................................................6

ARGUMENT I...............................................................................................................................6

    Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of *Strickland v. Washington*; Sixth and Fourteenth Amendments to the U.S. Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19............................................................................................6

    Plea Bargaining........................................................................................................................22

    The Standards of Strickland and Cronic........................................................................24

CLAIM NO. 2..............................................................................................................................26

    The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; *Boykin v. Alabama*......26

SUMMARY....................................................................................................................................28

CONCLUSION AND PRAYER...............................................................................................30

CERTIFICATE OF SERVICE.................................................................................................30

## Appendix:

"A"    Ruling S.Ct. PCR;

"B"    S.Ct. Writ PCR;

"C"    Ruling First Circuit Court of Appeals PCR;

"D"    Supervisory Writ PCR;

"E"    Notice of Intent PCR;

"F"    Ruling district court;

"G"    PCR with Memorandum in Support.

## Exhibits:

"1"    Compensation Report (Public Defender's Office);

"2"    Boykin transcript.

## TABLE OF AUTHORITIES:                                                    Page

## <u>U.S. CONSTITUTION:</u>

Sixth and Fourteenth Amendments to the United States Constitution.................................passim
Sixth Amendment to the United States Constitution........................................................passim

## <u>FEDERAL CASES:</u>

Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)..........8
Artuz v. Bennett, 121 S.Ct. 361, 531 U.S. 4 (2000)................................................................5
Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002)................................24
Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).....................21, 22
Blake v. Zant, 513 F. Supp. 772 (S.D.Ga. 1981)...................................................................12
Boykin v. Alabama, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)...........................23, 26
Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)..............................................23
Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)....................22
Burley v. Cabana, 818 F.2d 414, 417 (5th Cir. 1987)...........................................................18
Carey v. Saffold, 122 S.Ct. 2134, 536 U.S. 214 (2002)...........................................................5
Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968).....................................................................14
Cullen v. Pinholster, 131 S.Ct. 1388...................................................................................9
Cuyler v. Sullivan, 446 U.S. 335, 343, 100 S. Ct. 1708, 64 L.Ed.2d 333 (1980)..........................8
Deutscher v. Angelone, 16 F.3d 981 (9th Cir. 1994)..............................................................17
Deutscher v. Whitley, 884 F.2d 1152 (9th Cir. 1989)........................................................11, 17
Douglas v. Wainwright, 714 F.2d 1532 (11th Cir. 1983).......................................................13
Duckworth v. Dillon, 751 F.2d 895 (7th Cir. 1984).............................................................11
Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491.......................................20
Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985).................13
Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)......................8, 9, 12
Goodwin v. Balkcom, 684 F.2d 794 (11th Cir. 1982)........................................................11, 13
Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).......................................1
Harich v. Wainwright, 813 F.2d 1082 (11th Cir. 1987)..........................................................17
Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015)..........................................20
Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974)............................................................23
Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).....................11, 20, 22
House v. Balkcom, 725 F.2d 608 (11th Cir. 1984)................................................................12
In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368..................................................20
Johnson v. Estelle, 704 F.2d 232 (5th Cir. 1983)..................................................................14
Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)......................................8
Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)...........................20
Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986)...........13
King v. Strickland, 714 F.2d 1481, 1490 (11th Cir. 1983)......................................................14
Kovacs v. United States, 744 F.3d 44, 51 (2d Cir. 2014)........................................................20
Lafler v. Cooper, 132 S.Ct. 1376..............................................................................7, 9, 22

Mallory v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653.................................................20
Martin v. Maggio, 711 F.2d 1273 (1983)..............................................................................18
McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)..........................11
Missouri v. Frye, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012).............7, 9, 19, 22
Murray v. Carrier, 477 U.S. 478, 496 (1986)........................................................................18
Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985).........................................................14
Padilla v. Kentucky, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)....................20
Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.............................................20
Porter v. Wainwright, 805 F.2d 930, 933 (11th Cir. 1986).....................................................13
Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)...........................................8
Premo v. Moore, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011)...........................22
Santobello v. New York, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)..........21, 22
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)........8, 13, 21, 24
Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).................7
Tyler v. Kemp, 755 F.2d 741 (11th Cir. 1985).....................................................................13
U.S. v. Cronic, 466 U.S., at 659.........................................................................................10
U.S. v. Gray, 878 F.2d 702.................................................................................................10
U.S. v. Kenyon, 481 F.3d 1054 (C.A. 8 (S.D.) 2007)..............................................................17
U.S. v. Robertson, 606 F.3d 943 (C.A. 8 (N.D.) 2010)...........................................................17
United States v. Cronic, 466 U.S. 648, 662 (1984)............................................................24, 25
United States v. Otero, 848 F.2d 835, 837, 839 (7th Cir. 1988)..............................................11
Wade v. Armontrout, 798 F.2d 304 (8th Cir. 1986)..............................................................13
Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019.......................................20
Williams v. Taylor, 120 S.Ct. 1495, 529 U.S. 362 (2000)........................................................6
Windom v. Cook, 423 F.2d 721 (5th Cir. 1970)....................................................................14
Yarborough v. Alvarado, 124 S.Ct. 2140, 541 U.S. 652 (2004).................................................6

## LA. CONSTITUTION:

Article I, §§ 2, 3, 13, 16, and 19 of the Louisiana Constitution of 1974...................................4
Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19..................................................6
Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22..........................................27

## STATUTORY PROVISIONS:

18 U.S.C.A. §§ 1153, >2241 (c), >2246 (2)(A, B, D).............................................................17
28 U.S.C.A. § 2244(d)(1)...................................................................................................5
28 U.S.C.A. § 2244(d)(2)...................................................................................................5
28 U.S.C.A. § 2254.................................................................................................1, 6, 30
28 U.S.C.A. § 2254(d)(2)...................................................................................................6
La.C.Cr.P. Art. 930...........................................................................................................18
LSA-R.S. 14:10................................................................................................................16
LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445...................................................................17
LSA-R.S. 14:15................................................................................................................15

LSA-R.S. 14:15 (2)..................................................................................15
LSA-R.S. 14:44.1....................................................................................19
LSA-R.S. 15:529.1...................................................................................27
LSA-R.S. 34.7..........................................................................................19
R.S. 14:15................................................................................................15, 19

## STATE CASES:

Commonwealth Ex Rel. West v. Rundle, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968)...........26
Commonwealth v. Grassmyer, 402 A.2d 1052, 1054 (Pa. 1979)....................................18
Frett v. State, 378 S.E.2d 249, 251 (S.C. 1988)..............................................12
People v. LaBree, 34 NY.2d 257, 313 N.E.2d 730 (1974)........................................14
Presley v. State, 388 So.2d 1385 (Fla. DCA2 1980)............................................18
Presley v. State, 388 So.2d 1385 (Fla. DCA2 1980)............................................18
State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La. 1971).....................26
State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La. 1982)..................................23
State ex rel. Leblanc v. Henderson, 261 La. 315, 259 So.2d 557 (La. 1972)..................27
State v. Dardar, 353 So.2d 713 (La. 1977)...................................................17
State v. Domangue, 476 So.2d 986 (La. App. 1st Cir. 1985)...................................23
State v. Fuller, 454 So.2d 119 (La. 1984)..................................................12
State v. Galliano 396 So.2d 1288 at 1289 (La. 1981)........................................27
State v. Godejohn, 425 So.2d 750 (La. 1983)................................................23
State v. Graham, 513 So.2d 419 (La. App. 2nd Cir. 1987)....................................23
State v. Harvey, 692 S.W.2d 290 (Mo. 1985).................................................12
State v. Holden, 375 So.2d 1372 (La. 1979).................................................27
State v. Lewis, 367 So.2d 1155 (La. 1979)..................................................27
State v. Myles, 389 So.2d 12, 28-31 (La. 1980).............................................11
State v. Smith, 513 So.2d 544 (La. 2nd Cir. 1987)..........................................23
State v. Sparrow, 612 So.2d 191, 199 (La. App. 4th Cir. 1992)..............................12
State v. Watts, 550 So.2d 711, 712 (La. App. 2nd Cir. 1989)................................23

## MISCELLANEOUS:

110k1173.2(3)..........................................................................17
110k774................................................................................17
Clark and Marshall, Law of Crimes (4th ed. 1940) 135, § 95.............................15

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DAVID TEMPLE**                                    CIVIL ACTION

                                                   NUMBER:

-Versus-
                                                   JUDGE:

**DARREL VANNOY, Warden**                          MAGISTRATE:

---

## MEMORANDUM OF LAW IN SUPPORT
## OF PETITION FOR FEDERAL HABEAS CORPUS

---

**MAY IT PLEASE THE COURT:**

NOW INTO COURT comes David Temple, *Pro-Se* Petitioner, who respectfully presents his "Memorandum of Law in Support of Petition for Federal Habeas Corpus;" and who respectfully prays this Honorable Court will accept and consider same in connection with his "Petition for Federal Habeas Corpus," pursuant to *28 U.S.C.A. § 2254.*

### NOTICE OF PRO-SE FILING

Mr. Temple requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Mr. Temple is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

### PROCEDURAL HISTORY

As Mr. Temple has virtually no record other than the guilty plea colloquy from August 12, 2015 for one Count of Aggravated Second Degree Battery and one Count of Second Degree Kidnapping.

According to Mr. Temple, trial had commenced on August 12, 2015, with the State presenting two (2) witnesses prior to the lunch break, but after selection of the jury. After the break, defense counsel

informed the Court that Mr. Temple wished to withdraw his previous plea of not guilty and enter a plea of guilty. Defense counsel also informed the Court that after a discussion with Mr. Temple, the State, and Mr. Temple's parents, Mr. Temple was now ready to plead guilty to the charges, with a multiple bill enhancement for Second Felony Offender for a sixty (60) year sentence.

During the guilty plea colloquy, Mr. Temple informed the Court that he had a sixth grade education, he was an alcoholic, he had assistance obtaining his driver's license, and that his occupation and profession was being a "Cowboy."

On November 24, 2015, Mr. Temple filed into the 22nd Judicial District Court, a Motion for Production of Documents in an attempt to obtain his *Boykin* transcript from his guilty plea. However, on December 3, 2015, the Honorable Allison H. Penzato, denied the motion stating, "No particularized need has been shown for production of the trial transcript."

On December 21, 2015, Mr. Temple filed an Application for Post-Conviction Relief for an Out-of-Time Appeal, only to be sent the *Boykin* transcripts from August 12, 2015, with no Answer from the PCR Application concerning his Appeal.

On March 30, 2016, Mr. Temple filed an Application for Post-Conviction Relief and Motion for Production of Documents Under Particularized Need. On May 10, 2016, the district court denied him relief with written reasons. On May 23, 2016, Mr. Temple timely filed his Notice of Intent to Seek Writs to the district court.

On May 26, 2016, Mr. Temple filed for Supervisory Writs to the Louisiana First Circuit Court of Appeals. On September 22, 2016, the Court of Appeals denied relief.

On October 5, 2016, Mr. Temple timely filed for Supervisory Writs to the Louisiana Supreme Court. On January 12, 2018, the Louisiana Supreme Court denied relief.

Mr. Temple now files the instant petition for federal habeas corpus.

## STATEMENT OF THE FACTS

As there is no Record or transcript from the Court, a Statement of Facts is not possible for the writer of this. However, this is a request for a collateral review from guilty pleas by Mr. David Scott Temple that occurred on August 12, 2015. The writer of this is relying solely on the guilty plea transcript that Mr. Temple was able to obtain from the Court, the attorney's file, and Mr. Temple's *"Recalled Memory"* of the proceedings.

Mr. Temple appeared before the 22nd Judicial District Court on August 12, 2015 for trial proceedings. After the jury was selection and two State witnesses testified, Mr. Temple withdrew his former plea of not guilty and plead guilty.

The 22nd Judicial District Court and the Louisiana First Circuit Court of Appeals abused their discretion in denying Mr. Temple the right to obtain the remainder of the transcript of his proceedings after Mr. Temple has properly requested such. It appears to be some unethical reason for the Courts to deny the Record to Mr. Temple.

## UNAVAILABILITY OF TRIAL RECORDS

Mr. Temple has been unable to obtain the trial record in this matter and has been attempting to perfect his Application for Post-Conviction Relief solely from memory. After due consideration, Mr. Temple prays that this Honorable Court will grant him a copy of the record; or in the alternative, loan him a copy of the record for the purpose of further perfecting his application in order to protect his rights and to fully and fairly present all his claims before the Court so that it may make a just ruling in the cause.

Mr. Temple has never been afforded the opportunity to review the Record of the Court, except the guilty plea colloquy, due to the fact that he has plead guilty in this matter. Mr. Temple has attempted to obtain the Record through a Public Records Request, a Motion for Production of Guilty Plea

Transcript, and an Application for Post-Conviction Relief for Out-of-Time Appeal. However, after due diligence on his part, Mr. Temple has been denied the transcript of the jury selection and the State's first two witnesses.

Mr. Temple had properly filed a Motion for Production of Documents at the time of the filing of the Application for Post-Conviction Relief into the district court. However, Mr. Temple has been denied the right to obtain the Record in order meet his burden of proof.

Mr. Temple has attempted to acquire assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary. However, without the Record, Counsel Substitute is unable to assist Mr. Temple until the Court allows him a copy of such.

The definition of a Counsel substitute is, "Persons not admitted to the practice of law, but Offenders who aid and assist, without cost, an accused Offender in the preparation and presentation of his defense and/or appeal. Counsel Substitutes are only those Offenders appointed by the Warden or designee." Each Counsel Substitute is provided with or has participated in training appropriate to his assignment prior to assuming his duties. In other words, Counsel Substitutes are provided training in order to assist other Offenders with their legal pleadings. However, if the Counsel Substitute does not have access to the Record, the Offender cannot receive proper assistance. Department Regulation No. B-05-004.

### FEDERAL QUESTIONS PRESENTED

1. **Was Mr. Temple denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and _Strickland v. Washington_, which is contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States? Mr. Temple answers: Yes.**
2. **Did the state courts abuse their discretion in accepting the guilty pleas from Mr. Temple as willingly and knowingly made, which resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding? Sixth and Fourteenth Amendments to the United States Constitution; Article I, §§ 2, 3, 13, 16, and 19 of the Louisiana Constitution of 1974; and _Boykin v. Alabama_. Mr. Temple answers: Yes.**

## TIMELINESS OF THIS PETITION

A 1-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C.A. § 2244(d)(1).*

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *28 U.S.C.A. § 2244(d)(2). Artuz v. Bennett,* 121 S.Ct. 361, 531 U.S. 4 (2000); *Carey v. Saffold,* 122 S.Ct. 2134, 536 U.S. 214 (2002).

Mr. Temple diligently attempted to obtain his transcript (2 witnesses) and *Boykin* colloquy after his conviction, only to be erroneously denied by the district court. Mr. Temple then attempted to start his Appeal through the use of an Application for Post-Conviction Relief for Out-of-Time Appeal, only to receive the *Boykin* transcript (no transcript of the two witnesses had been provided to Mr. Temple).

Mr. Temple then filed his Application for Post-Conviction Relief and Motion for Production of Documents Under Particularized Need in order to obtain the testimony of the two witnesses.

## STANDARD OF REVIEW

A petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the state

court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *28 U.S.C.A. § 2254(d)(2). Williams v. Taylor,* 120 S.Ct. 1495, 529 U.S. 362 (2000); *Yarborough v. Alvarado,* 124 S.Ct. 2140, 541 U.S. 652 (2004).

## ARGUMENT(S) OF LAW
### ARGUMENT I

**Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of *Strickland v. Washington*; Sixth and Fourteenth Amendments to the U.S. Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.**

**NOTE:** Mr. Temple is preparing this solely from his memory, the attorney file and the guilty plea colloquy he has recently obtained. As Mr. Temple is unable to read and write, he is obtaining assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary. It must also be noted that Mr. Temple has been unable to obtain the transcript from the start of his trial. After jury selection and testimony of two State witnesses, Mr. Temple withdrew his not guilty plea and entered a plea of guilty to the charges. Additionally, Mr. Temple subsequently plead guilty to the Habitual Offender Bill of Information with the understanding that he would receive a sixty (60) year sentence, to be served at hard labor with the Louisiana Department of Public Safety and Corrections.

Mr. Temple was denied effective assistance of counsel during the course of the proceedings and the trial. The Courts have abused their discretion in failing to consider the merits of the Claims, and Exhibits which proved that trial counsel failed to adequately investigate and represent him. Counsel's unprofessional errors prejudiced Mr. Temple, and the outcome of these proceedings are not reliable.

According to the limited documentation that Mr. Temple was able to obtain from the Public

Defender's Office of the 22nd Judicial District Court, there was evidence of a possible "intoxication" defense to the crime charged. As these charges (Aggravated Second Degree Battery and Second Degree Kidnapping) are "Specific Intent" charges, an "intoxication" defense may be instated for mitigation.

Furthermore, Mr. Temple had included a copy of the 22nd Judicial District Court Public Defender's Statement in Support of Compensation and Expenses of Appointed Counsel. In this particular statement, Mr. Barrow stated that he had completed a total of 16.5 hours of work on this case, which included the 10.5 hours for the trial proceedings (See: Statement, Exhibit "A").

Also, in the attorney file, Mr. Temple has determined that the investigation by the State shows a record replete with evidence of alcoholism, or drunkenness at the time of the alleged incident on the part of both Mr. Temple and the alleged victim.

The United States Supreme Court has recently made two pertinent rulings concerning ineffective assistance of counsel on guilty pleas. In _Lafler v. Cooper_, 132 S.Ct. 1376 (3/21/12); and, _Missouri v. Frye_, 132 S.Ct. 1399 (3/21/12), the United States Supreme Court held that a defendant is guaranteed effective assistance of counsel during the course of a guilty plea. However, in this case, Mr. Temple was not afforded effective counsel during the guilty plea.

Question: Does a defendant still has an equal protection claim if he pleas guilty? Possibly. He has to raised ineffective assistance of counsel. But should also raise the claim straight out.

A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant pleas guilty, he cannot thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. The defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was outside the "range of competence demanded of attorneys in criminal case." _Tollett v. Henderson_, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

A guilty plea is open to attack on the ground that counsel did not provide the defendant with "reasonable competent advice." *Cuyler v. Sullivan,* 446 U.S. 335, 343, 100 S. Ct. 1708, 64 L.Ed.2d 333 (1980).

Mr. Temple contends that he was denied the right to effective assistance of counsel during these proceedings. Due to counsel's ineffectiveness, Mr. Temple was virtually forced to plead guilty to the charges as counsel had failed to interview witnesses, investigate the allegations, or prepare a defense before the commencement of trial.

It must be noted that Mr. Temple had withdrawn his not guilty plea after the commencement of the trial in this matter. The jury had been selected and the State had presented two witnesses prior to Mr. Temple's decision to withdraw his not guilty verdict. At this time, Mr. Temple does not have the transcript of the jury selection, or the testimony presented by the State's witnesses, and is unable to remember verbatim the gist of the testimony. Mr. Temple has diligently attempted to obtain this transcript through the Court.

The Sixth Amendment to the United States Constitution guarantees those accused of crimes to have the assistance of counsel for their defense. U.S. Const. Amend. VI. The purpose of this Sixth Amendment right to counsel is to protect the fundamental right to a fair trial. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The skill and knowledge counsel is intended to afford a Defendant "ample opportunity to meet the case of the prosecution." *Strickland,* 466 U.S. at 685 (citing *Adams v. United States ex rel. McCann,* 317 U.S. 269, 275, 276, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme

Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

Mr. Temple contends that he was denied effective assistance of counsel during the plea bargain process. *Lafler v. Cooper*, 132 S.Ct. 1376, and *Missouri v. Frye*, 132 S.Ct. 1399. Issue No. 1 follow to wit:

In both *Cooper* and *Frye*, the United States Supreme Court settled a long standing conflict of law. Does the *Strickland* standard of effective assistance of counsel extend to the guilty plea where counsel provided erroneous advice?

The High Court maintained that there is not a constitutional right to a guilty plea [however], once a plea bargain is introduced, then the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution is upheld. Furthermore, the Supreme Court ruled that the "right to effective assistance of counsel applies to [all] critical stages of the criminal proceedings." *Frye*; *Cullen v. Pinholster*, 131 S.Ct. 1388.

To prevail on an ineffective assistance of counsel Claim, the performance prong of *Strickland v. Washington*, supra, requiring a defendant to show "that counsel's representation fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. 2052. To establish *Strickland* prejudice, a defendant must show that there is a reasonable probability that for counsel's unprofessional error, the result of the proceeding would have been different. *Id.*, at 694, 104 S.Ct. 2052. "In context of a plea, a defendant must show the outcome of the plea process would have been different with competent advice." *Frye*, *ante*, at 1388-1389, 132 S.Ct. 1399 (noting that *Strickland*'s inquiry as applied to advice with respect to

plea bargain turns on whether the result of the proceedings would have been different. *Strickland*, at 694).

Mr. Temple contends that trial counsel was not prepared for trial, nor had counsel prepared Mr. Temple for trial, misled trial court in that he prepared Mr. Temple for trial. Counsel never discussed the case with Mr. Temple. In fact it appears that defense counsel subpoenaed no witnesses for the trial.

Mr. Temple contends that he was unskilled to make such determinations [especially] the very morning of a trial. Had counsel advocated, or been prepared to advocate for Mr. Temple, then he would have been prepared to test the prosecution's case and Mr. Temple would have insisted upon proceeding to trial; opposed to yielding to the advice of attorney that he needed to plead guilty to the charges and the Multiple Offender Bill of Information for a sentence of sixty (60) years.

Courts throughout Louisiana, including both Federal and United States Supreme Court have routinely upheld the fact that in order for practicing attorney to be rendered effective, he/she must at the very least conduct a minimum investigation.

This argument is supported by *U.S. v. Gray*, 878 F.2d 702:

"Thus, the Court of Appeals, we are in agreement that failure to conduct an investigation generally constitute a clear instance of ineffectiveness."

Mr. Temple contends that counsel was so ineffective that he sat idly by while the prosecutor led his client (Mr. Temple) to the henchmen without so much as uttering a word.

Quoting *U.S. v. Cronic*, 466 U.S., at 659:

"If counsel entirely fail to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights, that make the adversarial process itself presumptively unreliable." (See: *Boykin* transcript, p. 5, lines 7-32).

Mr. Temple contends that counsel failed to adequately advise him of his constitutional rights, Sixth Amendment, to face and/or confront/cross-examine his accusers. Had Mr. Temple understood that he had such a right, it would be at the very least questionable (if not ridiculous), Mr. Temple would have

insisted on going to trial.

In *Hill v. Lockhart*, 474 U.S. 52, 88 L.Ed.2d 203, Judge White offered:

"If it is necessary, in my view, to focus on the 'plea statement' signed by Petitioner. The statement is a standardized form to be completed by defense counsel, in consultation with his client and submitted to the court for consideration. The form calls for specific information [the insertion] in the opposite spaces."

Mr. Temple contends that the bedrock that the whole judicial framework rest on is hinged on the Sixth and Fourteenth Amendment rights to Confrontation and Due Process. If any counsel neglects such a right as fundamental, they cannot possibly render effective assistance of counsel.

Acknowledging the extreme importance of this right, the United States Supreme Court has held: "That a person who happens to be a lawyer is present at trial alongside the accused ... is not enough to satisfy the constitutional command." The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. *Strickland v. Washington*, 466 U.S. at 685.

Thus, the Courts have recognized that "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 (1970).

In *State v. Myles*, 389 So.2d 12, 28-31 (La. 1980), the Supreme Court of Louisiana found ineffective assistance of counsel on the face of the appellate record under circumstances very similar to this case. Trial counsel rested without additional evidence, failed to object to inadmissible evidence, and failed to object to erroneous instructions. *Id.* at 28-29. See also: *United States v. Otero*, 848 F.2d 835, 837, 839 (7th Cir. 1988); *Deutscher v. Whitley*, 884 F.2d 1152, 1162 (9th Cir. 1989); *Duckworth v. Dillon*, 751 F.2d 895 (7th Cir. 1984); *Goodwin v. Balkcom*, 684 F.2d 794 (11th Cir. 1982)(ineffective

assistance found where counsel failed to: (1) investigate; (2) raise a challenge to the petit jury selection system; (3) raise illegality of the arrest; (4) interview crucial witnesses; and (5) object to an improper *Witherspoon* excusal); *Blake v. Zant*, 513 F. Supp. 772 (S.D.Ga. 1981)(ineffective counsel in capital cases; standards applied with particular care; showing of prejudice not always required); *State v. Harvey*, 692 S.W.2d 290 (Mo. 1985)(counsel's non-participation at the trial without the client's express consent is ineffective assistance of counsel).

> While a defendant must ordinarily show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary. *Frett v. State*, 378 S.E.2d 249, 251 (S.C. 1988)(citing *House v. Balkcom*, 725 F.2d 608 (11th Cir. 1984)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

A defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test of *Strickland v. Washington*, supra; *State v. Fuller*, 454 So.2d 119 (La. 1984). The defendant must show that: (1) counsel's performance was deficient; and (2) that the deficiency prejudiced the defendant. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La.

App. 4th Cir. 1992).

"At the heart of effective representation is the independent duty to investigate and prepare." *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir. 1982); accord *Porter v. Wainwright*, 805 F.2d 930, 933 (11th Cir. 1986); *Tyler v. Kemp*, 755 F.2d 741 (11th Cir. 1985); *Douglas v. Wainwright*, 714 F.2d 1532 (11th Cir. 1983), *vacated*, 104 S.Ct. 3575, 82 L.Ed.2d 874 (1984), *adhered to*, 739 F.2d 531 (1984). As the Court held in *Wade v. Armontrout*, 798 F.2d 304 (8th Cir. 1986): Investigation is an essential component of the adversary process. "Because [the adversarial] testing process generally will not function properly unless counsel has done some investigation into the prosecution's case and into various defense strategies ... 'counsel has a duty to make reasonable investigations . . .'" *Id.* at 307 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)).

However, the mere presence of an attorney does not satisfy the constitutional guarantee of counsel. As the Supreme Court has often noted, an accused is entitled to representation by an attorney, whether retained or appointed. "Who plays the role necessary to ensure that the trial is fair." *Morrison*, 477 U.S. at 377, 106 S.Ct. at 2584, quoting *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 274 (1984). "In other words, the right to counsel is the right to effective assistance of counsel, citing *Evitts v. Lucey*, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985).

The State had provided "Open File Discovery" to counsel. The attorney file was complete concerning the pictures, interviews, and other evidence. However, there was **NO** further investigation on the part of the defense attorney. Everything contained in the attorney file came from the District Attorney's Office through discovery. It appears that defense counsel in this matter simply relied on the State's investigation.

Defense counsel "did not **chose** strategically or otherwise, to pursue one line of defense over

another. Instead, he simply abdicated his responsibility to advocate his client's cause." *Nealy v. Cabana*, 764 F.2d 1173, 1178 (5th Cir. 1985)(emphasis in original); see also: *King v. Strickland*, 714 F.2d 1481, 1490 (11th Cir. 1983), *vacated*, 104 S.Ct. 3575, 81 L.Ed.2d 358 (1984), *adhered to*, 748 F.2d 1462 (1984)(counsel ineffective where some mitigating evidence presented, but lack of preparation of other evidence); *Johnson v. Estelle*, 704 F.2d 232 (5th Cir. 1983)(failure to investigate sanity defense); *Windom v. Cook*, 423 F.2d 721 (5th Cir. 1970)(effective representation includes counsel's familiarity with the case and proper investigation); *Coles v. Peyton*, 389 F.2d 224 (4th Cir. 1968)(no investigation or prosecutrix's character or search for potential witnesses); *People v. LaBree*, 34 NY.2d 257, 313 N.E.2d 730 (1974)(lack of preparation rendered trial "farce and mockery").

In support of Mr. Temple's Claim of counsel's failure to prepare or investigate, Mr. Barrow had prepared a 22nd Judicial District Court Public Defender Office Statement in Support of Compensation and Expenses of Appointed Counsel. In this Report, Mr. Barrow states that he performed the following services:

| | | |
|---|---|---|
| **Under No. 1;** | | |
| 7/06/15 | Attended pretrial w/ client | 1.0 hours |
| 5/27/15 | Attended pretrial w/o client | 0.5 hours |
| **Under No. 2;** | | |
| 8/6/15 | Review of discovery for trial; telephone conference w/ ADA | 1.75 hours |
| 8/6/15 | Meeting with client in jail | 1.25 hours |
| 6/4/15 | Received and reviewed file from PDO | 1.5 hours |
| **Under No. 3;** | | |
| 8/10 | Picked jury | 5.0 hours |
| 8/12 | Motions (404B); Opening statements, 2 witnesses | |
| | Guilty plea and sentencing | 5.5 hours |

(See: Statement in Support of Compensation and Expenses)

According to Mr. Barrow's own Statement in Support returned to the Public Defender's Office, Mr. Barrow stated that he only reviewed or investigated this matter for a total of **4.5** hours in preparation for trial. Mr. Barrow further stated that he had interviewed Mr. Temple for **1.25** hours in the jail, a mere

four (4) days prior to picking the jury for trial. There is no record of any other interview with Mr. Temple noted by Mr. Barrow. Furthermore, Mr. Barrow stipulates that he spent a total of **16.5 hours** on this case, which included the **10.5 hours** for the trial proceedings (See: 8/10 and 8/12).

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for an intoxication defense.

Mr. Temple contends that the counsel failed to investigate any viable defense that could be presented during the course of the trial. According to Mr. Temple's lay memory, the only time that counsel discussed the pending trial with him was a few days before the commencement of trial. At that time, the only discussion Mr. Temple can recall between him and his counsel was, "What size clothes do you wear?"

Mr. Temple avers that had counsel prepared and investigated prior to the commencement of trial, counsel would have known that Mr. Temple could assert an Intoxication defense. LSA-R.S. 14:15 (2), which explains that the culpability of an offender who is intoxicated at the time of the offense would be significantly lowered, especially when the alleged offense relies on a "Specific Intent" or "Specific Knowledge" in order to convict.

LSA-R.S. 14:15. Intoxication, states in pertinent part:

The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:

(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.

It is also well settled that intoxication may, in some cases, be so great as to negate the specific intent or knowledge necessary in some crimes, and in this instance the defense of intoxication may be raised. Clark and Marshall, Law of Crimes (4th ed. 1940) 135, § 95.

Had counsel conferred with Mr. Temple, counsel would have known that Mr. Temple had a long history of alcohol abuse. Mr. Temple's parents and friends would have testified to this fact had counsel investigated and prepared for trial. Even during the course of the guilty plea colloquy, Mr. Temple

informed the Court that he was "drunk" at the time of the offense, that he didn't really remember what had occurred, and that he was very sorry for what had happened. Had counsel investigated, even minimally, counsel would have discovered that Mr. Temple's occupation as being a "Cowboy;" that Mr. Temple had an alcohol problem; that Mr. Temple had a sixth grade education; Mr. Temple even had to have assistance with his drivers license test due to his illiteracy.

Furthermore, during the course of the guilty plea colloquy, Mr. Barrow informed the Court that, "And that he wanted to apologize to the victims and that -- and tell the Court certain that he -- about his alcoholism and his memory and why after seeing some of the evidence he thought that he should spare the victim and the Court the rest of this trial" (See: Guilty Plea Tr.p. 4, lines 11-17).

On the 22nd Judicial District Court Bond Reduction Questionnaire, it was noted on number 10 that Mr. Temple was alcohol dependent. However, counsel failed to consider this defense.

On November 25, 2014, Ms. Ladner (the alleged victim) completed a St. Tammany Parish Sheriff's Office Judicial Risk Assessment Form. Mr. Temple would like this Honorable Court to especially note question 6 (a), where Ms. Ladner had checked off that Mr. Temple had a Substance abuse problem (See: Exhibit "__").

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for an intoxication defense.

Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act ..." Whereas, general criminal intent exists when the defendant "in the ordinary course of human experience, must have averted to the prescribed criminal consequences as reasonably certain to result from his act ..." LSA-R.S. 14:10.

"In prosecution for Simple Burglary wherein defendant introduced evidence of intoxication to negate specific intent, thus increasing the importance of a correct instruction on intent, trial court's

instruction as to specific intent was fatally defective and prejudicial, requiring reversal of the conviction, where trial court diluted initially correct instructions so as to require only that defendant voluntarily and knowingly did the act and the act was intentional rather than unintentional or accidental. LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445." *State v. Dardar*, 353 So.2d 713 (La. 1977).

A defendant charged with a specific intent crime is entitled to an intoxication instruction when the evidence would support a finding that the defendant was in fact intoxicated and that was a result there was a reasonable doubt that he lacked specific intent. *U.S. v. Robertson*, 606 F.3d 943 (C.A. 8 (N.D.) 2010); 110k774.

Reversal was required, in prosecution for Aggravated Sexual Abuse of a Child, where district court failed to apply jury instruction on voluntary intoxication or drug use to count which charged defendant with attempting to commit sexual abuse; evidence that defendant may have been heavily intoxicated at time he committed the charged crimes bore on whether he had the requisite specific intent. 18 U.S.C.A. §§ 1153, >2241 (c), >2246 (2)(A, B, D). *U.S. v. Kenyon*, 481 F.3d 1054 (C.A. 8 (S.D.) 2007); 110k1173.2(3). Sixth and Fourteenth Amendments to the United States Constitution.

In *Deutscher v. Whitley*, 884 F.2d 1152 (9th Cir. 1989)(decision vacated and remanded by Supreme Court several times; last opinion which again finds IAC in *Deutscher v. Angelone*, 16 F.3d 981 (9th Cir. 1994). Trial counsel ineffective in penalty phase of capital trial for not investigating and presenting mitigating evidence despite sentencing argument that defendant must have had some mental problems. Adequate investigation would have revealed diagnoses of schizophrenia, pathological intoxication, and organic brain damage; commitments to mental institutions; and a history of good behavior in institutional settings.

In *Harich v. Wainwright*, 813 F.2d 1082 (11th Cir. 1987), the Court held that petitioner had stated a

claim of ineffectiveness if an intoxication defense had not been pursued because "counsel misunderstood the law . . ." *Id.* at 1089; see also *Commonwealth v. Grassmyer,* 402 A.2d 1052, 1054 (Pa. 1979); *Presley v. State,* 388 So.2d 1385 (Fla. DCA2 1980).

"To be considered effective, counsel has a duty to make at least a minimum investigation of the law, especially on such an important issue as sentencing mitigation . . ." *Burley v. Cabana,* 818 F.2d 414, 417 (5th Cir. 1987). For example, in *Presley v. State,* 388 So.2d 1385 (Fla. DCA2 1980), defense counsel had expressed his erroneous belief that "voluntary intoxication is not a defense in these matters." *Id.* 1386. Since the crimes charged were specific intent crimes, this was clearly wrong, and formed the basis for reversal on grounds of ineffectiveness. *Id.*

Ineffective assistance... failure to investigate intoxication defense; *Martin v. Maggio,* 711 F.2d 1273 (1983).

In *Murray v. Carrier,* 477 U.S. 478, 496 (1986) the court stated:

"The right to effective assistance of counsel... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."

In *Lafler,* the Court held that *Strickland* is appropriate "clearly established federal law" to apply to Claims of ineffective assistance of counsel in plea-bargaining, even when the Claim relates to a foregone plea. See: *Lafler,* 132 S.Ct., at 1384. By applying this holding in *Lafler,* a habeas petition subject to AEDPA, the Court necessarily implied that this holding applies to habeas Petitioners whose cases are final on Direct Review, i.e., that the holding applies retroactively. The state district court ruling without the benefit of an evidentiary hearing, rejected Mr. Temple's Claim based on unsupported procedural bars. But, based on *Lafler* and *Frye,* neither a trial free of constitutional flow not a voluntary and intelligent guilty plea wipes clean any deficient performance by defense counsel during plea-bargaining. Yet, Louisiana state district courts fail to adhere to their own standards and hold an evidentiary hearing. La.C.Cr.P. Art. 930.

The United States Supreme Court explicitly envisioned the possibility of an evidentiary hearing in the course of demonstrating a Claim of ineffective assistance of counsel during plea-bargaining. In *Lafler*, the Court noted that an evidentiary hearing may sometimes be required to show prejudice. See: 132 S.Ct. 1389.

In this situation, the Court may conduct an evidentiary hearing to determine whether the defendant (Mr. Temple) has shown a reasonable probability that but for counsel's errors he would have accepted the plea; and that the holdings in *Lafler* and *Cooper* retroactively apply.

According to the Record, Mr. Temple was guilty of the following offenses, for the reasons cited herein:

LSA-R.S. 34.7. Aggravated Second Degree Battery.

A. (1) Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.

LSA-R.S. 14:44.1. Second Degree Kidnapping

A. Second Degree Kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:

(3) Physically injured or sexually abused.

B. For the purpose of this Section, kidnapping is:

(3) The imprisoning or forcible secreting of any person.

Mr. Temple contends that Aggravated Second Degree Battery and Second Degree Kidnapping are crimes of "specific intent," and would be subjected to the provisions of R.S. 14:15, if proven by the defense. However, as must be noted, defense counsel failed to investigate into the possibility of any type of defense in this matter.

As noted in *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), "plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

To establish an inadequate assistance of counsel claim based on defense counsel's responsibilities during the plea process, the defendant must show that if his counsel had not made the error of which he complains (in this case failing to advise that he faced automatic life sentence if he pled guilty), there was a "reasonable probability" that he would have gone to trial rather than having pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also *Padilla v. Kentucky*, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); *Kovacs v. United States*, 744 F.3d 44, 51 (2d Cir. 2014). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra, 559 U.S. at 372, 130 S.Ct. 1473; *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).

A guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, to confront one's accusers, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, to present witnesses in one's defense, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, to remain silent, *Mallory v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and to be convicted by proof beyond all reasonable doubt, *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

Since *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)("A plea of guilty differs in purpose and effect from a mere admission or an extra judicial confession; it is itself a conviction...Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily **after proper advice** and with **full understanding of the consequences**.")(Emphasis added). On timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear, or inadvertence. *Id* at 224, 47 S.Ct. at 583. Mr. Temple avers that the guilty pleas were unfairly obtained and based upon wholly incorrect advice of counsel due to the fact of his illiteracy.

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A plea bargain must present favorable terms, otherwise, a defendant would never enter a plea because there would be no bargain. Mr. Temple avers that he had not been properly advised, and did not have **full understanding of the consequences.** Had Mr. Temple been properly advised, and had an understanding of the consequences, **he would not have pled guilty**. Mr. Temple avers that there is no reason for any defendant to plead guilty to a sixty year sentence (virtual "life" without the benefit of parole). Mr. Temple entered the pleas because Counsel failed to fully advise him of all of the consequences of such.

Mr. Temple submits that Defense Counsel was incompetent and grossly ineffective from the onset of the proceedings and thereafter. A claim of ineffective assistance of counsel is analyzed under the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" measured by "prevailing professional norms, and that counsel's "deficient performance prejudiced him." *Id* at 687, 104 S.Ct. 2052. The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. To establish the second prong, a defendant must show that the deficient performance prejudiced the defense to the extent that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id* at 694, 104 S.Ct. 2052.

In the context of a guilty plea, the prejudice prong of the test requires a showing "that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra; *Hernandez v. United States*, supra.

*Plea Bargaining*

In 2012, the U.S. Supreme Court decided two cases that specifically address the importance of effective assistance of counsel in plea negotiations. In *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the Court noted:

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea bargaining process.

In *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), the Court noted:

"plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

When a guilty plea is entered, it is defense counsel's **DUTY** to assist actually and substantially the defendant in deciding whether to plea guilty and to ascertain whether the plea is entered knowingly and voluntarily. Counsel must be familiar with the facts and the law in order to advise the defendant

meaningfully of the options available. This includes the responsibility of investigating potential defenses that the defendant can make INFORMED decision. Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992, 102 S.Ct. 73, L.Ed.2d 1288 (1982).

"The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. *State v. Godejohn*, 425 So.2d 750 (La. 1983). The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. Before accepting the plea, the trial court must inform the defendant of his right to trial by jury, the right of confrontation, and right against compulsory self incrimination. *Boykin v. Alabama*, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Smith*, 513 So.2d 544 (La. 2nd Cir. 1987). The defendant must also be informed of what the plea connotes and its consequences. "Consequences" include the permissible range of sentences. *Boykin v. Alabama*, supra, fn.7. *State ex rel. LaFleur v. Donnelly*, 416 So.2d 82 (La. 1982); *State v. Smith*, supra; *State v. Graham*, 513 So.2d 419 (La. App. 2nd Cir. 1987); *State v. Domangue*, 476 So.2d 986 (La. App. 1st Cir. 1985). When the record does not indicate that defendant was informed of the permissible range of sentences, his plea cannot be considered as voluntarily and intelligently made, and the conviction must be vacated. *State v. Young*, supra. *State v. Watts*, 550 So.2d 711, 712 (La. App. 2nd Cir. 1989).

"... If the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice." *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974).

*The Standards of Strickland and Cronic*

A claim of ineffective assistance of counsel is analyzed under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and in many cases, *United States v. Cronic*, 466 U.S. 648, 662 (1984). The difference between the ineffectiveness of counsel in cases governed by *Strickland* and those governed by *Cronic* is a difference in "kind" other than simply "degree" and the *Cronic* standard applies only if counsel's failure to test the prosecution's case is "complete." See *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002).

Three types of cases warrant *Cronic's* presumption of prejudice analysis. The first is the complete denial of counsel, in which the "accused is denied the presence of counsel 'at a critical stage'." *Bell*, 122 S.Ct. at 1851 (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039.) The second is when counsel "completely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039). The third is when counsel is placed in circumstances in which competent counsel very likely could not render assistance. **Mr. Temple submits that Trial Counsel failed to subject the State's case to any meaningful adversarial testing, and that failure was complete.** Therefore, Mr. Temple submits that the *Cronic* standard, where prejudice is presumed, *Id* at 658, should also have been applied to this case, and the Court's failure to apply the *Cronic* standard was contrary to established law and unreasonable.

Mr. Temple submits that appointed conflict counsel, Ernest Barrow III, is a licensed and experienced attorney, and presumed to know the law. Counsel was also fully informed of Mr. Temple's illiteracy prior to the commencement of the trial and ultimate plea bargain. It appears as if defense counsel was only contemplating, or hoping for, a plea bargain in this case.

Mr. Temple submits that based upon the facts and circumstances presented, this was akin to having no counsel at all. Trial Counsel "**completely failed**" to subject the prosecution's case to meaningful

adversarial testing. Counsel's failure was "complete" from the onset of the proceedings and thereafter. *United States v. Cronic*, 466 U.S. 648, 662 (1984).

Mr. Temple submits that he established that counsel was incompetent and the performance fell below an objective standard of reasonableness measured by prevailing professional norms meeting the two prongs of *Strickland* and the additional standards enunciated in *Padilla v. Kentucky*, supra, and *Hernandez v. United States*, supra. Mr. Temple further submits that he has met the standard enunciated in *United States v. Cronic*, supra.

Simply put, counsel in this matter relied solely on the facts as presented by the State. There was basically no investigation by defense counsel into the matter of any type of viable defense. The sad part of this matter is the fact that Mr. Temple's best defense was right there in the State's records in an abundance: **INTOXICATION**. Even during the guilty plea colloquy, Mr. Temple informed the Court that he was "drunk and had not realized what he had done."

After a review of the record and guilty plea colloquy, it appears that defense counsel took advantage of Mr. Temple's low educational level and low understanding of the law. Mr. Temple had informed his counsel that he had a sixth grade education, and that he had been Socially Promoted to that level by the school due to this learning disabilities. Mr. Temple had also informed counsel that his job was listed as "Cowboy" due to the fact that he had not even obtained a GED, and was unable to qualify for any other type of job.

WHEREFORE, for the above reasons, Mr. Temple respectfully request that after a fair and impartial review of the pleadings and Record, this Honorable Court conclude that Mr. Temple was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

## CLAIM NO. 2

**The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; *Boykin v. Alabama*.**

Mr. Temple contends that the Court abused its discretion with the acceptance of his guilty plea to the charges and of his guilty plea to the Habitual Offender Bill of Information.

In *Boykin v. Alabama*, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held on appeal of a criminal conviction that "It was error, plain on the face of the record; for the trial judge to accept Petitioner's guilty plea without an affirmative showing that it was intelligent and voluntarily." Rather, the trial court should "canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of it's consequences." Concerning the record of such a guilty plea on appeal, the court found that because a guilty plea constitutes a waiver of several constitutional rights, including the privilege against self incrimination, the right to trial by jury, and the right to confront one's accuser, the prosecution was required to "spread on the record the prerequisites of a valid waiver" of the rights.

Thus, the court held that it could not presume a voluntary and knowing waiver of these three rights "from a silent record" to insure an adequate record on review, the court stated: A trial court would be "best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy that the defendant understands the nature of the charge, his right to a trial by jury, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentence." *Boykin*, 395 U.S. at 244 n.7 89 S.Ct. at 1713, n.7 [quoting *Commonwealth Ex Rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968).

In an attempt to comply with *Boykin*, Louisiana Supreme Court held in *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (La. 1971); [A] Post Conviction proceeding, that a guilty plea

will be considered knowingly and voluntarily made only if the accused was informed of and made an [Articulated] waiver of his right to jury trial, his right to confront his accusers, and his privilege against self incrimination. See also, *State ex rel. Leblanc v. Henderson*, 261 La. 315, 259 So.2d 557 (La. 1972); *State v. Lewis*, 367 So.2d 1155 (La. 1979); and *State v. Holden*, 375 So.2d 1372 (La. 1979).

Mr. Temple states, his Due Process rights afforded to him by the Sixth and Fourteenth Amendments of the United States Constitution, the Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22, protects him in the process of a *Boykin* proceedings.

The record herein presented demonstrates that the guilty plea proceeding in this case is "error on the face of the record." and Due Process mandates that the guilty plea should be set aside as constitutionally infirm and should not be enhanced under LSA-R.S. 15:529.1.

The evidence herein presented to this court is a certified copy of the record that was used as evidence by the State of Louisiana to enhance Mr. Temple's sentence to life without benefit of parole. Note: Mr. Temple has made numerous request for the transcripts.

Mr. Temple contends, jurisdiction is proper before this court *State v. Galliano* 396 So.2d 1288 at 1289 (La. 1981) gives this court the authority to set aside a constitutionally infirm guilty plea; considering the state evidence, certified record, which is, now the same herein presented for the court to review.

The Record in this matter shows that Mr. Temple informed the Court that he had a sixth grade education; he suffered from alcoholism; that he did not remember the incident due to the fact that he was highly intoxicated at the time; that he had to have assistance in obtaining a driver's license; and that he listed his job as a "Cowboy."

Simply put, Mr. Temple contends the Court that with the circumstances as they are presented here, the Court could not have made a proper determination that this guilty plea was knowing and intelligent.

Mr. Temple was informed by Counsel during the break that, "You need to go ahead and plead guilty for a sixty year term because if the trial is completed, you're going to get a lot more time." Mr. Temple was informed to "Just inform the Judge that you understand; and say 'yes' to the questions when she asks you."

WHEREFORE, after a review of the Record and the argument above, this Honorable Court must make the determination that Mr. Temple's guilty plea was not willing and knowing in the context of the Law. This Court must make that determination and remand this matter for an evidentiary hearing in order to completely allow Mr. Temple to present evidence and testimony in support of his Claims of his constitutional violations.

## SUMMARY

It appears that Mr. Temple was taken advantage of due to his illiteracy and his inability to understand what was happening during the commencement of the trial. Mr. Temple has requested the transcript of the Voir Dire, Opening Statements, and the first State witnesses who had testified in the trial in order to make a proper determination as to whether his attorney's advice to plead guilty was in his best interest.

As noted above, Mr. Temple is relying on assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary, where he is currently housed. Although Mr. Temple is currently enrolled in school to learn how to read and write, he is still unable to understand the proceedings that occurred prior to his pleading guilty.

Mr. Temple has informed the Courts that he is illiterate and unable to understand what occurred during the proceedings prior to and during the course of his guilty plea colloquy. In order to obtain assistance from the Offender Counsel Substitutes at the Louisiana State Penitentiary[1], Mr. Temple has

---

1   Offender Counsel Substitutes are not licensed to practice law, but are merely assigned as Counsels in order to assist other Offenders with their pleadings.

been attempting to obtain the transcript from the jury selection and first two witnesses for the State. As of this date, Mr. Temple has been unable to obtain any of the requested documentation from his proceedings.

This case has an appearance of impropriety in the fact that Mr. Temple is illiterate and unable to viably understand exactly what had occurred on the date of August 12, 2015. Mr. Temple understands that he had picked a jury, two witnesses had been presented by the State. After that, he is unsure as to the events leading to him pleading guilty in this matter. In order to obtain assistance, he must be able to obtain the transcripts of the proceedings prior to him pleading guilty.

According to the guilty plea transcript that Mr. Temple received, the attorney specifically stated that he had conferred with Mr. Temple and his family prior to Mr. Temple changing his plea from not guilty to guilty. As there is no way to review the testimony of the State's first two witnesses, Mr. Temple is unable to properly build the foundation for his Claims on collateral review.

Mr. Temple has properly addressed the Issue of the guilty plea being voluntary and knowingly accepted. The Court had abused its discretion in the acceptance of such from Mr. Temple. After a review of the guilty plea colloquy, the Court failed to note that Mr. Temple had stated that his job was a "cowboy." The Court also failed to take into consideration that Mr. Temple had stated that he was unable to read and write. However, the Court stated that since he had passed his driver's license test, and had taken care of his own bills, Mr. Temple was adequately educated and able to make this decision without further inquiry from the Judge.

Mr. Temple has included a copy of the attorney's Statement in Support of Compensation and Expenses for the Courts to review. According to the Statement, Mr. Temple WAS NOT afforded proper representation as Mr. Barrow had informed the Public Defender's Office of his minute time he had allotted for the investigation of Mr. Temple's charges.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES OF MR. TEMPLE CONSIDERED:**

Petitioner, David Temple #562616, respectfully prays that this Honorable Court will accept his foregoing "Memorandum of Law in Support of Petition for Federal Habeas Corpus" and consider same in concert with his "Application for Federal Habeas Corpus" pursuant to *28 U.S.C.A. § 2254*. Mr. Temple, further prays that this Honorable Court, after due consideration of the law and the facts presented by Mr. Temple in these proceedings, that Mr. Temple is granted federal habeas corpus and that his underlying state conviction and sentence is vacated, and set aside.

Respectfully submitted,

David Temple, #562616
MPEY/Spruce-2
Louisiana State Penitentiary
Angola, Louisiana 70712

## CERTIFICATE OF SERVICE

I, 562616, hereby certify that a true and correct copy of the forgoing has been served upon the Respondent herein, through the Office of the District Attorney, Parish of St. Tammany, by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper, first-class postage pre-paid, this 12th day of February, 2018.

David Temple

# APPENDIX "A"

## RULING S.CT.
## PCR

# The Supreme Court of the State of Louisiana

STATE EX REL. DAVID SCOTT TEMPLE

NO.   2016-KH-1900

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  David Scott Temple; – Plaintiff; Applying For Supervisory
and/or Remedial Writs, Parish of St. Tammany,  22nd Judicial District
Court Div. H, No. 559028; to the Court of Appeal, First Circuit, No.
2016 KW 0713;

– – – – – –

January 12, 2018

Denied. See per curiam.

JDH

BJJ

JLW

GGG

MRC

SJC

JTG

Supreme Court of Louisiana
January 12,2018

**Deputy**   Clerk of Court
For the Court

# SUPREME COURT OF LOUISIANA

## No. 16-KH-1900

### STATE EX REL. DAVID SCOTT TEMPLE

v.

### STATE OF LOUISIANA

JAN 1 2 2018

### ON SUPERVISORY WRITS TO THE TWENTY-SECOND
### JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY



**PER CURIAM:**

Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to the remaining claim, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.

# APPENDIX "B"

## SUPERVISORY WRIT:
## S.CT. PCR

IN THE
LOUISIANA SUPREME COURT


STATE OF LOUISIANA,
(Respondent)

**VERSUS**

DAVID SCOTT TEMPLE,
(Petitioner)

---

# APPLICATION FOR WRIT OF CERTIORARI OR REVIEW

---

On Application to the First Circuit Court of Appeal, No. 2016-KW-0713; 22nd Judicial District Court, Parish of St. Tammany, No. 559028, Hon. Allison H. Penzato, Judge; Denial of Application for Post-Conviction Relief.


Respectfully submitted this 5th day of October, 2016.


DAVID SCOTT TEMPLE, #562616
MPEY/SPRUCE-3
LA. STATE PENITENTIARY
ANGOLA, LA 70712


## CRIMINAL PROCEEDING


**PREPARED BY:**
David Constance #304560 Offender Counsel Substitute III
Main Prison Legal Aid Office
Cell Block Litigation Team
La. State Penitentiary
Angola, LA 70712

## COURT RULES

### APPENDIX C. SUPREME COURT OF LOUISIANA
### WRIT APPLICATION FILING SHEET

No._____

### TO BE COMPLETED BY COUNSEL
### or PRO SE LITIGANT FILING APPLICATION

TITLE

Applicant: <u>David Scott Temple</u>
Have there been any other filing in this
Court in this matter? □ Yes X No

STATE OF LOUISIANA

Are you seeking a Stay Order? X No

VS.

Priority Treatment? X No
If so you MUST complete & attach a

DAVID SCOTT TEMPLE

Priority Form

### LEAD COUNSEL PRO SE LITIGANT INFORMATION

APPLICANT:
Name: <u>David Scott Temple, #562616</u>
Address: <u>MPEY/Spruce-3</u>
La. State Penitentiary, Angola, LA 70712-9818
Phone: <u>N/A</u>  Bar Roll No. <u>N/A</u>
Pleading being filed: X In Proper Person,

RESPONDENT:
Name: <u>Warren Montgomery</u>
Address: <u>701 N. Columbia Street</u>
<u>Covington, LA 70433</u>
Phone: <u>Unknown</u>____ Bar Roll No. <u>Unknown</u>
X In Forma Pauperis

Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties they represent.

### TYPE OF PLEADING

□ Civil, X Criminal, □ Bar, □ Civil Juvenile, □ Criminal Juvenile, □ Other

### ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court:_____  Docket No.
Judge/Commission/Hearing Officer:_____  Ruling Date:

### DISTRICT COURT INFORMATION

Parish and Judicial District Court: <u>St. Tammany; 22nd JDC</u>  Docket Number: <u>No. 559028</u>
Judge and Section: <u>Hon. Allison H. Penzato</u> Date of Ruling/Judgment: <u>May 10, 2016</u>

### APPELLATE COURT INFORMATION

Circuit: <u>1st COA</u> Filing Date: <u>May 26, 2016</u> Docket Number: <u>No. 2016-KW-0713</u>
Applicant in Appellate Court: <u>David Scott Temple</u> Ruling Date: <u>September 22, 2016</u>
Panel of Judges: <u>Whipple, C.J., Guidry, and McClendon</u> En Banc: □

### REHEARING INFORMATION

Applicant:_____  Date Filed:_____ Action on Rehearing:
Ruling Date:_____ Panel of Judges:_____  En Banc:
□

### PRESENT STATUS

□ Pre-Trial, Hearing/Trial Scheduled Date:_____, □ Trial in Progress,  Post Trial
Is there a stay now in effect? _____ Has this pleading been filed simultaneously in any other court?
If so, explain briefly

### VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are attached to this filing. I further certify that a copy of this application has been mailed or delivered to the appropriate court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other counsel and unrepresented parties.

_____
DATE

_____
SIGNATURE

## TABLE OF CONTENTS:

TABLE OF AUTHORITIES..................................................................................................ii

REASONS FOR GRANTING THE WRIT.........................................................................1

    Ineffective assistance of trial counsel...........................................................................1

    Acceptance of Guilty Plea:............................................................................................2

ISSUES AND QUESTIONS OF LAW PRESENTED.........................................................4

JURISDICTION...................................................................................................................4

NOTICE OF PRO-SE FILING...........................................................................................4

STATEMENT OF THE CASE.............................................................................................4

STATEMENT OF THE FACTS...........................................................................................5

UNAVAILABILITY OF TRIAL RECORDS......................................................................5

ARGUMENT I......................................................................................................................6

    **Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of Strickland v. Washington; Sixth and Fourteenth Amendments to the U.S. Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.....................................................................................................................6**

    **Plea Bargaining.........................................................................................................17**

    **The Standards of Strickland and Cronic................................................................18**

CLAIM NO. 2.....................................................................................................................20

    **The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; Boykin v. Alabama................................20**

SUMMARY.........................................................................................................................22

CONCLUSION AND PRAYER.........................................................................................23

CERTIFICATE OF SERVICE............................................................................................23

VERIFICATION.................................................................................................................23

### APPENDIX:

Application for Post-Conviction Relief, w/Memorandum in Support and attachments    A
District Court's May 10, 2016 Ruling    B
Circuit Court Writ Application    C
Circuit Court's September 22, 2016 Ruling    D

### EXHIBITS:

"A"    Statement in Support of Compensation and Expenses.

"B"    St. Tammany Parish Sheriff's Office Judicial Risk Assessment Form.

"C"    Guilty plea colloquy.

## TABLE OF AUTHORITIES:

## U.S. CONSTITUTION:

Fifth, Sixth and Fourteenth Amendment rights to the United States Constitution......................................2

Sixth Amendment to the United States Constitution.................................................7, 8, 9, 15, 17, 20

Sixth and Fourteenth Amendments of the United States Constitution.................................9, 14, 20, 21

## FEDERAL CASES:

Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)....................7

Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002)..........................................18

Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)..............................16, 17

Blake v. Zant, 513 F. Supp. 772 (S.D.Ga. 1981).....................................................................................9

Boykin v. Alabama, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).......................................18, 20

Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)................................................................18

Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)..............................17

Burley v. Cabana, 818 F.2d 414, 417 (5th Cir. 1987).............................................................................14

Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968).......................................................................................11

Cullen v. Pinholster, 131 S.Ct. 1388................................................................................................8

Cuyler v. Sullivan, 446 U.S. 335, 343, 100 S. Ct. 1708, 64 L.Ed.2d 333 (1980).................................2

Deutscher v. Angelone, 16 F.3d 981 (9th Cir. 1994)..............................................................................14

Deutscher v. Whitley, 884 F.2d 1152 (9th Cir. 1989).........................................................................9, 14

Douglas v. Wainwright, 714 F.2d 1532 (11th Cir. 1983)........................................................................10

Duckworth v. Dillon, 751 F.2d 895 (7th Cir. 1984)..................................................................................9

Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491......................................................16

Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985)........................11

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)......................................7, 10

Goodwin v. Balkcom, 684 F.2d 794 (11th Cir. 1982).........................................................................9, 10

Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)....................................................4

Harich v. Wainwright, 813 F.2d 1082 (11th Cir. 1987)..........................................................................14

Henderson v. Morgan, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)..................................................................3

Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015)........................................................16

Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974).............................................................................18

Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)......................................9, 15, 17

House v. Balkcom, 725 F.2d 608 (11th Cir. 1984)..................................................................................10

In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368..................................................................16

Johnson v. Estelle, 704 F.2d 232 (5th Cir. 1983)..................................................................................11

Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)....................................................7

Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)....................................16

Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986)....................10

King v. Strickland, 714 F.2d 1481, 1490 (11th Cir. 1983).......................................................................11

Kovacs v. United States, 744 F.3d 44, 51 (2d Cir. 2014).......................................................................16

Lafler v. Cooper, 132 S.Ct. 1376...............................................................................................2, 7, 17

.

Mallory v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653...................................................16

Martin v. Maggio, 711 F.2d 1273 (1983)..................................................................................14

McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, (1970)..........................9

Missouri v. Frye, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012)..........................2, 7, 15, 17

Murray v. Carrier, 477 U.S. 478, 496 (1986)...........................................................................14

Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985)............................................................11

Padilla v. Kentucky, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)...................15

Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.............................................16

Porter v. Wainwright, 805 F.2d 930, 933 (11th Cir. 1986).......................................................10

Premo v. Moore, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011)...........................17

Santobello v. New York, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).........16, 17

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)..........7, 10, 11, 16, 18

Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)...........................2

Tyler v. Kemp, 755 F.2d 741 (11th Cir. 1985)..........................................................................10

U.S. v. Cronic, 466 U.S., at 659............................................................................................8

U.S. v. Gray, 878 F.2d 702....................................................................................................8

U.S. v. Kenyon, 481 F.3d 1054 (C.A. 8 (S.D.) 2007)................................................................14

U.S. v. Robertson, 606 F.3d 943 (C.A. 8 (N.D.) 2010).............................................................13

United States v. Cronic, 466 U.S. 648, 662 (1984)..............................................................18, 19

United States v. Otero, 848 F.2d 835, 837, 839 (7th Cir. 1988).................................................9

Wade v. Armontrout, 798 F.2d 304 (8th Cir. 1986...................................................................10

Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019.........................................16

Windom v. Cook, 423 F.2d 721 (5th Cir. 1970)........................................................................11

## LA. CONSTITUTION:

Article 5, § 5 of the Louisiana Constitution of 1974..................................................................4

Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22...........................................21

## STATUTIORY PROVISIONS:

18 U.S.C.A. §§ 1153, >2241 (c), >2246 (2)(A, B, D).................................................................14
La.C.Cr.P. Art. 930..............................................................................................................15
LSA-R.S. 14:10...................................................................................................................13
LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445....................................................................13
LSA-R.S. 14:15...................................................................................................................12
LSA-R.S. 14:15 (2)..............................................................................................................12
LSA-R.S. 14:44.1................................................................................................................15
LSA-R.S. 15:529.1..............................................................................................................21
LSA-R.S. 34.7....................................................................................................................15
R.S. 14:15.....................................................................................................................12, 15

## STATE CASES:

Commonwealth Ex Rel. West v. Rundle, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968)...................20

Commonwealth v. Grassmyer, 402 A.2d 1052, 1054 (Pa. 1979)...............................................14

Frett v. State, 378 S.E.2d 249, 251 (S.C. 1988)......................................................................10

People v. LaBree, 34 N.Y.2d 257, 313 N.E.2d 730 (1974).......................................................11

Presley v. State, 388 So.2d 1385 (Fla. DCA2 1980)................................................................14

State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La. 1971)................................20

State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La. 1982)................................................18

State ex rel. Leblanc v. Henderson, 261 La. 315, 259 So.2d 557 (La. 1972)........................21

State v. Dardar, 353 So.2d 713 (La. 1977)....................................................................13

State v. Domangue, 476 So.2d 986 (La. App. 1st Cir. 1985)..............................................18

State v. Egana, 771 So.2d 638 (La. 2000)........................................................................4

State v. Fuller, 454 So.2d 119 (La. 1984).......................................................................10

State v. Galliano 396 So.2d 1288 at 1289 (La. 1981).......................................................21

State v. Godejohn, 425 So.2d 750 (La. 1983)..................................................................18

State v. Graham, 513 So.2d 419 (La. App. 2nd Cir. 1987)................................................18

State v. Harvey, 692 S.W.2d 290 (Mo. 1985)...................................................................9

State v. Holden, 375 So.2d 1372 (La. 1979)...................................................................21

State v. Lewis, 367 So.2d 1155 (La. 1979).....................................................................21

State v. Moak, 387 So.2d 1108 (La. 1980)........................................................................4

State v. Smith, 513 So.2d 544 (La. 2nd Cir. 1987)...........................................................18

State v. Sparrow, 612 So.2d 191, 199 (La. App. 4th Cir. 1992).........................................10

State v. Watts, 550 So.2d 711, 712 (La. App. 2nd Cir. 1989)............................................18

## REASONS FOR GRANTING THE WRIT

In accordance with this Court's *Rule X, § 1*, Petitioner presents for his reasons for granting this writ application that:

The decision of a court of appeal conflicts with a decision of another court of appeal, this Court, or the Supreme Court of the United States, on the same legal issue.

A court of appeal has erroneously interpreted or applied the constitution or law of this state or the United States and the decision will cause material injustice or significantly affect the public interest.

The court of appeal has so far departed from proper judicial proceedings or so abused its powers, or sanctioned such a departure or abuse by a lower court, as to call for an exercise of this court's supervisory authority.

The 22nd Judicial District Court and the Louisiana First Circuit Court of Appeals have abused their discretion in denying Mr. Temple's pleading without the benefit of an evidentiary hearing in order to produce testimony as to the validity of his claims of constitutional violations which, if proven, would mandate the Courts to grant relief.

It appears that the Courts have erroneously determined that Mr. Temple was attempting to have the Courts make a determination of <u>sanity</u> or <u>competency</u> in these proceedings. Mr. Temple is unable to determine why the Court has taken this course, as Mr. Temple has not cited anything which would reflect that he made such a request.

Mr. Temple was, and is still, arguing that the guilty plea was not knowingly and intelligently made at the time. Mr. Temple's actions at this time is not due to "shoppers remorse," but due to the fact that he has learned (after obtaining the attorney file) that his attorney had failed to complete any investigation or interviews in order to make a determination of which defense would suffice for Mr. Temple.

### *Ineffective assistance of trial counsel:*

Mr. Temple was denied effective assistance of counsel during the course of the proceedings and the trial. The Courts have abused their discretion in failing to consider the merits of the Claims; and Exhibits which proved that trial counsel failed to adequately investigate and represent him. Counsel's unprofessional errors prejudiced Mr. Temple, and the outcome of these proceedings are not reliable.

According to the limited documentation that Mr. Temple was able to obtain from the Public Defender's Office of the 22nd Judicial District Court, there was evidence of a possible "intoxication" defense to the crime charged. As these charges (Aggravated Second Degree Battery and Second Degree

Kidnapping) are "Specific Intent" charges, an "intoxication" defense may be instated for mitigation.

Furthermore, Mr. Terry had included a copy of the 22nd Judicial District Court Public Defender's Statement in Support of Compensation and Expenses of Appointed Counsel. In this particular statement, Mr. Barrow stated that he had completed a total of 16.5 hours of work on this case, which included the 10.5 hours for the trial proceedings (See: Statement, Exhibit "A").

Also, in the attorney file, Mr. Temple has determined that the investigation by the State shows a record replete with evidence of alcoholism, or drunkenness at the time of the alleged incident on the part of both Mr. Temple and the alleged victim.

The United States Supreme Court has recently made two pertinent rulings concerning ineffective assistance of counsel on guilty pleas. In *Lafler v. Cooper*, 132 S.Ct. 1376 (3/21/12); and, *Missouri v. Frye*, 132 S.Ct. 1399 (3/21/12), the United States Supreme Court held that a defendant is guaranteed effective assistance of counsel during the course of a guilty plea. However, in this case, Mr. Temple was not afforded effective counsel during the guilty plea.

Question: Does a defendant still has an equal protection claim if he pleas guilty? Possibly. He has to raised ineffective assistance of counsel. But should also raise the claim straight out.

A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant pleas guilty, he cannot thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. The defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was outside the "range of competence demanded of attorneys in criminal case." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

A guilty plea is open to attack on the ground that counsel did not provide the defendant with "reasonable competent advice." *Cuyler v. Sullivan*, 446 U.S. 335, 343, 100 S. Ct. 1708, 64 L.Ed.2d 333 (1980).

WHEREFORE, for these reasons, and the reasons stated in the Original PCR, Mr. Temple contends that he must be granted relief in this matter. In the alternative, Mr. Temple should be afforded the opportunity to obtain the remainder of his trial transcript in order to review for violations of his Fifth, Sixth and Fourteenth Amendment rights to the United States Constitution.

*Acceptance of Guilty Plea:*

Mr. Temple contends that the district court abused its discretion in the acceptance of the plea of guilty as "knowing the intelligent," for a sentence of 60 years at hard labor. It must be noted that the

jury had been selected and the State had submitted the testimony of two witnesses prior to the plea of guilty.

In order to justify the district court's determination of a "knowing and intelligent" waiver of rights, Mr. Temple has requested that he be allowed to review the Voir Dire and the testimony of the two State witnesses which were presented prior to the acceptance of the guilty plea.

Mere recitation of rights waived by a defendant pleading guilty does not always insure intelligent and voluntary nature of the plea. While it is preferable for trial judge to conduct a colloquy with the defendant to ascertain the validity of the guilty plea, such colloquy may not be indispensable, as long as the record contain some other affirmative showing to support the plea. *State v. Halsell*, 403 So.2d 688 (La. 1981). *Id.* At 690.

A guilty plea may be involuntary either because the record does not show the accused understands the nature of the constitutional protection he is waiving, or the accused has an incomplete understanding of the charge. Under such circumstances the plea cannot stand as an intelligent admission of guilt. *Henderson v. Morgan*, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

Mr. Terry had informed the Court during the course of the guilty plea that he was illiterate and that he had obtained his driver's license during an oral examination due to the fact that he was unable to read and write. Mr. Terry also informed the Court that he paid his bills with cash after cashing his check. Mr. Terry also informed the Court that his profession was being a "cowboy."

However, the Court has completely misconstrued the colloquy as "knowing" and "intelligent," stating that Mr. Terry had a profession, handled his own checking account, and was able to obtain a driver's license unassisted.

Mr. Terry also informed the Court that he had not even completed the sixth grade in school. That, in itself, should have raised "red flags" in considering whether or not the guilty plea was "knowing" or even "intelligent" on the part of Mr. Terry. It appears that there were no special attention in actually explaining anything to Mr. Terry on the Record.

WHEREFORE, as Mr. Temple has shown this Honorable Court that his guilty plea was neither "knowingly" or "intelligently" made, he is requesting that this Honorable Court invoke its Supervisory Authority of Jurisdiction over the lower courts of this state, and grant him any relief deemed just in this matter.

## ISSUES AND QUESTIONS OF LAW PRESENTED

1. WHETHER MR. TEMPLE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO INVESTIGATE AND PREPARE A VIABLE DEFENSE, IN VIOLATION OF *STRICKLAND v. WASHINGTON*; SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; AND, LOUISIANA CONSTITUTION OF 1974, ARTICLE I, §§ 2, 13, 16, AND 19.

2. WHETHER THE COURT ABUSED ITS DISCRETION IN ACCEPTING THE GUILTY PLEAS FROM MR. TEMPLE AS WILLING AND KNOWING. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; LOUISIANA CONSTITUTION OF 1974, ARTICLE I §§ 2, 3, 13, 16, AND 19; *BOYKIN v. ALABAMA*.

## JURISDICTION

The Louisiana Supreme Court has supervisory jurisdiction over this proceeding pursuant to **Article 5, § 5 of the Louisiana Constitution of 1974**, as amended.

## NOTICE OF PRO-SE FILING

Mr. Temple requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *State v. Meek*, 387 So.2d 1108 (La. 1980)(Pro-se petitioner not held to same stringent standards as a trained lawyer); *State v. Egana*, 771 So.2d 638 (La. 2000)(less stringent standards than formal pleadings filed by lawyers). Mr. Temple is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

## STATEMENT OF THE CASE

As Mr. Temple has virtually no record other than the guilty plea colloquy from August 12, 2015 for one Count of Aggravated Second Degree Battery and one Count of Second Degree Kidnapping.

According to Mr. Temple, trial had commenced on August 12, 2015, with the State presenting two (2) witnesses prior to the lunch break, but after selection of the jury. After the break, defense counsel informed the Court that Mr. Temple wished to withdraw his previous plea of not guilty and enter a plea of guilty. Defense counsel also informed the Court that after a discussion with Mr. Temple, the State, and Mr. Temple's parents, Mr. Temple was now ready to plead guilty to the charges, with a multiple bill enhancement for Second Felony Offender for a sixty (60) year sentence.

During the guilty plea colloquy, Mr. Temple informed the Court that he had a sixth grade education, he was an alcoholic, he had assistance obtaining his driver's license, and that his occupation was a "cowboy."

On November 24, 2015, Mr. Temple filed into the 22nd Judicial District Court, a Motion for Production of Documents in an attempt to obtain his *Boykin* transcript from his guilty plea. However,

on December 3, 2015, the Honorable Allison H. Penzato, denied the motion stating, "No particularized need has been shown for production of the trial transcript."

On December 21, 2015, Mr. Temple filed an Application for Post-Conviction Relief for an Out-of-Time Appeal, only to be sent the *Boykin* transcripts from August 12, 2015, with no Answer from the PCR Application concerning his Appeal.

On March 30, 2016, Mr. Temple filed an Application for Post-Conviction Relief and Motion for Production of Documents Under Particularized Need. On May 10, 2016, the district court denied him relief with written reasons. On May 23, 2016, Mr. Temple timely filed his Notice of Intent to Seek Writs to the district court.

On May 26, 2016, Mr. Temple filed for Supervisory Writs to the Louisiana First Circuit Court of Appeals. On September 22, 2016, the Court of Appeals denied relief. This timely Supervisory Writ now follows:

## STATEMENT OF THE FACTS

As there is no Record or transcript from the Court, a Statement of Facts is not possible for the writer of this. However, this is a request for a collateral review from guilty pleas by Mr. David Scott Temple that occurred on August 12, 2015. The writer of this is relying solely on the guilty plea transcript that Mr. Temple was able to obtain from the Court, the attorney's file, and Mr. Temple's *"Recalled Memory"* of the proceedings.

Mr. Temple appeared before the 22nd Judicial District Court on August 12, 2015 for trial proceedings. After the jury was selection and two State witnesses testified, Mr. Temple withdrew his former plea of not guilty and plead guilty.

The 22nd Judicial District Court and the Louisiana First Circuit Court of Appeals abused their discretion in denying Mr. Temple the right to obtain the remainder of the transcript of his proceedings after Mr. Temple has properly requested such. It appears to be some unethical reason for the Courts to deny the Record to Mr. Temple.

## UNAVAILABILITY OF TRIAL RECORDS

Mr. Temple has been unable to obtain the trial record in this matter and has been attempting to perfect his Application for Post-Conviction Relief solely from memory. After due consideration, Mr. Temple prays that this Honorable Court will grant him a copy of the record; or in the alternative, loan him a copy of the record for the purpose of further perfecting his application in order to protect his rights and to fully and fairly present all his claims before the Court so that it may make a just ruling in

the cause.

Mr. Temple has never been afforded the opportunity to review the Record of the Court, except the guilty plea colloquy, due to the fact that he has plead guilty in this matter. Mr. Temple has attempted to obtain the Record through a Public Records Request, a Motion for Production of Guilty Plea Transcript, and an Application for Post-Conviction Relief for Out-of-Time Appeal. However, after due diligence on his part, Mr. Temple has been denied the transcript of the jury selection and the State's first two witnesses.

Mr. Temple had properly filed a Motion for Production of Documents at the time of the filing of the Application for Post-Conviction Relief into the district court. However, Mr. Temple has been denied the right to obtain the Record in order meet his burden of proof.

Mr. Temple has attempted to acquire assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary. However, without the Record, Counsel Substitute is unable to assist Mr. Temple until the Court allows him a copy of such.

The definition of a Counsel substitute is, "Persons not admitted to the practice of law, but Offenders who aid and assist, without cost, an accused Offender in the preparation and presentation of his defense and/or appeal. Counsel Substitutes are only those Offenders appointed by the Warden or designee." Each Counsel Substitute is provided with or has participated in training appropriate to his assignment prior to assuming his duties. In other words, Counsel Substitutes are provided training in order to assist other Offenders with their legal pleadings. However, if the Counsel Substitute does not have access to the Record, the Offender cannot receive proper assistance. Department Regulation No. B-05-004.

## ARGUMENT I

**Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of *Strickland v. Washington*; Sixth and Fourteenth Amendments to the U.S. Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.**

<u>NOTE</u>: Mr. Temple is preparing this solely from his memory, the attorney file and the guilty plea colloquy he has recently obtained. As Mr. Temple is unable to read and write, he is obtaining assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary. It must also be noted that Mr. Temple has been unable to obtain the transcript from the start of his trial. After jury selection and testimony of two State witnesses, Mr. Temple withdrew his not guilty plea and entered a plea of guilty to the charges. Additionally, Mr. Temple subsequently plead guilty to the Habitual Offender Bill of Information with the understanding that he would receive a sixty (60) year sentence, to be served at hard labor with the Louisiana Department of Public Safety and Corrections.

Mr. Temple contends that he was denied the right to effective assistance of counsel during these proceedings. Due to counsel's ineffectiveness, Mr. Temple was virtually forced to plead guilty to the charges as counsel had failed to interview witnesses, investigate the allegations, or prepare a defense before the commencement of trial.

It must be noted that Mr. Temple had withdrawn his not guilty plea after the commencement of the trial in this matter. The jury had been selected and the State had presented two witnesses prior to Mr. Temple's decision to withdraw his not guilty verdict. At this time, Mr. Temple does not have the transcript of the jury selection, or the testimony presented by the State's witnesses, and is unable to remember verbatim the gist of the testimony. Mr. Temple has diligently attempted to obtain this transcript through the Court.

The Sixth Amendment to the United States Constitution guarantees those accused of crimes to have the assistance of counsel for their defense. U.S. Const. Amend. VI. The purpose of this Sixth Amendment right to counsel is to protect the fundamental right to a fair trial. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The skill and knowledge counsel is intended to afford a Defendant "ample opportunity to meet the case of the prosecution." *Strickland*, 466 U.S. at 685 (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 276, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

Mr. Temple contends that he was denied effective assistance of counsel during the plea bargain process. *Lafler v. Cooper*, 132 S.Ct. 1376, and *Missouri v. Frye*, 132 S.Ct. 1399. Issue No. 1 follow to wit:

In both *Cooper* and *Frye*, the United States Supreme Court settled a long standing conflict of law. Does the *Strickland* standard of effective assistance of counsel extend to the guilty plea where counsel provided erroneous advice?

The High Court maintained that there **is not** a constitutional right to a guilty plea [however], once a plea bargain is introduced, then the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution is upheld. Furthermore, the Supreme Court ruled that the "right to effective assistance of counsel applies to [all] critical stages of the criminal proceedings." *Frye, Cullen v. Pinholster*, 131 S.Ct. 1388.

To prevail on an ineffective assistance of counsel Claim, the performance prong of *Strickland v. Washington*, supra, requiring a defendant to show "that counsel's representation fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. 2052. To establish *Strickland* prejudice, a defendant must show that there is a reasonable probability that for counsel's unprofessional error, the result of the proceeding would have been different. *Id.*, at 694, 104 S.Ct. 2052. "In context of a plea, a defendant must show the outcome of the plea process would have been different with competent advice." *Frye*, *ante*, at 1388-1389, 132 S.Ct. 1399 (noting that *Strickland*'s inquiry as applied to advice with respect to plea bargain turns on whether the result of the proceedings would have been different. *Strickland*, at 694).

Mr. Temple contends that trial counsel was not prepared for trial, nor had counsel prepared Mr. Temple for trial, misled trial court in that he prepared Mr. Temple for trial. Counsel never discussed the case with Mr. Temple. In fact it appears that defense counsel subpoenaed no witnesses for the trial.

Mr. Temple contends that he was unskilled to make such determinations [especially] the very morning of a trial. Had counsel advocated, or been prepared to advocate for Mr. Temple, then he would have been prepared to test the prosecution's case and Mr. Temple would have insisted upon proceeding to trial; opposed to yielding to the advice of attorney that he needed to plead guilty to the charges and the Multiple Offender Bill of Information for a sentence of sixty (60) years.

Courts throughout Louisiana, including both Federal and United States Supreme Court have routinely upheld the fact that in order for practicing attorney to be rendered effective, he/she must at the very least conduct a minimum investigation.

This argument is supported by *U.S. v. Gray*, 878 F.2d 702:

"Thus, the Court of Appeals, we are in agreement that failure to conduct an investigation generally constitute a clear instance of ineffectiveness."

Mr. Temple contends that counsel was so ineffective that he sat idly by while the prosecutor led his client (Mr. Temple) to the henchmen without so much as uttering a word.

Quoting *U.S. v. Cronic*, 466 U.S., at 659:

"If counsel entirely fail to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights, that make the adversarial process itself

presumptively unreliable." (See: *Boykin* transcript, p. 5, lines 7-32).

Mr. Temple contends that counsel failed to adequately advise him of his constitutional rights, Sixth Amendment, to face and/or confront/cross-examine his accusers. Had Mr. Temple understood that he had such a right, it would be at the very least questionable (if not ridiculous), Mr. Temple would have insisted on going to trial.

In *Hill v. Lockhart*, 474 U.S. 52, 88 L.Ed.2d 203, Judge White offered:

> "If it is necessary, in my view, to focus on the 'plea statement' signed by Petitioner. The statement is a standardized form to be completed by defense counsel, in consultation with his client and submitted to the court for consideration. The form calls for specific information [the insertion] in the opposite spaces."

Mr. Temple contends that the bedrock that the whole judicial framework rest on is hinged on the Sixth and Fourteenth Amendment rights to Confrontation and Due Process. If any counsel neglects such a right as fundamental, they cannot possibly render effective assistance of counsel.

Acknowledging the extreme importance of this right, the United States Supreme Court has held: "That a person who happens to be a lawyer is present at trial alongside the accused ... is not enough to satisfy the constitutional command." The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. *Strickland v. Washington*, 466 U.S. at 685.

Thus, the Courts have recognized that "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 (1970).

In *State v. Myles*, 389 So.2d 12, 28-31 (La. 1980), the Supreme Court of Louisiana found ineffective assistance of counsel on the face of the appellate record under circumstances very similar to this case. Trial counsel rested without additional evidence, failed to object to inadmissible evidence, and failed to object to erroneous instructions. *Id.* at 28-29. See also: *United States v. Otero*, 848 F.2d 835, 837, 839 (7th Cir. 1988); *Deutscher v. Whitley*, 884 F.2d 1152, 1162 (9th Cir. 1989); *Duckworth v. Dillon*, 751 F.2d 895 (7th Cir. 1984); *Goodwin v. Balkcom*, 684 F.2d 794 (11th Cir. 1982)(ineffective assistance found where counsel failed to: (1) investigate; (2) raise a challenge to the petit jury selection system; (3) raise illegality of the arrest; (4) interview crucial witnesses; and (5) object to an improper *Witherspoon* excusal; *Blake v. Zant*, 513 F. Supp. 772 (S.D.Ga. 1981)(ineffective counsel in capital cases; standards applied with particular care; showing of prejudice not always required); *State v.*

*Harvey*, 692 S.W.2d 290 (Mo. 1985)(counsel's non-participation at the trial without the client's express consent is ineffective assistance of counsel).

While a defendant must ordinarily show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary. *Frett v. State*, 378 S.E.2d 249, 251 (S.C. 1988)(citing *House v. Balkcom*, 725 F.2d 608 (11th Cir. 1984)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

A defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test of *Strickland v. Washington*, supra; *State v. Fuller*, 454 So.2d 119 (La. 1984). The defendant must show that: (1) counsel's performance was deficient; and (2) that the deficiency prejudiced the defendant. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La. App. 4th Cir. 1992).

"At the heart of effective representation is the independent duty to investigate and prepare." *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir. 1982); accord *Porter v. Wainwright*, 805 F.2d 930, 933 (11th Cir. 1986); *Tyler v. Kemp*, 755 F.2d 741 (11th Cir. 1985); *Douglas v. Wainwright*, 714 F.2d 1532 (11th Cir. 1983), *vacated*, 104 S.Ct. 3575, 82 L.Ed.2d 874 (1984), *adhered to*, 739 F.2d 531 (1984). As the Court held in *Wade v. Armontrout*, 798 F.2d 304 (8th Cir. 1986): Investigation is an essential component of the adversary process. "Because [the adversarial] testing process generally will not function properly unless counsel has done some investigation into the prosecution's case and into various defense strategies ... 'counsel has a duty to make reasonable investigations . . .'" *Id.* at 307 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)).

However, the mere presence of an attorney does not satisfy the constitutional guarantee of counsel.

As the Supreme Court has often noted, an accused is entitled to representation by an attorney, whether retained or appointed. "Who plays the role necessary to ensure that the trial is fair." *Morrison*, 477 U.S. at 377, 106 S.Ct. at 2584, quoting *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 274 (1984). "In other words, the right to counsel is the right to effective assistance of counsel, citing *Evitts v. Lucey*, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985).

The State had provided "Open File Discovery" to counsel. The attorney file was complete concerning the pictures, interviews, and other evidence. However, there was <u>NO</u> further investigation on the part of the defense attorney. Everything contained in the attorney file came from the District Attorney's Office through discovery. It appears that defense counsel in this matter simply relied on the State's investigation.

Defense counsel "did not <u>chose</u> strategically or otherwise, to pursue one line of defense over another. Instead, he simply abdicated his responsibility to advocate his client's cause." *Nealy v. Cabana*, 764 F.2d 1173, 1178 (5th Cir. 1985)(emphasis in original); see also: *King v. Strickland*, 714 F.2d 1481, 1490 (11th Cir. 1983), *vacated*, 104 S.Ct. 3575, 81 L.Ed.2d 358 (1984), *adhered to*, 748 F.2d 1462 (1984)(counsel ineffective where some mitigating evidence presented, but lack of preparation of other evidence); *Johnson v. Estelle*, 704 F.2d 232 (5th Cir. 1983)(failure to investigate sanity defense); *Windom v. Cook*, 423 F.2d 721 (5th Cir. 1970)(effective representation includes counsel's familiarity with the case and proper investigation); *Coles v. Peyton*, 389 F.2d 224 (4th Cir. 1968)(no investigation or prosecutrix's character or search for potential witnesses); *People v. LaBree*, 34 N.Y.2d 257, 313 N.E.2d 730 (1974)(lack of preparation rendered trial "farce and mockery").

In support of Mr. Temple's Claim of counsel's failure to prepare or investigate, Mr. Barrow had prepared a 22nd Judicial District Court Public Defender Office Statement in Support of Compensation and Expenses of Appointed Counsel. In this Report, Mr. Barrow states that he performed the following services:

| Under No. 1; | | |
|---|---|---|
| 7/06/15 | Attended pretrial w/ client | 1.0 hours |
| 5/27/15 | Attended pretrial w/o client | 0.5 hours |
| Under No. 2; | | |
| 8/6/15 | Review of discovery for trial; telephone conference w/ ADA | 1.75 hours |
| 8/6/15 | Meeting with client in jail | 1.25 hours |
| 6/4/15 | Received and reviewed file from PDO | 1.5 hours |
| Under No. 3; | | |
| 8/10 | Picked jury | 5.0 hours |
| 8/12 | Motions (404B); Opening statements, 2 witnesses Guilty plea and sentencing | 5.5 hours |

(See: Statement in Support of Compensation and Expenses)

According to Mr. Barrow's own Statement in Support returned to the Public Defender's Office, Mr. Barrow stated that he only reviewed or investigated this matter for a total of **4.5** hours in preparation for trial. Mr. Barrow further stated that he had interviewed Mr. Temple for **1.25** hours in the jail, a mere four (4) days prior to picking the jury for trial. There is no record of any other interview with Mr. Temple noted by Mr. Barrow. Furthermore, Mr. Barrow stipulates that he spent a total of **16.5** hours on this case, which included the **10.5** hours for the trial proceedings (See: 8/10 and 8/12).

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for a intoxication defense.

Mr. Temple contends that the counsel failed to investigate any viable defense that could be presented during the course of the trial. According to Mr. Temple's lay memory, the only time that counsel discussed the pending trial with him was a few days before the commencement of trial. At that time, the only discussion Mr. Temple can recall between him and his counsel was, "What size clothes do you wear?"

Mr. Temple avers that had counsel prepared and investigated prior to the commencement of trial, counsel would have known that Mr. Temple could assert an Intoxication defense. LSA-R.S. 14:15 (2), which explains that the culpability of an offender who is intoxicated at the time of the offense would be significantly lowered, especially when the alleged offense relies on a "Specific Intent" or "Specific Knowledge" in order to convict.

LSA-R.S. 14:15. Intoxication, states in pertinent part:

The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:

(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.

It is also well settled that intoxication may, in some cases, be so great as to negate the specific intent or knowledge necessary in some crimes, and in this instance the defense of intoxication may be raised. **Clark and Marshall, Law of Crimes** (4th ed. 1940) 135, § 95.

Had counsel conferred with Mr. Temple, counsel would have known that Mr. Temple had a long history of alcohol abuse. Mr. Temple's parents and friends would have testified to this fact had counsel investigated and prepared for trial. Even during the course of the guilty plea colloquy, Mr. Temple informed the Court that he was "drunk" at the time of the offense, that he didn't really remember what had occurred, and that he was very sorry for what had happened. Had counsel investigated, even minimally, counsel would have discovered that Mr. Temple's occupation as being a "Cowboy;" that Mr. Temple had an alcohol problem; that Mr. Temple had a sixth grade education; Mr. Temple even had to

have assistance with his drivers license test due to his illiteracy.

Furthermore, during the course of the guilty plea colloquy, Mr. Barrow informed the Court that, "And that he wanted to apologize to the victims and that -- and tell the Court certain that he -- about his alcoholism and his memory and why after seeing some of the evidence he thought that he should spare the victim and the Court the rest of this trial" (See: Guilty Plea Tr.p. 4, lines 11-17).

On the 22nd Judicial District Court Bond Reduction Questionnaire, it was noted on number 10 that Mr. Temple was alcohol dependent. However, counsel failed to consider this defense.

On November 25, 2014, Ms. Ladner (the alleged victim) completed a St. Tammany Parish Sheriff's Office Judicial Risk Assessment Form. Mr. Temple would like this Honorable Court to especially note question 6 (a), where Ms. Ladner had checked off that Mr. Temple had a Substance abuse problem (See: Exhibit "__").

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for an intoxication defense.

Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act ..." Whereas, general criminal intent exists when the defendant "in the ordinary course of human experience, must have averted to the prescribed criminal consequences as reasonably certain to result from his act ..." LSA-R.S. 14:10.

"In prosecution for Simple Burglary wherein defendant introduced evidence of intoxication to negate specific intent, thus increasing the importance of a correct instruction on intent, trial court's instruction as to specific intent was fatally defective and prejudicial, requiring reversal of the conviction, where trial court diluted initially correct instructions so as to require only that defendant voluntarily and knowingly did the act and the act was intentional rather than unintentional or accidental. LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445." *State v. Dardar*, 353 So.2d 713 (La. 1977).

A defendant charged with a specific intent crime is entitled to an intoxication instruction when the evidence would support a finding that the defendant was in fact intoxicated and that was a result there was a reasonable doubt that he lacked specific intent. *U.S. v. Robertson*, 606 F.3d 943 (C.A. 8 (N.D.) 2010); 110k774.

Reversal was required, in prosecution for Aggravated Sexual Abuse of a Child, where district court failed to apply jury instruction on voluntary intoxication or drug use to count which charged defendant with attempting to commit sexual abuse; evidence that defendant may have been heavily intoxicated at

time he committed the charged crimes bore on whether he had the requisite specific intent. 18 U.S.C.A. §§ 1153, >2241 (e), >2246 (2)(A, B, D). *U.S. v. Kenyon*, 481 F.3d 1054 (C.A. 8 (S.D.) 2007); 110k1173.2(3). Sixth and Fourteenth Amendments to the United States Constitution.

In *Deutscher v. Whitley*, 884 F.2d 1152 (9ᵗʰ Cir. 1989)(decision vacated and remanded by Supreme Court several times; last opinion which *again* finds IAC in *Deutscher v. Angelone*, 16 F.3d 981 (9ᵗʰ Cir. 1994). Trial counsel ineffective in penalty phase of capital trial for not investigating and presenting mitigating evidence despite sentencing argument that defendant must have had some mental problems. Adequate investigation would have revealed diagnoses of schizophrenia, pathological intoxication, and organic brain damage; commitments to mental institutions; and a history of good behavior in institutional settings.

In *Harich v. Wainwright*, 813 F.2d 1082 (11ᵗʰ Cir. 1987), the Court held that petitioner had stated a claim of ineffectiveness if an intoxication defense had not been pursued because "counsel misunderstood the law . . ." *Id.* at 1089; *see also Commonwealth v. Grassmyer*, 402 A.2d 1052, 1054 (Pa. 1979); *Presley v. State*, 388 So.2d 1385 (Fla. DCA2 1980).

"To be considered effective, counsel has a duty to make at least a minimum investigation of the law, especially on such an important issue as sentencing mitigation . . ." *Burley v. Cabana*, 818 F.2d 414, 417 (5ᵗʰ Cir. 1987). For example, in *Presley v. State*, 388 So.2d 1385 (Fla. DCA2 1980), defense counsel had expressed his erroneous belief that "voluntary intoxication is not a defense in these matters." *Id.* 1386. Since the crimes charged were specific intent crimes, this was clearly wrong, and formed the basis for reversal on grounds of ineffectiveness. *Id.*

Ineffective assistance... failure to investigate intoxication defense; *Martin v. Maggio*, 711 F.2d 1273 (1983).

In *Murray v. Carrier*, 477 U.S. 478, 496 (1986) the court stated:
"The right to effective assistance of counsel... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."
In *Lafler*, the Court held that *Strickland* is appropriate "clearly established federal law" to apply to Claims of ineffective assistance of counsel in plea-bargaining, even when the Claim relates to a foregone plea. See: *Lafler*, 132 S.Ct., at 1384. By applying this holding in *Lafler*, a habeas petition subject to AEDPA, the Court necessarily implied that this holding applies to habeas Petitioners whose cases are final on Direct Review, i.e., that the holding applies retroactively. The state district court ruling without the benefit of an evidentiary hearing, rejected Mr. Temple's Claim based on unsupported procedural bars. But, based on *Lafler* and *Frye*, neither a trial free of constitutional flow not a

voluntary and intelligent guilty plea wipes clean any deficient performance by defense counsel during plea-bargaining. Yet, Louisiana state district courts fail to adhere to their own standards and hold an evidentiary hearing. La.C.Cr.P. Art. 930.

The United States Supreme Court explicitly envisioned the possibility of an evidentiary hearing in the course of demonstrating a Claim of ineffective assistance of counsel during plea-bargaining. In *Lafler*, the Court noted that an evidentiary hearing may sometimes be required to show prejudice. See: 132 S.Ct. 1389.

In this situation, the Court may conduct an evidentiary hearing to determine whether the defendant (Mr. Temple) has shown a reasonable probability that but for counsel's errors he would have accepted the plea; and that the holdings in *Lafler* and *Cooper* retroactively apply.

According to the Record, Mr. Temple was guilty of the following offenses, for the reasons cited herein:

LSA-R.S. 34.7. Aggravated Second Degree Battery.

A. (1) Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.

LSA-R.S. 14:44.1. Second Degree Kidnapping

A. Second Degree Kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:

(3) Physically injured or sexually abused.

B. For the purpose of this Section, kidnapping is:

(3) The imprisoning or forcible secreting of any person.

Mr. Temple contends that Aggravated Second Degree Battery and Second Degree Kidnapping are crimes of "specific intent," and would be subjected to the provisions of R.S. 14:15, if proven by the defense. However, as must be noted, defense counsel failed to investigate into the possibility of any type of defense in this matter.

As noted in *Missouri v. Frye,* --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), "plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

To establish an inadequate assistance of counsel claim based on defense counsel's responsibilities during the plea process, the defendant must show that if his counsel had not made the error of which he complains (in this case failing to advise that he faced automatic life sentence if he pled guilty), there was a "reasonable probability" that he would have gone to trial rather than having pled guilty. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also *Padilla v. Kentucky,* 559

U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); *Kovacs v. United States*, 744 F.3d 44, 51 (2d Cir. 2014). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra, 559 U.S. at 372, 130 S.Ct. 1473; *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).

A guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, to confront one's accusers, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, to present witnesses in one's defense, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, to remain silent, *Mallory v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and to be convicted by proof beyond all reasonable doubt, *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

Since *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)("A plea of guilty differs in purpose and effect from a mere admission or an extra judicial confession; it is itself a conviction...Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily **after proper advice** and with **full understanding of the consequences**.")(Emphasis added). On timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear, or inadvertence. *Id* at 224, 47 S.Ct. at 583. Mr. Temple avers that the guilty pleas were unfairly obtained and based upon wholly incorrect advice of counsel due to the fact of his illiteracy.

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A plea bargain must present favorable terms, otherwise, a defendant would never enter a plea because there would be no bargain. Mr. Temple avers that he had not been properly advised, and did not have full understanding of the consequences. Had Mr. Temple been properly advised, and had an understanding of the consequences, he would not have pled guilty. Mr. Temple avers that there is no reason for any defendant to plead guilty to a sixty year sentence (virtual "life" without the benefit of parole). Mr. Temple entered the pleas because Counsel failed to fully advise him of all of the consequences of such.

Mr. Temple submits that Defense Counsel was incompetent and grossly ineffective from the onset of the proceedings and thereafter. A claim of ineffective assistance of counsel is analyzed under the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). Under the first prong, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" measured by "prevailing professional norms, and that counsel's "deficient performance prejudiced him." *Id* at 687, 104 S.Ct. 2052. The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. To establish the second prong, a defendant must show that the deficient performance prejudiced the defense to the extent that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id* at 694, 104 S.Ct. 2052.

In the context of a guilty plea, the prejudice prong of the test requires a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra; *Hernandez v. United States*, supra.

*Plea Bargaining*

In 2012, the U.S. Supreme Court decided two cases that specifically address the importance of effective assistance of counsel in plea negotiations. In *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the Court noted:

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea bargaining process.

In *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), the Court noted:

"plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

When a guilty plea is entered, it is defense counsel's DUTY to assist actually and substantially the

defendant in deciding whether to plea guilty and to ascertain whether the plea is entered knowingly and voluntarily. Counsel must be familiar with the facts and the law in order to advise the defendant meaningfully of the options available. This includes the responsibility of investigating potential defenses that the defendant can make INFORMED decision. Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992, 102 S.Ct. 73, L.Ed.2d 1288 (1982).

"The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. *State v. Godejohn*, 425 So.2d 750 (La. 1983). The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. Before accepting the plea, the trial court must inform the defendant of his right to trial by jury, the right of confrontation, and right against compulsory self incrimination. *Boykin v. Alabama*, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Smith*, 513 So.2d 544 (La. 2ⁿᵈ Cir. 1987). The defendant must also be informed of what the plea connotes and its consequences. "Consequences" include the permissible range of sentences. *Boykin v. Alabama*, supra, fn.7. *State ex rel. LaFleur v. Donnelly*, 416 So.2d 82 (La. 1982); *State v. Smith*, supra; *State v. Graham*, 513 So.2d 419 (La. App. 2ⁿᵈ Cir. 1987); *State v. Domangue*, 476 So.2d 986 (La. App. 1ˢᵗ Cir. 1985). When the record does not indicate that defendant was informed of the permissible range of sentences, his plea cannot be considered as voluntarily and intelligently made, and the conviction must be vacated. *State v. Young*, supra. *State v. Watts*, 550 So.2d 711, 712 (La. App. 2ⁿᵈ Cir. 1989).

"... If the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice." *Herring v. Estelle*, 491 F.2d 125, 128 (5ᵗʰ Cir. 1974).

*The Standards of Strickland and Cronic*

A claim of ineffective assistance of counsel is analyzed under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and in many cases, *United States v. Cronic*, 466 U.S. 648, 662 (1984). The difference between the ineffectiveness of counsel in cases governed by *Strickland* and those governed by *Cronic* is a difference in "kind" other than simply "degree" and the *Cronic* standard applies only if counsel's failure to test the prosecution's case is "complete." See *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002).

Three types of cases warrant *Cronic's* presumption of prejudice analysis. The first is the complete

denial of counsel, in which the "accused is denied the presence of counsel 'at a critical stage'." *Bell*, 122 S.Ct. at 1851 (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039.) The second is when counsel "completely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039). The third is when counsel is placed in circumstances in which competent counsel very likely could not render assistance. Mr. Temple submits that Trial Counsel failed to subject the State's case to any meaningful adversarial testing, and that failure was complete. Therefore, Mr. Temple submits that the *Cronic* standard, where prejudice is presumed, *Id* at 658, should also have been applied to this case, and the Court's failure to apply the *Cronic* standard was contrary to established law and unreasonable.

Mr. Temple submits that appointed conflict counsel, Ernest Barrow III, is a licensed and experienced attorney, and presumed to know the law. Counsel was also fully informed of Mr. Temple's illiteracy prior to the commencement of the trial and ultimate plea bargain. It appears as if defense counsel was only contemplating, or hoping for, a plea bargain in this case.

Mr. Temple submits that based upon the facts and circumstances presented, this was akin to having no counsel at all. Trial Counsel "**completely failed**" to subject the prosecution's case to meaningful adversarial testing. Counsel's failure was "complete" from the onset of the proceedings and thereafter. *United States v. Cronic*, 466 U.S. 648, 662 (1984).

Mr. Temple submits that he established that counsel was incompetent and the performance fell below an objective standard of reasonableness measured by prevailing professional norms meeting the two prongs of *Strickland* and the additional standards enunciated in *Padilla v. Kentucky*, supra, and *Hernandez v. United States*, supra. Mr. Temple further submits that he has met the standard enunciated in *United States v. Cronic*, supra.

Simply put, counsel in this matter relied solely on the facts as presented by the State. There was basically no investigation by defense counsel into the matter of any type of viable defense. The sad part of this matter is the fact that Mr. Temple's best defense was right there in the State's records in an abundance: **INTOXICATION**. Even during the guilty plea colloquy, Mr. Temple informed the Court that he was "drunk and had not realized what he had done."

After a review of the record and guilty plea colloquy, it appears that defense counsel took advantage of Mr. Temple's low educational level and low understanding of the law. Mr. Temple had informed his counsel that he had a sixth grade education, and that he had been Socially Promoted to that level by the school due to this learning disabilities. Mr. Temple had also informed counsel that his

job was listed as "Cowboy" due to the fact that he had not even obtained a GED, and was unable to qualify for any other type of job.

WHEREFORE, for the above reasons, Mr. Temple respectfully request that after a fair and impartial review of the pleadings and Record, this Honorable Court conclude that Mr. Temple was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

## CLAIM NO. 2

**The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; _Boykin v. Alabama_.**

Mr. Temple contends that the Court abused its discretion with the acceptance of his guilty plea to the charges and of his guilty plea to the Habitual Offender Bill of Information.

In _Boykin v. Alabama_, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held on appeal of a criminal conviction that "It was error, plain on the face of the record; for the trial judge to accept Petitioner's guilty plea without an affirmative showing that it was intelligent and voluntarily." Rather, the trial court should "canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of it's consequences." Concerning the record of such a guilty plea on appeal, the court found that because a guilty plea constitutes a waiver of several constitutional rights, including the privilege against self incrimination, the right to trial by jury, and the right to confront one's accuser, the prosecution was required to "spread on the record the prerequisites of a valid waiver" of the rights.

Thus, the court held that it could not presume a voluntary and knowing waiver of these three rights "from a silent record" to insure an adequate record on review, the court stated: A trial court would be "best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy that the defendant understands the nature of the charge, his right to a trial by jury, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentence." _Boykin_, 395 U.S. at 244 n.7 89 S.Ct. at 1713, n.7 [quoting _Commonwealth Ex Rel. West v. Rundle_, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968).

In a attempt to comply with _Boykin_, Louisiana Supreme Court held in _State ex rel. Jackson v. Henderson_, 260 La. 90, 255 So.2d 85 (La. 1971); [A] Post Conviction proceeding, that a guilty plea will be considered knowingly and voluntarily made only if the accused was informed of and made an [Articulated] waiver of his right to jury trial, his right to confront his accusers, and his privilege against

self incrimination. See also, *State ex rel. Leblanc v. Henderson*, 261 La. 315, 259 So.2d 557 (La. 1972); *State v. Lewis*, 367 So.2d 1155 (La. 1979); and *State v. Holden*, 375 So.2d 1372 (La. 1979).

Mr. Temple states, his Due Process rights afforded to him by the Sixth and Fourteenth Amendments of the United States Constitution, the Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22, protects him in the process of a *Boykin* proceedings.

The record herein presented demonstrates that the guilty plea proceeding in this case is "error on the face of the record," and Due Process mandates that the guilty plea should be set aside as constitutionally infirm and should not be enhanced under LSA-R.S. 15:529.1.

The evidence herein presented to this court is a certified copy of the record that was used as evidence by the State of Louisiana to enhance Mr. Temple's sentence to life without benefit of parole. Note: Mr. Temple has made numerous request for the transcripts.

Mr. Temple contends, jurisdiction is proper before this court *State v. Galliano* 396 So.2d 1288 at 1289 (La. 1981) gives this court the authority to set aside a constitutionally infirm guilty plea; considering the state evidence, certified record, which is, now the same herein presented for the court to review.

The Record in this matter shows that Mr. Temple informed the Court that he had a sixth grade education; he suffered from alcoholism; that he did not remember the incident due to the fact that he was highly intoxicated at the time; that he had to have assistance in obtaining a driver's license; and that he listed his job as a "Cowboy."

Simply put, Mr. Temple contends the Court that with the circumstances as they are presented here, the Court could not have made a proper determination that this guilty plea was knowing and intelligent.

Mr. Temple was informed by Counsel during the break that, "You need to go ahead and plead guilty for a sixty year term because if the trial is completed, you're going to get a lot more time." Mr. Temple was informed to "Just inform the Judge that you understand; and say 'yes' to the questions when she asks you."

WHEREFORE, after a review of the Record and the argument above, this Honorable Court must make the determination that Mr. Temple's guilty plea was not willing and knowing in the context of the Law. This Court must make that determination and remand this matter for an evidentiary hearing in order to completely allow Mr. Temple to present evidence and testimony in support of his Claims of his constitutional violations.

## SUMMARY

Simply put, Mr. Temple contends that it appears that he was taken advantage of due to his illiteracy and his inability to understand what was happening during the commencement of the trial. Mr. Temple has requested the transcript of the Voir Dire, Opening Statements, and the first State witnesses who had testified in the trial in order to make a proper determination as to whether his attorney's advice to plead guilty was in his best interest.

As noted above, Mr. Temple is relying on assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary, where he is currently housed. Although Mr. Temple is currently enrolled in school to learn how to read and write, he is still unable to understand the proceedings that occurred prior to his pleading guilty.

Mr. Temple has informed the Courts that he is illiterate and unable to understand what occurred during the proceedings prior to and during the course of his guilty plea colloquy. In order to obtain assistance from the Offender Counsel Substitutes at the Louisiana State Penitentiary[1], Mr. Temple has been attempting to obtain the transcript from the jury selection and first two witnesses for the State. As of this date, Mr. Temple has been unable to obtain any of the requested documentation from his proceedings.

This case has an appearance of impropriety in the fact that Mr. Temple is illiterate and unable to viably understand exactly what had occurred on the date of August 12, 2015. Mr. Temple understands that he had picked a jury, two witnesses had been presented by the State. After that, he is unsure as to the events leading to him pleading guilty in this matter. In order to obtain assistance, he must be able to obtain the transcripts of the proceedings prior to him pleading guilty.

According to the guilty plea transcript that Mr. Temple received, the attorney specifically stated that he had conferred with Mr. Temple and his family prior to Mr. Temple changing his plea from not guilty to guilty. As there is no way to review the testimony of the State's first two witnesses, Mr. Temple is unable to properly build the foundation for his Claims on collateral review.

Mr. Temple has properly addressed the Issue of the guilty plea being voluntary and knowingly accepted. The Court had abused its discretion in the acceptance of such from Mr. Temple. After a review of the guilty plea colloquy, the Court failed to note that Mr. Temple had stated that his job was a "cowboy." The Court also failed to take into consideration that Mr. Temple had stated that he was unable to read and write. However, the Court stated that since he had passed his driver's license test,

---

1  Offender Counsel Substitutes are not licensed to practice law, but are merely assigned as Counsels in order to assist other Offenders with their pleadings.

and had taken care of his own bills, Mr. Temple was adequately educated and able to make this decision without further inquiry from the Judge.

Mr. Temple has included a copy of the attorney's Statement in Support of Compensation and Expenses for the Courts to review. According to the Statement, Mr. Temple WAS NOT afforded proper representation as Mr. Barrow had informed the Public Defender's Office of his minute time he had allotted for the investigation of Mr. Temple's charges.

## CONCLUSION AND PRAYER

**WHEREFORE**, Mr. Temple respectfully prays that for the reasons presented herein, that this Honorable Court GRANT the instant writ application and therefor GRANT him the relief he is entitled to as a matter of both federal and state constitutional law.

Respectfully submitted this 5ᵗʰ day of October, 2016.

David Scott Temple, #562616
MPEY/Spruce-3
La. State Penitentiary
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, David Scott Temple hereby certify that I have served a true and correct copy of the above and foregoing upon the District Attorney, St. Tammany Parish, by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper, first-class postage pre-paid, this 5ᵗʰ day of October, 2016.

David Scott Temple

## VERIFICATION

I, David Scott Temple, hereby verify that I have read and understand the statements made in the above and foregoing and that the statements made are true and correct to the best of my knowledge, belief, and information under the penalties of perjury.

David Scott Temple

# APPENDIX "C"

## RULING: 1ST COA
## PCR



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition
September 22, 2016

Docket Number:  2016 - KW - 0713

State Of Louisiana
    versus
David  Scott Temple

TO:   Warren LeDoux Montgomery          David  Temple
      701 N. Columbia Street            Louisiana State Penitentiary
      Covington, LA 70433               MPWY/Oak 2
      wmontgomery@22da.com              Angola, La 70712

      Hon. Allison H. Penzato
      Justice Center
      701 N. Columbia
      Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DAVID SCOTT TEMPLE

NO.  2016 KW 0713

SEP 2 2 2016

---

In Re:   David Scott Temple, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 559028.

---

BEFORE:   WHIPPLE, C.J., GUIDRY AND McCLENDON, JJ.

**WRIT DENIED.**  Under Louisiana law, a legal presumption exists that a defendant is sane and competent to proceed.  See La. R.S. 15:432.  The plea colloquy does not reflect that relator lacked the capacity to understand the guilty plea proceedings.  Furthermore, the guilty plea transcript reflects that relator understood the nature of the charges against him, and the consequences of the guilty pleas, and he voluntarily and knowingly waived his constitutional rights and entered the counseled guilty pleas.  See **Godinez v. Moran**, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).  Moreover, relator's claims that defense counsel failed to investigate the case and failed to subject the State's case to meaningful adversarial testing are waived by relator's unconditioned guilty pleas.  See **State v. Crosby**, 338 So.2d 584 (La. 1976).

JMG
VGW

McClendon, J., concurs.

COURT OF APPEAL, FIRST CIRCUIT

_Elizabeth A. Devall_
DEPUTY CLERK OF COURT
FOR THE COURT

# APPENDIX "D"

## SUPERVISORY WRIT: 1ST COA
## PCR

IN THE
LOUISIANA COURT OF APPEAL,
FIRST CIRCUIT


Docket No: _____


DAVID TEMPLE,

(Petitioner),

Versus

DARRYL VANNOY, Warden
Louisiana State Penitentiary

(Respondent),


## APPLICATION FOR SUPERVISORY WRIT OF REVIEW


From the May 10, 2016 denial by the 22nd Judicial District Court, Parish of St. Tammany, Docket Number 559028, Honorable Allison H. Penzato, Judge, to grant Post-Conviction Relief.


Respectfully submitted,


_____

DAVID TEMPLE #562616
MPWY/OAK-2
LA. STATE PENITENTIARY
ANGOLA, LA  70712-9818


PREPARED BY:
David Constance #304580
Offender Counsel Substitute III
Main Prison Legal Aid Office
Cell Block Litigation Team
La. State Penitentiary
Angola, LA 70712

## TABLE OF CONTENTS:

TABLE OF AUTHORITIES..........................................................................................ii

APPLICATION FOR SUPERVISORY WRIT OF REVIEW..........................................1

JURISDICTION AND VENUE....................................................................................1

NOTICE OF PRO-SE FILING.....................................................................................1

CONCISE STATEMENT OF THE CASE....................................................................2

ISSUES AND QUESTIONS OF LAW PRESENTED....................................................3

STATEMENT OF FACTS...........................................................................................3

UNAVAILABILITY OF TRIAL RECORDS.................................................................3

SUMMARY OF ARGUMENT.....................................................................................4

ARGUMENT I............................................................................................................5

    Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of Strickland v. Washington; Sixth and Fourteenth Amendments to the U.S. Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.......................................................................................................5

    Plea Bargaining................................................................................................19

    The Standards of Strickland and Cronic.........................................................21

CLAIM NO. 2............................................................................................................23

    The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; Boykin v. Alabama............................23

CONCLUSION AND PRAYER....................................................................................26

CERTIFICATE OF SERVICE......................................................................................26

VERIFICATION..........................................................................................................26

## APPENDIX:

"A"    Uniform Application for post-conviction relief with attachments;

"B"    May 10, 2016 Denial by 22nd Judicial District Court to grant post-conviction relief.

## EXHIBITS:

"A"    Statement in Support of Compensation and Expenses.

"B"    St. Tammany Parish Sheriff's Office Judicial Risk Assessment Form.

"C"    Guilty plea colloquy.

## TABLE OF AUTHORITIES:

## U.S. CONSTITUTION:

Sixth Amendment to the United States Constitution.................................................6, 7, 8, 17, 19, 20, 23

Sixth and Fourteenth Amendments to the United States Constitution............................3, 5, 8, 15, 23, 24

## FEDERAL CASES:

Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942)............6

Bell v. Cone, 535U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002)............................................21

Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).................................18, 20

Blake v. Zant, 513 F. Supp. 772 (S.D.Ga. 1981).............................................................................9

Boykin v. Alabama, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).......................................20, 23

Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)................................................................20

Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)...............................20

Burley v. Cabana, 818 F.2d 414, 417 (5th Cir. 1987)............................................................................15

Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968).....................................................................................11

Cullen v. Pinholster, 131 S.Ct. 1388.....................................................................................................7

Deutscher v. Angelone, 16 F.3d 981 (9th Cir. 1994)..............................................................................15

Deutscher v. Whitley, 884 F.2d 1152 (9th Cir. 1989)..........................................................................9, 15

Douglas v. Wainwright, 714 F.2d 1532 (11th Cir. 1983).........................................................................10

Duckworth v. Dillon, 751 F.2d 895 (7th Cir. 1984)..................................................................................9

Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491......................................................17

Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985).........................11

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).............................................6, 9

Goodwin v. Balkcom, 684 F.2d 794 (11th Cir. 1982).........................................................................9, 10

Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).....................................................1

Harich v. Wainwright, 813 F.2d 1082 (11th Cir. 1987)...........................................................................15

Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015).........................................................17

Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974)............................................................................21

Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).....................................8, 17, 19

House v. Balkcom, 725 F.2d 608 (11th Cir. 1984)...................................................................................9

In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.................................................................18

Johnson v. Estelle, 704 F.2d 232 (5th Cir. 1983)...................................................................................11

Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).....................................................6

Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)......................................18

Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986)......................10

King v. Strickland, 714 F.2d 1481, 1490 (11th Cir. 1983).......................................................................11

Kovacs v. United States, 744 F.3d 44, 51 (2d Cir. 2014)........................................................................17

Lafler v. Cooper, 132 S.Ct. 1376............................................................................................................6, 19

Mallory v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653...............................................................18

Martin v. Maggio, 711 F.2d 1273 (1983)...............................................................................................15

McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, 773 (1970)...............................9

Missouri v. Frye, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012)..............................6, 17, 20

Murray v. Carrier, 477 U.S. 478, 496 (1986)................................................................................16

Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985).................................................................11

Padilla v. Kentucky, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)..........................17

Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.....................................................17

Porter v. Wainwright, 805 F.2d 930, 933 (11th Cir. 1986).............................................................10

Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).................................................6

Premo v. Moore, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011)..................................19

Santobello v. New York, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).................18, 20

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)..........6, 10, 11, 19, 21

Tyler v. Kemp, 755 F.2d 741 (11th Cir. 1985)..............................................................................10

U.S. v. Gray, 878 F.2d 702.........................................................................................................8

U.S. v. Kenyon, 481 F.3d 1054 (C.A. 8 (S.D.) 2007).....................................................................15

U.S. v. Robertson, 606 F.3d 943 (C.A. 8 (N.D.) 2010)..................................................................14

United States v. Cronic, 466 U.S. 648, 662 (1984).............................................................8, 21, 22

United States v. Otero, 848 F.2d 835, 837, 839 (7th Cir. 1988)........................................................9

Wade v. Armontrout, 798 F.2d 304 (8th Cir. 1986.........................................................................10

Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019...............................................18

Windom v. Cook, 423 F.2d 721 (5th Cir. 1970).............................................................................11

## LA CONSTITUTION:

LSA-Const. 1974, Art. 5, § 10.......................................................................................................1

Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.....................................................3, 5

Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22..................................................24

## STATUTORY PROVISIONS:

18 U.S.C.A.  §§ 1153, >2241 (c), >2246 (2)(A, B, D).....................................................................15

La.C.Cr.P. Art. 930......................................................................................................................16

La.C.Cr.P. Art. 930.6....................................................................................................................1

LSA-R.S. 14:10...........................................................................................................................14

LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445...........................................................................14

LSA-R.S. 14:15............................................................................................................................13

LSA-R.S. 14:15 (2).......................................................................................................................13

LSA-R.S. 14:44.1.........................................................................................................................17

LSA-R.S. 15:529.1........................................................................................................................24

LSA-R.S. 34:7..............................................................................................................................16

R.S. 14:15.............................................................................................................................13, 17

IN THE
LOUISIANA COURT OF APPEAL,
FIRST CIRCUIT

DAVID TEMPLE,                         Docket Number:
                  (Petitioner)

Versus                                Date Filed:

DARRYL VANNOY, Warden
                  (Respondent)        Clerk:

---

## APPLICATION FOR SUPERVISORY WRIT OF REVIEW

---

MAY IT PLEASE THE COURT:

COMES NOW, David Temple, Petitioner herein who presents the instant *Application for Supervisory Writ of Review* relative to the denial of his Post-Conviction Relief Application in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana. In support, Mr. Temple would respectfully show this Honorable Court the following:

### JURISDICTION AND VENUE

Jurisdiction is vested pursuant to *LSA-Const. 1974, Art. 5, § 10*. Venue is proper pursuant to *La.C.Cr.P. Art. 930.6*.

### NOTICE OF PRO-SE FILING

Mr. Temple requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *State v. Moak*, 387 So.2d 1108 (La. 1980)(Pro-se petitioner not held to same stringent standards as a trained lawyer); *State v. Egana*, 771 So.2d 638 (La. 2000)(less stringent standards than formal pleadings filed by lawyers). Mr. Temple is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

## CONCISE STATEMENT OF THE CASE

As Mr. Temple has virtually no record other than the guilty plea colloquy from August 12, 2015 for one Count of Aggravated Second Degree Battery and one Count of Second Degree Kidnapping.

According to Mr. Temple, trial had commenced on August 12, 2015, with the State presenting two (2) witnesses prior to the lunch break, but after selection of the jury. After the break, defense counsel informed the Court that Mr. Temple wished to withdraw his previous plea of not guilty and enter a plea of guilty. Defense counsel also informed the Court that after a discussion with Mr. Temple, the State, and Mr. Temple's parents, Mr. Temple was now ready to plead guilty to the charges, with a multiple bill enhancement for Second Felony Offender for a sixty (60) year sentence.

During the guilty plea colloquy, Mr. Temple informed the Court that he had a sixth grade education, he was an alcoholic, he had assistance obtaining his driver's license, and that his occupation was a "cowboy."

On November 24, 2015, Mr. Temple filed into the 22nd Judicial District Court, a Motion for Production of Documents in an attempt to obtain his ***Boykin*** transcript from his guilty plea. However, on December 3, 2015, the Honorable Allison H. Penzato, denied the motion stating, "No particularized need has been shown for production of the trial transcript."

On December 21, 2015, Mr. Temple filed an Application for Post-Conviction Relief for an Out-of-Time Appeal, only to be sent the ***Boykin*** transcripts from August 12, 2015, with no Answer from the PCR Application concerning his Appeal.

On March 30, 2016, Mr. Temple filed an Application for Post-Conviction Relief and Motion for Production of Documents Under Particularized Need. On May 10, 2016, the district court denied him relief with written reasons. On May May 23, 2016, Mr. Temple timely filed his Notice of Intent to Seek Writs to the district court. This timely Supervisory Writ now follows:

## ISSUES AND QUESTIONS OF LAW PRESENTED

1. WHETHER MR. TEMPLE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO INVESTIGATE AND PREPARE A VIABLE DEFENSE, IN VIOLATION OF *STRICKLAND v. WASHINGTON*; SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; AND, LOUISIANA CONSTITUTION OF 1974, ARTICLE I, §§ 2, 13, 16, AND 19.

2. WHETHER THE COURT ABUSED ITS DISCRETION IN ACCEPTING THE GUILTY PLEAS FROM MR. TEMPLE AS WILLING AND KNOWING. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; LOUISIANA CONSTITUTION OF 1974, ARTICLE I §§ 2, 3, 13, 16, AND 19; *BOYKIN v. ALABAMA*.

### STATEMENT OF FACTS

As there is no Record or transcript from the Court, a Statement of Facts is not possible for the writer of this. However, this is a request for a collateral review from guilty pleas by Mr. David Scott Temple that occurred on August 12, 2015. The writer of this is relying solely on the guilty plea transcript that Mr. Temple was able to obtain from the Court, the attorney's file, and Mr. Temple's "*Recalled Memory*" of the proceedings.

Mr. Temple appeared before the 22nd Judicial District Court on August 12, 2015 for trial proceedings. After the jury was selection and two State witnesses testified, Mr. Temple withdrew his former plea of not guilty and plead guilty.

### UNAVAILABILITY OF TRIAL RECORDS

Mr. Temple is not in possession of the trial record in this matter and is perfecting his application for Post-Conviction Relief solely from memory. After due consideration, Mr. Temple prays that this Honorable Court will grant him a copy of the record, or in the alternative, loan him a copy of the record for the purpose of further perfecting his application in order to protect his rights and to fully and fairly present all his claims before the Court so that it may make a just ruling in the cause.

Mr. Temple has never been afforded the opportunity to review the Record of the Court, except the guilty plea colloquy, due to the fact that he has plead guilty in this matter. Mr. Temple has attempted to obtain the Record through a Public Records

Request, a Motion for Production of Guilty Plea Transcript, and an Application for Post-Conviction Relief for Out-of-Time Appeal. However, after due diligence on his part, Mr. Temple has been denied the transcript of the jury selection and the State's first two witnesses.

## SUMMARY OF ARGUMENT

Mr. Temple has informed the 22nd Judicial District Court that his illiterate and unable to understand what occurred during the proceedings prior to and during the course of his guilty plea colloquy. In order to obtain assistance from the Offender Counsel Substitutes at the Louisiana State Penitentiary[1], Mr. Temple has been attempting to obtain the transcript from the jury selection and first two witnesses for the State. As of this date, Mr. Temple has been unable to obtain any of the requested documentation from his proceedings.

This case has an appearance of impropriety in the fact that Mr. Temple is illiterate and unable to viably understand exactly what had occurred on the date of August 12, 2015. Mr. Temple understands that he had picked a jury, two witnesses had been presented by the State. After that, he is unsure as to the events leading to him pleading guilty in this matter. In order to obtain assistance, he must be able to obtain the transcripts of the proceedings prior to him pleading guilty.

According to the guilty plea transcript that Mr. Temple received, the attorney specifically stated that he had conferred with Mr. Temple and his family prior to Mr. Temple changing his plea from not guilty to guilty. As there is no way to review the testimony of the State's first two witnesses, Mr. Temple is unable to properly build the foundation for his Claims on collateral review.

Mr. Temple has properly addressed the Issue of the guilty plea being voluntary and knowingly accepted. The Court had abused its discretion in the acceptance of such from Mr. Temple. After a review of the guilty plea colloquy, the Court failed to note that Mr.

---

1  Offender Counsel Substitutes are not licensed to practice law, but are merely assigned as Counsels in order to assist other Offenders with their pleadings.

Temple had stated that his job was a "cowboy." The Court also **failed** to take into consideration that Mr. Temple had stated that he was unable to read and write. However, the Court stated that since he had passed his driver's license test, and had taken care of his own bills, Mr. Temple was adequately educated and able to make this decision without further inquiry from the Judge.

## ARGUMENT I

**Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of _Strickland v. Washington_; Sixth and Fourteenth Amendments to the U.S. Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.**

NOTE: Mr. Temple is preparing this solely from his memory, the attorney file and the guilty plea colloquy he has recently obtained. As Mr. Temple is unable to read and write, he is obtaining assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary. It must also be noted that Mr. Temple has been unable to obtain the transcript from the start of his trial. After jury selection and testimony of two State witnesses, Mr. Temple withdrew his not guilty plea and entered a plea of guilty to the charges. Additionally, Mr. Temple subsequently plead guilty to the Habitual Offender Bill of Information with the understanding that he would receive a sixty (60) year sentence, to be served at hard labor with the Louisiana Department of Public Safety and Corrections.

Mr. Temple contends that he was denied the right to effective assistance of counsel during these proceedings. Due to counsel's ineffectiveness, Mr. Temple was virtually forced to plead guilty to the charges as counsel had failed to interview witnesses, investigate the allegations, or prepare a defense before the commencement of trial.

It must be noted that Mr. Temple had withdrawn his not guilty plea after the commencement of the trial in this matter. The jury had been selected and the State had presented two witnesses prior to Mr. Temple's decision to withdraw his not guilty verdict. At this time, Mr. Temple does not have the transcript of the jury selection, or the testimony presented by the State's witnesses, and is unable to remember verbatim the

gist of the testimony. Mr. Temple has diligently attempted to obtain this transcript through the Court.

The Sixth Amendment to the United States Constitution guarantees those accused of crimes to have the assistance of counsel for their defense. U.S. Const. Amend. VI. The purpose of this Sixth Amendment right to counsel is to protect the fundamental right to a fair trial. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The skill and knowledge counsel is intended to afford a Defendant "ample opportunity to meet the case of the prosecution." *Strickland*, 466 U.S. at 685 (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 276, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

Mr. Temple contends that he was denied effective assistance of counsel during the plea bargain process. *Lafler v. Cooper*, 132 S.Ct. 1376, and *Missouri v. Frye*, 132 S.Ct. 1399. Issue No. 1 follow to wit:

In both *Cooper* and *Frye*, the United States Supreme Court settled a long standing conflict of law. Does the *Strickland* standard of effective assistance of counsel extend to the guilty plea where counsel provided erroneous advice?

The High Court maintained that there **is not** a constitutional right to a guilty plea

[however], once a plea bargain is introduced, then the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution is upheld. Furthermore, the Supreme Court ruled that the "right to effective assistance of counsel applies to [all] critical stages of the criminal proceedings." *Frye*; *Cullen v. Pinholster*, 131 S.Ct. 1388.

To prevail on an ineffective assistance of counsel Claim, the performance prong of *Strickland v. Washington*, supra, requiring a defendant to show "that counsel's representation fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. 2052. To establish *Strickland* prejudice, a defendant must show that there is a reasonable probability that for counsel's unprofessional error, the result of the proceeding would have been different. *Id.*, at 694, 104 S.Ct. 2052. "In context of a plea, a defendant must show the outcome of the plea process would have been different with competent advice." *Frye*, *ante*, at 1388-1389, 132 S.Ct. 1399 (noting that *Strickland's* inquiry as applied to advice with respect to plea bargain turns on whether the result of the proceedings would have been different. *Strickland*, at 694).

Mr. Temple contends that trial counsel was not prepared for trial, nor had counsel prepared Mr. Temple for trial, misled trial court in that he prepared Mr. Temple for trial. Counsel never discussed the case with Mr. Temple. In fact it appears that defense counsel subpoenaed no witnesses for the trial.

Mr. Temple contends that he was unskilled to make such determinations [especially] the very morning of a trial. Had counsel advocated, or been prepared to advocate for Mr. Temple, then he would have been prepared to test the prosecution's case and Mr. Temple would have insisted upon proceeding to trial; opposed to yielding to the advice of attorney that he needed to plead guilty to the charges and the Multiple Offender Bill of Information for a sentence of sixty (60) years.

Courts throughout Louisiana, including both Federal and United States Supreme

Court have routinely upheld the fact that in order for practicing attorney to be rendered effective, he/she must at the very least conduct a minimum investigation.

> This argument is supported by *U.S. v. Gray*, 878 F.2d 702:
>
> "Thus, the Court of Appeals, we are in agreement that failure to conduct an investigation generally constitute a clear instance of ineffectiveness."

Mr. Temple contends that counsel was so ineffective that he sat idly by while the prosecutor led his client (Mr. Temple) to the henchmen without so much as uttering a word.

> Quoting *U.S. v. Cronic*, 466 U.S., at 659:
>
> "If counsel entirely fail to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights, that make the adversarial process itself presumptively unreliable." (See: *Boykin* transcript, p. 5, lines 7-32).

Mr. Temple contends that counsel failed to adequately advise him of his constitutional rights, Sixth Amendment, to face and/or confront/cross-examine his accusers. Had Mr. Temple understood that he had such a right, it would be at the very least questionable (if not ridiculous), Mr. Temple would have insisted on going to trial.

> In *Hill v. Lockhart*, 474 U.S. 52, 88 L.Ed.2d 203, Judge White offered:
>
> "If it is necessary, in my view, to focus on the 'plea statement' signed by Petitioner. The statement is a standardized form to be completed by defense counsel, in consultation with his client and submitted to the court for consideration. The form calls for specific information [the insertion] in the opposite spaces."

Mr. Temple contends that the bedrock that the whole judicial framework rest on is hinged on the Sixth and Fourteenth Amendment rights to Confrontation and Due Process. If any counsel neglects such a right as fundamental, they cannot possibly render effective assistance of counsel.

Acknowledging the extreme importance of this right, the United States Supreme Court has held: "That a person who happens to be a lawyer is present at trial alongside the accused ... is not enough to satisfy the constitutional command." The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce

just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. *Strickland v. Washington*, 466 U.S. at 685.

Thus, the Courts have recognized that "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 (1970).

In *State v. Myles*, 389 So.2d 12, 28-31 (La. 1980), the Supreme Court of Louisiana found ineffective assistance of counsel on the face of the appellate record under circumstances very similar to this case. Trial counsel rested without additional evidence, failed to object to inadmissible evidence, and failed to object to erroneous instructions. Id. at 28-29. See also: *United States v. Otero*, 848 F.2d 835, 837, 839 (7th Cir. 1988); *Deutscher v. Whitley*, 884 F.2d 1152, 1162 (9th Cir. 1989); *Duckworth v. Dillon*, 751 F.2d 895 (7th Cir. 1984); *Goodwin v. Balkcom*, 684 F.2d 794 (11th Cir. 1982)(ineffective assistance found where counsel failed to: (1) investigate; (2) raise a challenge to the petit jury selection system; (3) raise illegality of the arrest; (4) interview crucial witnesses; and (5) object to an improper *Witherspoon* excusal); *Blake v. Zant*, 513 F. Supp. 772 (S.D.Ga. 1981)(ineffective counsel in capital cases; standards applied with particular care; showing of prejudice not always required); *State v. Harvey*, 692 S.W.2d 290 (Mo. 1985)(counsel's non-participation at the trial without the client's express consent is ineffective assistance of counsel).

> While a defendant must ordinarily show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary. *Frett v. State*, 378 S.E.2d 249, 251 (S.C. 1988)(citing *House v. Balkcom*, 725 F.2d 608 (11th Cir. 1984)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme Court concerning ineffective assistance of counsel was *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The

United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

A defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test of *Strickland v. Washington*, supra; *State v. Fuller*, 454 So.2d 119 (La. 1984). The defendant must show that: (1) counsel's performance was deficient; and (2) that the deficiency prejudiced the defendant. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La. App. 4th Cir. 1992).

"At the heart of effective representation is the independent duty to investigate and prepare." *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir. 1982); accord *Porter v. Wainwright*, 805 F.2d 930, 933 (11th Cir. 1986); *Tyler v. Kemp*, 755 F.2d 741 (11th Cir. 1985); *Douglas v. Wainwright*, 714 F.2d 1532 (11th Cir. 1983), *vacated*, 104 S.Ct. 3575, 82 L.Ed.2d 874 (1984), *adhered to*, 739 F.2d 531 (1984). As the Court held in *Wade v. Armontrout*, 798 F.2d 304 (8th Cir. 1986): Investigation is an essential component of the adversary process. "Because [the adversarial] testing process generally will not function properly unless counsel has done some investigation into the prosecution's case and into various defense strategies ... 'counsel has a duty to make reasonable investigations ...'" *Id.* at 307 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)).

However, the mere presence of an attorney does not satisfy the constitutional guarantee of counsel. As the Supreme Court has often noted, an accused is entitled to representation by an attorney, whether retained or appointed. "Who plays the role necessary to ensure that the trial is fair." *Morrison*, 477 U.S. at 377, 106 S.Ct. at 2584, quoting *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 274 (1984). "In other words, the right to counsel is the right to effective assistance of counsel, citing *Evitts v. Lucey*, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985).

The State had provided "Open File Discovery" to counsel. The attorney file was complete concerning the pictures, interviews, and other evidence. However, there was NO further investigation on the part of the defense attorney. Everything contained in the attorney file came from the District Attorney's Office through discovery. It appears that defense counsel in this matter simply relied on the State's investigation.

Defense counsel "did not **chose** strategically or otherwise, to pursue one line of defense over another. Instead, he simply abdicated his responsibility to advocate his client's cause." *Nealy v. Cabana*, 764 F.2d 1173, 1178 (5ᵗʰ Cir. 1985)(emphasis in original); see also: *King v. Strickland*, 714 F.2d 1481, 1490 (11ᵗʰ Cir. 1983), *vacated*, 104 S.Ct. 3575, 81 L.Ed.2d 358 (1984), *adhered to*, 748 F.2d 1462 (1984)(counsel ineffective where some mitigating evidence presented, but lack of preparation of other evidence); *Johnson v. Estelle*, 704 F.2d 232 (5ᵗʰ Cir. 1983)(failure to investigate sanity defense); *Windom v. Cook*, 423 F.2d 721 (5ᵗʰ Cir. 1970)(effective representation includes counsel's familiarity with the case and proper investigation); *Coles v. Peyton*, 389 F.2d 224 (4ᵗʰ Cir. 1968)(no investigation or prosecutrix's character or search for potential witnesses); *People v. LaBree*, 34 NY.2d 257, 313 N.E.2d 730 (1974)(lack of preparation rendered trial "farce and mockery").

In support of Mr. Temple's Claim of counsel's failure to prepare or investigate, Mr.

Barrow had prepared a 22nd Judicial District Court Public Defender Office Statement in Support of Compensation and Expenses of Appointed Counsel. In this Report, Mr. Barrow states that he performed the following services:

Under No. 1;

| | | |
|---|---|---|
| 7/06/15 | Attended pretrial w/ client | 1.0 hours |
| 5/27/15 | Attended pretrial w/o client | 0.5 hours |

Under No. 2;

| | | |
|---|---|---|
| 8/6/15 | Review of discovery for trial; telephone conference w/ ADA | 1.75 hours |
| 8/6/15 | Meeting with client in jail | 1.25 hours |
| 6/4/15 | Received and reviewed file from PDO | 1.5 hours |

Under No. 3;

| | | |
|---|---|---|
| 8/10 | Picked jury | 5.0 hours |
| 8/12 | Motions (404B); Opening statements, 2 witnesses Guilty plea and sentencing | 5.5 hours |

(See: Statement in Support of Compensation and Expenses)

According to Mr. Barrow's own Statement in Support returned to the Public Defender's Office, Mr. Barrow stated that he only reviewed or investigated this matter for a total of 4.5 hours in preparation for trial. Mr. Barrow further stated that he had interviewed Mr. Temple for 1.25 hours in the jail, a mere four (4) days prior to picking the jury for trial. There is no record of any other interview with Mr. Temple noted by Mr. Barrow. Furthermore, Mr. Barrow stipulates that he spent a total of **16.5 hours** on this case, which included the **10.5 hours** for the trial proceedings (See: 8/10 and 8/12).

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for a intoxication defense.

Mr. Temple contends that the counsel failed to investigate any viable defense that could be presented during the course of the trial. According to Mr. Temple's lay memory, the only time that counsel discussed the pending trial with him was a few days before the commencement of trial. At that time, the only discussion Mr. Temple can recall between him and his counsel was, "What size clothes do you wear?"

Mr. Temple avers that had counsel prepared and investigated prior to the

commencement of trial, counsel would have known that Mr. Temple could assert an

Intoxication defense. LSA-R.S. 14:15 (2), which explains that the culpability of an

offender who is intoxicated at the time of the offense would be significantly lowered,

especially when the alleged offense relies on a "Specific Intent" or "Specific

Knowledge" in order to convict.

> LSA-R.S. 14:15. Intoxication, states in pertinent part:
>
> The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
>
> (2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
>
> It is also well settled that intoxication may, in some cases, be so great as to negate the specific intent or knowledge necessary in some crimes, and in this instance the defense of intoxication may be raised. **Clark and Marshall, Law of Crimes** (4th ed. 1940) 135, § 95.

Had counsel conferred with Mr. Temple, counsel would have known that Mr. Temple

had a long history of alcohol abuse. Mr. Temple's parents and friends would have

testified to this fact had counsel investigated and prepared for trial. Even during the

course of the guilty plea colloquy, Mr. Temple informed the Court that he was "drunk"

at the time of the offense, that he didn't really remember what had occurred, and that he

was very sorry for what had happened. Had counsel investigated, even minimally,

counsel would have discovered that Mr. Temple's occupation as being a "Cowboy;" that

Mr. Temple had an alcohol problem; that Mr. Temple had a sixth grade education; Mr.

Temple even had to have assistance with his drivers license test due to his illiteracy.

Furthermore, during the course of the guilty plea colloquy, Mr. Barrow informed the

Court that, "And that he wanted to apologize to the victims and that -- and tell the Court

certain that he -- about his alcoholism and his memory and why after seeing some of the

evidence he thought that he should spare the victim and the Court the rest of this trial"

(See: Guilty Plea Tr.p. 4, lines 11-17).

On the 22nd Judicial District Court Bond Reduction Questionnaire, it was noted on

number 10 that Mr. Temple was alcohol dependent. However, counsel failed to consider this defense.

On November 25, 2014, Ms. Ladner (the alleged victim) completed a St. Tammany Parish Sheriff's Office Judicial Risk Assessment Form. Mr. Temple would like this Honorable Court to especially note question 6 (a), where Ms. Ladner had checked off that Mr. Temple had a Substance abuse problem (See: Exhibit "__").

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for an intoxication defense.

Specific criminal intent exists when the defendant "actively desired the prescribed criminal consequences to follow his act ..." Whereas, general criminal intent exists when the defendant "in the ordinary course of human experience, must have averted to the prescribed criminal consequences as reasonably certain to result from his act ..." LSA-R.S. 14:10.

"In prosecution for Simple Burglary wherein defendant introduced evidence of intoxication to negate specific intent, thus increasing the importance of a correct instruction on intent, trial court's instruction as to specific intent was fatally defective and prejudicial, requiring reversal of the conviction, where trial court diluted initially correct instructions so as to require only that defendant voluntarily and knowingly did the act and the act was intentional rather than unintentional or accidental. LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445." *State v. Dardar*, 353 So.2d 713 (La. 1977).

A defendant charged with a specific intent crime is entitled to an intoxication instruction when the evidence would support a finding that the defendant was in fact intoxicated and that was a result there was a reasonable doubt that he lacked specific intent. *U.S. v. Robertson*, 606 F.3d 943 (C.A. 8 (N.D.) 2010); 110k774.

Reversal was required, in prosecution for Aggravated Sexual Abuse of a Child, where district court failed to apply jury instruction on voluntary intoxication or drug use to

count which charged defendant with attempting to commit sexual abuse; evidence that defendant may have been heavily intoxicated at time he committed the charged crimes bore on whether he had the requisite specific intent. 18 U.S.C.A. §§ 1153, >2241 (c), >2246 (2)(A, B, D). *U.S. v. Kenyon*, 481 F.3d 1054 (C.A. 8 (S.D.) 2007); 110k1173.2(3). Sixth and Fourteenth Amendments to the United States Constitution.

In *Deutscher v. Whitley*, 884 F.2d 1152 (9th Cir. 1989)(decision vacated and remanded by Supreme Court several times; last opinion which again finds IAC in *Deutscher v. Angelone*, 16 F.3d 981 (9th Cir. 1994). Trial counsel ineffective in penalty phase of capital trial for not investigating and presenting mitigating evidence despite sentencing argument that defendant must have had some mental problems. Adequate investigation would have revealed diagnoses of schizophrenia, pathological intoxication, and organic brain damage; commitments to mental institutions; and a history of good behavior in institutional settings.

In *Harich v. Wainwright*, 813 F.2d 1082 (11th Cir. 1987), the Court held that petitioner had stated a claim of ineffectiveness if an intoxication defense had not been pursued because "counsel misunderstood the law . . ." *Id.* at 1089; see also *Commonwealth v. Grassmyer*, 402 A.2d 1052, 1054 (Pa. 1979); *Presley v. State*, 388 So.2d 1385 (Fla. DCA2 1980).

"To be considered effective, counsel has a duty to make at least a minimum investigation of the law, especially on such an important issue as sentencing mitigation . . ." *Burley v. Cabana*, 818 F.2d 414, 417 (5th Cir. 1987). For example, in *Presley v. State*, 388 So.2d 1385 (Fla. DCA2 1980), defense counsel had expressed his erroneous belief that "voluntary intoxication is not a defense in these matters." *Id.* 1386. Since the crimes charged were specific intent crimes, this was clearly wrong, and formed the basis for reversal on grounds of ineffectiveness. *Id.*

Ineffective assistance... failure to investigate intoxication defense; *Martin v. Maggio*,

711 F.2d 1273 (1983).

In *Murray v. Carrier*, 477 U.S. 478, 496 (1986) the court stated:

"The right to effective assistance of counsel... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."

In *Lafler*, the Court held that *Strickland* is appropriate "clearly established federal law" to apply to Claims of ineffective assistance of counsel in plea-bargaining, even when the Claim relates to a foregone plea. See: *Lafler*, 132 S.Ct., at 1384. By applying this holding in *Lafler*, a habeas petition subject to AEDPA, the Court necessarily implied that this holding applies to habeas Petitioners whose cases are final on Direct Review, i.e., that the holding applies retroactively. The state district court ruling without the benefit of an evidentiary hearing, rejected Mr. Temple's Claim based on unsupported procedural bars. But, based on *Lafler* and *Frye*, neither a trial free of constitutional flow not a voluntary and intelligent guilty plea wipes clean any deficient performance by defense counsel during plea-bargaining. Yet, Louisiana state district courts fail to adhere to their own standards and hold an evidentiary hearing. La.C.Cr.P. Art. 930.

The United States Supreme Court explicitly envisioned the possibility of an evidentiary hearing in the course of demonstrating a Claim of ineffective assistance of counsel during plea-bargaining. In *Lafler*, the Court noted that an evidentiary hearing may sometimes be required to show prejudice. See: 132 S.Ct. 1389.

In this situation, the Court may conduct an evidentiary hearing to determine whether the defendant (Mr. Temple) has shown a reasonable probability that but for counsel's errors he would have accepted the plea; and that the holdings in *Lafler* and *Cooper* retroactively apply.

According to the Record, Mr. Temple was guilty of the following offenses, for the reasons cited herein:

LSA-R.S. 34.7. Aggravated Second Degree Battery.

A. (1) Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.

LSA-R.S. 14:44.1. Second Degree Kidnapping

A. Second Degree Kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:

(3) Physically injured or sexually abused.

B. For the purpose of this Section, kidnapping is:

(3) The imprisoning or forcible secreting of any person.

Mr. Temple contends that Aggravated Second Degree Battery and Second Degree Kidnapping are crimes of "specific intent," and would be subjected to the provisions of R.S. 14:15, if proven by the defense. However, as must be noted, defense counsel failed to investigate into the possibility of any type of defense in this matter.

As noted in ***Missouri v. Frye***, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), "plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

To establish an inadequate assistance of counsel claim based on defense counsel's responsibilities during the plea process, the defendant must show that if his counsel had not made the error of which he complains (in this case failing to advise that he faced automatic life sentence if he pled guilty), there was a "reasonable probability" that he would have gone to trial rather than having pled guilty. ***Hill v. Lockhart***, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also ***Padilla v. Kentucky***, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); ***Kovacs v. United States***, 744 F.3d 44, 51 (2d Cir. 2014). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." ***Padilla v. Kentucky***, supra, 559 U.S. at 372, 130 S.Ct. 1473; ***Hernandez v. United States***, 778 F.3d 1230, 1234 (11th Cir. 2015).

A guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, ***Duncan v. Louisiana***, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, to confront one's accusers, ***Pointer v. Texas***, 380 U.S. 400, 85

S.Ct. 1065, 13 L.Ed.2d 923, to present witnesses in one's defense, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, to remain silent, *Mallory v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and to be convicted by proof beyond all reasonable doubt, *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

Since *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extra judicial confession; it is itself a conviction...Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily <u>after proper advice</u> and with <u>full understanding of the consequences</u>.")(Emphasis added). On timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear, or inadvertence. *Id* at 224, 47 S.Ct. at 583. Mr. Temple avers that the guilty pleas were unfairly obtained and based upon wholly incorrect advice of counsel due to the fact of his illiteracy.

**Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons."** *Santobello v. New York*, **404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord** *Blackledge v. Allison*, **431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A plea bargain must present favorable terms, otherwise, a defendant would never enter a plea because there would be no bargain. Mr. Temple avers that he had not been properly advised, and did not have** <u>full understanding of the consequences.</u> **Had Mr. Temple been properly advised, and had an understanding of the consequences,** <u>he would not have pled guilty</u>. **Mr. Temple avers that there is no reason for any defendant to plead guilty to a sixty year sentence (virtual "life" without the benefit of parole). Mr. Temple entered the pleas because Counsel failed to fully advise him of all of the consequences of such.**

Mr. Temple submits that Defense Counsel was incompetent and grossly ineffective

from the onset of the proceedings and thereafter. A claim of ineffective assistance of counsel is analyzed under the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" measured by "prevailing professional norms, and that counsel's "deficient performance prejudiced him." *Id* at 687, 104 S.Ct. 2052. The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. To establish the second prong, a defendant must show that the deficient performance prejudiced the defense to the extent that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id* at 694, 104 S.Ct. 2052.

In the context of a guilty plea, the prejudice prong of the test requires a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011)(quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra; *Hernandez v. United States*, supra.

*Plea Bargaining*

In 2012, the U.S. Supreme Court decided two cases that specifically address the importance of effective assistance of counsel in plea negotiations. In *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the Court noted:

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea bargaining process.

In *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), the Court noted:

> "plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

When a guilty plea is entered, it is defense counsel's DUTY to assist actually and substantially the defendant in deciding whether to plea guilty and to ascertain whether the plea is entered knowingly and voluntarily. Counsel must be familiar with the facts and the law in order to advise the defendant meaningfully of the options available. This includes the responsibility of investigating potential defenses that the defendant can make INFORMED decision. Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992, 102 S.Ct. 73, L.Ed.2d 1288 (1982).

"The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. *State v. Godejohn*, 425 So.2d 750 (La. 1983). The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. Before accepting the plea, the trial court must inform the defendant of his right to trial by jury, the right of confrontation, and right against compulsory self incrimination. *Boykin v. Alabama*, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Smith*, 513

So.2d 544 (La. 2nd Cir. 1987). The defendant must also be informed of what the plea connotes and its consequences. "Consequences" include the permissible range of sentences. *Boykin v. Alabama*, supra, fn.7. *State ex rel. LaFleur v. Donnelly*, 416 So.2d 82 (La. 1982); *State v. Smith*, supra; *State v. Graham*, 513 So.2d 419 (La. App. 2nd Cir. 1987); *State v. Domangue*, 476 So.2d 986 (La. App. 1st Cir. 1985). When the record does not indicate that defendant was informed of the permissible range of sentences, his plea cannot be considered as voluntarily and intelligently made, and the conviction must be vacated. *State v. Young*, supra. *State v. Watts*, 550 So.2d 711, 712 (La. App. 2nd Cir. 1989).

"... If the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice." *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974).

### The Standards of Strickland and Cronic

A claim of ineffective assistance of counsel is analyzed under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and in many cases, *United States v. Cronic*, 466 U.S. 648, 662 (1984). The difference between the ineffectiveness of counsel in cases governed by *Strickland* and those governed by *Cronic* is a difference in "kind" other than simply "degree" and the *Cronic* standard applies only if counsel's failure to test the prosecution's case is "complete." See *Bell v. Cone*, 535U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002).

Three types of cases warrant *Cronic's* presumption of prejudice analysis. The first is the complete denial of counsel, in which the "accused is denied the presence of counsel 'at a critical stage'." *Bell*, 122 S.Ct. at 1851 (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039.) The second is when counsel "'completely fails to subject the prosecution's case to meaningful adversarial testing.'" *Id.* (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039).

The third is when counsel is placed in circumstances in which competent counsel very likely could not render assistance. **Mr. Temple submits that Trial Counsel failed to subject the State's case to any meaningful adversarial testing, and that failure was complete.** Therefore, Mr. Temple submits that the *Cronic* standard, where prejudice is presumed, *Id* at 658, should also have been applied to this case, and the Court's failure to apply the *Cronic* standard was contrary to established law and unreasonable.

Mr. Temple submits that appointed conflict counsel, Ernest Barrow III, is a licensed and experienced attorney, and presumed to know the law. Counsel was also fully informed of Mr. Temple's illiteracy prior to the commencement of the trial and ultimate plea bargain. It appears as if defense counsel was only contemplating, or hoping for, a plea bargain in this case.

**Mr. Temple submits that based upon the facts and circumstances presented, this was akin to having no counsel at all.** Trial Counsel "**completely failed**" to subject the prosecution's case to meaningful adversarial testing. Counsel's failure was "complete" from the onset of the proceedings and thereafter. *United States v. Cronic*, 466 U.S. 648, 662 (1984).

Mr. Temple submits that he established that counsel was incompetent and the performance fell below an objective standard of reasonableness measured by prevailing professional norms meeting the two prongs of *Strickland* and the additional standards enunciated in *Padilla v. Kentucky*, supra, and *Hernandez v. United States*, supra. Mr. Temple further submits that he has met the standard enunciated in *United States v. Cronic*, supra.

Simply put, counsel in this matter relied solely on the facts as presented by the State. There was basically no investigation by defense counsel into the matter of any type of viable defense. The sad part of this matter is the fact that Mr. Temple's best defense was right there in the State's records in an abundance: **INTOXICATION**. Even during the

guilty plea colloquy, Mr. Temple informed the Court that he was "drunk and had not realized what he had done."

After a review of the record and guilty plea colloquy, it appears that defense counsel took advantage of Mr. Temple's low educational level and low understanding of the law. Mr. Temple had informed his counsel that he had a sixth grade education, and that he had been Socially Promoted to that level by the school due to this learning disabilities. Mr. Temple had also informed counsel that his job was listed as "Cowboy" due to the fact that he had not even obtained a GED, and was unable to qualify for any other type of job.

WHEREFORE, for the above reasons, Mr. Temple respectfully request that after a fair and impartial review of the pleadings and Record, this Honorable Court conclude that Mr. Temple was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

## CLAIM NO. 2

**The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; *Boykin v. Alabama*.**

Mr. Temple contends that the Court abused its discretion with the acceptance of his guilty plea to the charges and of his guilty plea to the Habitual Offender Bill of Information.

In *Boykin v. Alabama*, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held on appeal of a criminal conviction that "It was error, plain on the face of the record; for the trial judge to accept Petitioner's guilty plea without an affirmative showing that it was intelligent and voluntarily." Rather, the trial court should "canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of it's consequences." Concerning the record of such a guilty plea on appeal, the court found that because a guilty plea constitutes a waiver of several constitutional rights, including the privilege against self

incrimination, the right to trial by jury, and the right to confront one's accuser, the prosecution was required to "spread on the record the prerequisites of a valid waiver" of the rights.

Thus, the court held that it could not presume a voluntary and knowing waiver of these three rights "from a silent record" to insure an adequate record on review, the court stated: A trial court would be "best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy that the defendant understands the nature of the charge, his right to a trial by jury, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentence." *Boykin*, 395 U.S. at 244 n.7 89 S.Ct. At 1713, n.7 [quoting *Commonwealth Ex Rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968).

In a attempt to comply with *Boykin*, Louisiana Supreme Court held in *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (La. 1971); [A] Post Conviction proceeding, that a guilty plea will be considered knowingly and voluntarily made only if the accused was informed of and made an [Articulated] waiver of his right to jury trial, his right to confront his accusers, and his privilege against self incrimination. See also, *State ex rel. Leblanc v. Henderson*, 261 La. 315, 259 So.2d 557 (La. 1972); *State v. Lewis*, 367 So.2d 1155 (La. 1979); and *State v. Holden*, 375 So.2d 1372 (La. 1979).

Mr. Temple states, his Due Process rights afforded to him by the Sixth and Fourteenth Amendments of the United States Constitution, the Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22, protects him in the process of a *Boykin* proceedings.

The record herein presented demonstrates that the guilty plea proceeding in this case is "error on the face of the record." and Due Process mandates that the guilty plea should be set aside as constitutionally infirm and should not be enhanced under LSA-R.S. 15:529.1.

The evidence herein presented to this court is a certified copy of the record that was used as evidence by the State of Louisiana to enhance Mr. Temple's sentence to life without benefit of parole. Note: Mr. Temple has made numerous request for the transcripts.

Mr. Temple contends, jurisdiction is proper before this court *State v. Galliano* 396 So.2d 1288 at 1289 (La. 1981) gives this court the authority to set aside a constitutionally infirm guilty plea; considering the state evidence, certified record, which is, now the same herein presented for the court to review.

The Record in this matter shows that Mr. Temple informed the Court that he had a sixth grade education; he suffered from alcoholism; that he did not remember the incident due to the fact that he was highly intoxicated at the time; that he had to have assistance in obtaining a driver's license; and that he listed his job as a "Cowboy."

Simply put, Mr. Temple contends the Court that with the circumstances as they are presented here, the Court could not have made a proper determination that this guilty plea was knowing and intelligent.

Mr. Temple was informed by Counsel during the break that, "You need to go ahead and plead guilty for a sixty year term because if the trial is completed, you're going to get a lot more time." Mr. Temple was informed to "Just inform the Judge that you understand; and say 'yes' to the questions when she asks you."

WHEREFORE, after a review of the Record and the argument above, this Honorable Court must make the determination that Mr. Temple's guilty plea was not willing and knowing in the context of the Law. This Court must make that determination and remand this matter for an evidentiary hearing in order to completely allow Mr. Temple to present evidence and testimony in support of his Claims of his constitutional violations.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES OF MR. TEMPLE CONSIDERED:**

Petitioner, David Temple respectfully prays this Honorable Court will invoke its supervisory jurisdiction and entertain his instant *Application for Supervisory Writ of Review* and upon conclusion of its consideration, grant Petitioner post-conviction relief from his underlying criminal conviction and sentence.

Respectfully submitted,

_____
David Temple #562616
MPWY/Oak-2
La. State Penitentiary
Angola, LA 70712-9818

## CERTIFICATE OF SERVICE

I, David Temple #562616, hereby certify that I have served a true and correct copy of the above and foregoing upon the District Attorney, Parish of St. Tammany, and Appellate counsel of record by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper, first-class postage pre-paid, on this 26th day of May, 2016.

_____
David Temple

## VERIFICATION

I, David Temple #562616, do verify that I am the Petitioner in the above and foregoing; that I have read and understand the contents thereof; that I believe the contents thereof to be true and correct to the best of my knowledge, belief, and information, under the penalties of perjury prescribed by law.

_____
David Temple

# APPENDIX "E"

## NOTICE OF INTENT
## PCR

| | |
|---|---|
| DAVID TEMPLE | 22ND JUDICIAL DISTRICT COURT |
| VERSUS NO.: 559028 | STATE OF LOUISIANA |
| DARRYL VANNOY, Warden<br>Louisiana State Penitentiary | PARISH OF ST. TAMMANY |
| | JUDGE PENZATO, PRESIDING |

FILED _____          DEPUTY CLERK _____

---

### NOTICE OF INTENT TO FILE SUPERVISORY WRIT(S)
### AND REQUEST THAT THIS COURT SET DEFENDANT'S
### FILING DEADLINE WITH THE FIRST CIRCUIT COURT OF APPEAL

---

**MAY IT PLEASE THE COURT:**

NOW AND INTO THIS HONORABLE COURT comes Defendant and pro-se Applicant in the above captioned and enumerated cause, David Temple, who now submits his Notice of Intent to Seek Supervisory Writ(s) of Review to the Louisiana Court of Appeal, First Circuit, pursuant to U.R.C.A. Rule 4-2.

Additionally, Defendant moves this court to set a return date/filing date setting the deadline Defendant must meet in which to properly and timely file said Supervisory Writ Application pursuant to U.R.C.A. 4-3.

In support, Defendant gives the current procedural posture of this case as cause for this court's Granting of this motion to wit:

**I.**

On May 10, 2016, this court Denied Defendant's Application for Post-Conviction Relief without the benefit of an evidentiary hearing.

**II.**

A properly filed and executed Notice of Intent/Designation of Record pursuant to U.R.C.A. Rule 4-3 is now timely submitted by Defendant and placed in prison officials hands for mailing on this 23rd day of May, 2016.

---

## CONCLUSION AND PRAYER

Defendant now respectfully prays that for the reasons stated herein this court <u>Order</u> the following action(s) be allowed in this case, to wit:

1. This court <u>Grant</u> the Defendant a <u>Generous Return Date</u> of filing to the Court of Appeal, First Circuit, an Application for Supervisory Writs no later than <u>Sixty (60) days after the Granting of this Notice of Intent.</u>

Respectfully submitted for this court's consideration by placing this Filing in Louisiana State Prison Officials hands for Filing on this 23rd day of <u>May, 2016</u>.

David Temple #562616
MPWY/Oak-2
Louisiana State Prison
Angola, LA 70712

## CERTIFICATE OF SERVICE

I, <u>David Temple#562616,</u> hereby certify that I have served a true and correct copy of the above and foregoing motion upon the Clerk of Court for the Court of Appeal, First Circuit, and the District Attorney for the 22nd Judicial District Court, Parish of St. Tammany, by placing same in the United States mail, properly addressed, and with proper First -Class postage affixed this 23rd day of <u>May, 2016</u>.

David Temple#562616

DAVID TEMPLE

VERSUS NO.: 559028

DARRYL VANNOY, Warden
Louisiana State Penitentiary

22ND JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

JUDGE PENZATO, PRESIDING

FILED _____          _____
                                       DEPUTY CLERK

## ORDER

    After careful consideration of Defendant's Notice of Intent to File Supervisory Writs of Review and Request that this Court set Defendant's filing deadline with the Court of Appeal, First Circuit, the following is Ordered by this Court:

    IT IS ORDERED by the Court that the Defendant be allowed to file his Application for Supervisory Writs of Review with the Clerk of Court of the Court of Appeal, First Circuit on or before the ___ day of _____, 2016.

                                              _____
                                              JUDGE

SERVICE INSTRUCTIONS:

Court of Appeal, First Circuit, Clerk of Court

22nd Judicial District Attorney's Office

David Temple #562616, Louisiana State Prison, Angola, LA 70712

# APPENDIX "F"

## RULING: DISTRICT COURT PCR

STATE OF LOUISIANA

VERSUS

DAVID SCOTT TEMPLE

FILED: *May 10, 2016*

NUMBER:   559028

22nd JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

*[signature]*

DEPUTY CLERK

## ORDER

Petitioner filed the pending Application for Post-Conviction Relief on March 30, 2016, wherein he alleged ineffective assistance of counsel and that his guilty plea was not willing and knowing. The Court has reviewed the record of this matter and finds that defendant previously filed a Petition for Post Conviction Relief on December 21, 2015, which was denied by Order dated February 22, 2016. In his December 21, 2015 Application, petitioner claimed that he was denied his right to appeal, and sought an out of time appeal. He stated that he was illiterate, unable to understand the proceedings, and unable to ascertain if he pled guilty with the right to appeal.

In the pending application, petitioner asserted the following claims:

1. That he was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense; and

2. That the Court abused its discretion in accepting the guilty pleas from petitioner as willing and knowing.

Petitioner's claim of ineffective assistance of counsel for failing to adequately investigate the case must be determined in light of the two-pronged test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires that a convicted defendant show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. With regard to this claim, the Court finds that petitioner failed to carry his burden of proof pursuant to Louisiana Code of Criminal Procedure Article 930.2.

The Court finds that petitioner's second claim was raised in his December 21, 2015 Application, and thus is a repetitive claim in violation of the provisions of La. C.Cr.P. Article 930.4. Therefore, under Louisiana Code of Criminal Procedure Article 929, the relief sought must be denied.

IT IS HEREBY ORDERED that the Petition for Post Conviction Relief filed by David Temple on March 30, 2016 be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this dismissal to petitioner, the District Attorney for the Parish of St. Tammany, and the petitioner's custodian.

Covington, Louisiana, this _10_ day of May, 2016.

_____
HONORABLE ALLISON H. PENZATO

A CERTIFIED TRUE COPY
Witness my signature and seal of office.
Attested by:_____
DY CLERK, 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

# APPENDIX "G"

## APPLICATION / MEMORANDUM
## PCR

IN THE
22ND JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA


No.: 559028


DAVID SCOTT TEMPLE

vs.

DARRYL VANNOY, Warden
Louisiana State Penitentiary


---

## APPLICATION FOR POST CONVICTION RELIEF AND MOTION FOR PRODUCTION OF DOCUMENTS UNDER PARTICULARIZED NEED

---


Respectfully submitted this 30th day of March, 2016.


DAVID SCOTT TEMPLE, #562616
MPWY/WAL-1
LA. STATE PENITENTIARY
ANGOLA, LA 70712


# CRIMINAL PROCEEDING

*PREPARED BY:*
David Constance #304580 Offender Counsel Substitute III
Main Prison Legal Aid Office
Cell Block Litigation Team
La. State Penitentiary
Angola, LA 70712

**UNIFORM APPLICATION FOR POST-CONVICTION RELIEF**

<u>DAVID SCOTT TEMPLE</u>
NAME OF PETITIONER

No._____
(To be filled in by the clerk)

<u>562616</u>
PRISON NUMBER

22nd JUDICIAL DISTRICT

LA. STATE PENITENTIARY
PLACE OF CONFINEMENT

PARISH OF St. TAMMANY
STATE OF LOUISIANA

vs.

DARRYL VANNOY, Warden
WARDEN, LOUISIANA
STATE PENITENTIARY

Please Serve CUSTODIAN and DISTRICT ATTORNEY, 22nd JUDICIAL DISTRICT, STATE OF LOUISIANA.

**INSTRUCTIONS — READ CAREFULLY**

(1)       This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2)       Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3)       YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4)       When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5)       You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation form the clerk of court of the district court of the parish where you were sentenced or form the institution where you are confined. If that documentation is not attached, you must allege that steps were taken to obtain it.

(6)       Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**PETITION**

1.       Name and location of court which entered the judgment of conviction challenged: <u>22nd Judicial District Court, Parish of St. Tammany</u>

2.       Date of judgment of conviction: <u>August 12, 2015</u>

3.       Length of sentence: <u>Sixty (60) years</u>

4.       Nature of offense involved (all counts): <u>Aggravated Second Degree Battery; Second Degree Kidnapping; Multi Billed</u>

5.       What was your plea? (check one)

        (a)       Not guilty ( )

        (b)       Guilty   (X)

     1.  Not guilty and not guilty by reason of insanity  ( )

If you entered a guilty plea to one or more counts and not guilty to other counts, give details: __N/A__

        (d)       Name and address of the lawyer representing you at your plea (if you had no lawyer please indicate): <u>Ernest Barrow III; 113 East 23rd Ave., Covington, LA 70433</u>

(e)  Was the lawyer appointed ( X ) or hired ( )? (check one)

6.  Kind of trial: (check one)

   (a)  Jury (X)

   (b)  Judge only ( )

7.  (a).  Name and address of lawyer representing you at trial: <u>Same as above</u>

   (b).  Was the lawyer appointed ( X ) or hired ( )?

8.  Did you testify at trial? Yes ( )  No (X)

9.  (a)  Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein: <u>Same as above</u>

   (b)  Was the lawyer appointed ( X ) or hired ( )? (check one)

10.  Did you appeal from the judgment of conviction? Yes ( ) No( X )

11.  If you did appeal, give the following information:

   (a)  Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal (if known): _____

   _____

   (b)  Name and address of lawyer representing you on appeal:

   _____

   (c)  Was the lawyer appointed ( ) or hired ( )? (check one)

12.  Other than direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court. Yes ( ) No ( ).

13.  If your answer to 12 is "yes", give the following information:

   (a)  (1)  Name of court:

      (2)  Nature of proceeding:

      (3)  Claims raised:

      (4)  Did you receive an evidentiary hearing on your                    application?
Yes ( )    No ( )

      (5)  Was relief Granted or denied? _____

      (6)  Date of disposition: _____.

      (7)  Citation of opinion (if known) _____

      (8)  Name and address of lawyer representing you (if none, so state): _____

   _____.

   (9)  Was the lawyer appointed ( ) or hired ( )? (check one)

   (b)  As to any second application give the same information:
      (1) Name of court: _____
      (2) Nature of proceeding: _____

      (3) Claims raised: _____

      (4) Did you receive an evidentiary hearing on your application?
Yes ( )  No ( )

      (5) Was relief granted or denied? _____

      (6) Date of disposition: _____.

      (7) Citation of opinion (if known): _____

      (8) Name and address of lawyer representing you [if none, so state]: _____

   _____.

   (9) Was the lawyer appointed ( ) or hired ( )?

   (c) Have you filed any other applications for Post-Conviction Relief with respect to the challenged

*David Scott Temple v. N. Burl Cain, Warden*          2.

conviction? Yes ( ) No ( )

  If "yes", set forth the details (as above) on separate paper and attach.

  (d) Did you appeal or seek writs of review from the denial of any post- conviction application?

    (1) First petition, etc. Yes ( ) No ( )

    (2) Second petition, etc. Yes ( ) No ( )

  (e) If you did not appeal or seek writs of review from the denial of any post-conviction application, explain briefly why you did not: _____

  (f) Name of the lawyer who represented you on appeal of any post-conviction application [if none, so state]:

1. First petition _____
2. Second petition _____

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide yo with grounds for relief:

  (1) You conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

  (2) The court exceeded its jurisdiction;

  (3) Your conviction or sentence subjected you to double jeopardy;

  (4) The limitations on prosecution had expired;

  (5) The statute creating the offense for which you were convicted and sentenced is unconstitutional;

  (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FORM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1) Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2) Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3) Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4) A successive application may be dismissed if it fails to raise a new or different claim.

(5) A successive application may be dismissed if it raises a new or different claim that was

*David Scott Temple v. N. Burl Cain, Warden*   **3.**

inexcusably omitted form a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceedings leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

## CLAIM[S]

YOU MAY ATTACH ADDITIONAL PAGES SETTING FORTH THE REQUIRED INFORMATION (BELOW) IF ADDITIONAL CLAIMS ARE ASSERTED.

## CLAIM I

Claim: **Mr. Temple was denied his right to effective assistance of counsel.**

(a) Supporting FACTS (tell your story briefly without citing cases or law): **See Memorandum in Support.**

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so explain why: **Ernest R. Barrow III, 113 East 23rd Ave., Covington, LA 70433.**

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Attorney failed to file for Appeal.**

## CLAIM II

Claim: **The Court abused its discretion in accepting the guilty plea from Mr. Temple as willing and knowing.**

(a) Supporting FACTS (tell your story briefly without citing cases or law): **See Memorandum in Support.**

(b) List names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why: **Family members and myself.**

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: **Attorney failed to file for Appeal.**

## CLAIM III

Claim: _____.

(a) Supporting FACTS (tell your story briefly without citing cases of law):

(b) List of names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why:_____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: _____.

## CLAIM IV

Claim: _____.

(a) Supporting FACTS (tell your story briefly without citing cases of law):

(b) List of names and addresses of witnesses who could testify in support of your claim. If you cannot do so, explain why: _____.

(c) If you fail to raise this ground in the trial court prior to conviction, on appeal, or in a prior application, explain why: _____.

A.    Do you have in a state or federal court any petition or appeal now pending as to the judgment challenged? Yes ( ) No (X). If "yes", name the court.

*David Scott Temple v. N. Burl Cain, Warden*          4.

B.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment challenged? Yes ( )   No (X)

    (1) If so, give name and location of court which imposed sentence to be served in the future:

    (2) Give date and length of sentence to be served in the future:

    (3) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( )   No ( ).

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

_____
Signature of Petitioner

| 30 | March | 2016 |
|----|-------|------|
| Day/ | Month | /Year |

**APPLICATION FOR APPOINTMENT OF COUNSEL**

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

**NONE**

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

_____
Signature of Petitioner

**AFFIDAVIT**

STATE OF LOUISIANA
PARISH OF WEST FELICIANA

    Before me, the undersigned Classification Officer or prison official authorized to sign, did personally appear David Scott Temple, #562616, who verifies that he is the Petitioner in the above and foregoing; that he has read and understands the contents thereof; that he believes the contents thereof to be true and correct to the best of his knowledge, belief, and information, under the penalties of perjury prescribed by law.

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2016.

_____
Classification Officer or other person authorized
to sign.

*David Scott Temple v. N. Burl Cain, Warden*        **5.**

## TABLE OF CONTENTS:

TABLE OF AUTHORITIES........................................................................................................ii

MEMORANDUM IN SUPPORT...............................................................................................1

JURISDICTION AND VENUE...................................................................................................1

NOTICE OF PRO-SE FILING.....................................................................................................1

STATEMENT OF THE CASE......................................................................................................2

STATEMENT OF THE FACTS....................................................................................................2

UNAVAILABILITY OF TRIAL RECORDS...............................................................................2

CLAIMS FOR RELIEF................................................................................................................3

CLAIM NO. 1...............................................................................................................................3

    Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of Strickland v. Washington; Sixth and Fourteenth Amendments to the United States Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19...........................................................3

    Plea Bargaining.................................................................................................................14

    The Standards of Strickland and Cronic........................................................................15

CLAIM NO. 2.............................................................................................................................17

    The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; Boykin v. Alabama.........17

CONCLUSION AND PRAYER..................................................................................................19

CERTIFICATE OF SERVICE....................................................................................................19

VERIFICATION.........................................................................................................................19

## TABLE OF AUTHORITIES:

### U.S. CONSTITUTION:

Sixth Amendment to the United States Constitution................................................2, 3, 4, 5, 12, 14, 16
Sixth and Fourteenth Amendments of the United States Constitution.........................3, 5, 10, 17

### FEDERAL CASES:

Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)...................4
Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002)...............................15
Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)........................13, 14
Blake v. Zant, 513 F. Supp. 772 (S.D.Ga. 1981)........................................................................6
Boykin v. Alabama, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)..........................15, 17
Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)..............................................14
Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).......................14
Burley v. Cabana, 818 F.2d 414, 417 (5th Cir. 1987)........................................................11
Coles v. Peyton, 389 F.2d 224 (4th Cir. 1968)................................................................8
Cullen v. Pinholster, 131 S.Ct. 1388............................................................................4
Deutscher v. Angelone, 16 F.3d 981 (9th Cir. 1994)........................................................10
Deutscher v. Whitley, 884 F.2d 1152 (9th Cir. 1989).....................................................6, 10
Douglas v. Wainwright, 714 F.2d 1532 (11th Cir. 1983)....................................................7
Duckworth v. Dillon, 751 F.2d 895 (7th Cir. 1984)........................................................6
Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491......................................12
Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985)..................7
Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).............................3, 4
Goodwin v. Balkcom, 684 F.2d 794 (11th Cir. 1982)......................................................6, 7
Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)...................................1
Harich v. Wainwright, 813 F.2d 1082 (11th Cir. 1987)....................................................11
Hernandez v. United States, 778 F.3d 1230, 1234 (11th Cir. 2015)........................................12
Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974)........................................................15
Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).............................5, 14
House v. Balkcom, 725 F.2d 608 (11th Cir. 1984)..........................................................6
In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368...............................................13
Johnson v. Estelle, 704 F.2d 232 (5th Cir. 1983)............................................................7
Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)....................................3
Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)...........................13
Kimmelman v. Morrison, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986)................7
King v. Strickland, 714 F.2d 1481, 1490 (11th Cir. 1983)....................................................7
Kovacs v. United States, 744 F.3d 44, 51 (2d Cir. 2014)......................................................12
Lafler v. Cooper, 132 S.Ct. 1376 (2012)....................................................................4, 14
Mallory v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653..............................................13
Martin v. Maggio, 711 F.2d 1273 (1983)....................................................................11
McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)........................7
Missouri v. Frye, 132 S.Ct. 1399.........................................................................4, 12, 14
Murray v. Carrier, 477 U.S. 478, 496 (1986)................................................................11
Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985)........................................................7
Padilla v. Kentucky, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).......................12
Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.............................................12
Porter v. Wainwright, 805 F.2d 930, 933 (11th Cir. 1986)....................................................7
Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)..........................................3
Premo v. Moore, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011)...............................14
Santobello v. New York, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)................13, 14
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)...........3, 7, 13, 15
Tyler v. Kemp, 755 F.2d 741 (11th Cir. 1985)................................................................7
U.S. v. Gray, 878 F.2d 702...................................................................................5
U.S. v. Kenyon, 481 F.3d 1054 (C.A. 8 (S.D.) 2007)........................................................10
U.S. v. Robertson, 606 F.3d 943 (C.A. 8 (N.D.) 2010)........................................................10
United States v. Cronic, 466 U.S. 648, 662 (1984)....................................................7, 15, 16
United States v. Otero, 848 F.2d 835, 837, 839 (7th Cir. 1988)..............................................6
Wade v. Armontrout, 798 F.2d 304 (8th Cir. 1986)..........................................................7
Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019.......................................13
Windom v. Cook, 423 F.2d 721 (5th Cir. 1970)................................................................7

## LA CONSTITUTION:

La. Const. 1974, Art. V, § 16...................................................................................................1
Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22................................17
Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19....................................17
Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19..........................................3

## STATUTORY PROVISIONS:

18 U.S.C.A.  §§ 1153, >2241 (c), >2246 (2)(A, B, D)....................................................10
La. C.Cr.P. art. 924, et seq...........................................................................................1
La.C.Cr.P. Art. 930........................................................................................................11
LSA-R.S. 14:10.............................................................................................................10
LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445........................................................10
LSA-R.S. 14:15...........................................................................................................8, 12
LSA-R.S. 14:15 (2).........................................................................................................8
LSA-R.S. 14:44.1..........................................................................................................12
LSA-R.S. 15:529.1.........................................................................................................18
LSA-R.S. 34.7................................................................................................................12

## STATE CASES:

Commonwealth Ex Rel. West v. Rundle, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968)...................17
Commonwealth v. Grassmyer, 402 A.2d 1052, 1054 (Pa. 1979)....................................11
Frett v. State, 378 S.E.2d 249, 251 (S.C. 1988).............................................................6
People v. LaBree, 34 N.Y.2d 257, 313 N.E.2d 730 (1974)............................................8
Presley v. State, 388 So.2d 1385 (Fla. DCA2 1980)....................................................11
State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La. 1971)....................17
State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La. 1982).........................................15
State ex rel. Leblanc v. Henderson, 261 La. 315, 259 So.2d 557 (La. 1972)...............17
State v. Dardar, 353 So.2d 713 (La. 1977)...................................................................10
State v. Domangue, 476 So.2d 986 (La. App. 1st Cir. 1985)........................................15
State v. Egana, 771 So.2d 638 (La. 2000)......................................................................1
State v. Fuller, 454 So.2d 119 (La. 1984)......................................................................6
State v. Galliano 396 So.2d 1288 at 1289 (La. 1981)...................................................18
State v. Godejohn, 425 So.2d 750 (La. 1983)................................................................15
State v. Graham, 513 So.2d 419 (La. App. 2nd Cir. 1987)...........................................15
State v. Harvey, 692 S.W.2d 290 (Mo. 1985)................................................................6
State v. Holden, 375 So.2d 1372 (La. 1979)..................................................................17
State v. Lewis, 367 So.2d 1155 (La. 1979)....................................................................17
State v. Mosk, 387 So.2d 1108 (La. 1980)......................................................................1
State v. Myles, 389 So.2d 12, 28-31 (La. 1980).............................................................6
State v. Smith, 513 So.2d 544 (La. 2nd Cir. 1987)........................................................15
State v. Sparrow, 612 So.2d 191, 199 (La. App. 4th Cir. 1992)....................................7
State v. Watts, 550 So.2d 711, 712 (La. App. 2nd Cir. 1989).......................................15

## MISCELLANEOUS:

Clark and Marshall, Law of Crimes (4th ed. 1940) 135, § 95..........................................9

**DAVID SCOTT TEMPLE**

**Vs. No.: 559028**

**DARRYL VANNOY, Warden,**
**Louisiana State Penitentiary**

**22ND JUDICIAL DISTRICT COURT**

**PARISH OF ST. TAMMANY**

**STATE OF LOUISIANA**

---

Date Filed By Clerk of Court

---

Dpty. Clerk of Court

---

## MEMORANDUM IN SUPPORT OF APPLICATION FOR POST CONVICTION RELIEF AND MOTION FOR PRODUCTION OF DOCUMENTS UNDER PARTICULARIZED NEED

**MAY IT PLEASE THE COURT:**

NOW INTO COURT COMES, David Scott Temple, *Pro Se* Petitioner, who respectfully presents this "*Recalled Memory*" "Memorandum of Law in Support" and Motion for Production of Documents Under Particularized Need, of which he respectfully incorporates into and makes a part of his Uniform Application for Post-Conviction Relief. Furthermore, after due and proper consideration of the merits herein and the argument presented, Mr. Temple respectfully moves this Honorable Court to grant him post-conviction relief, and set aside his current conviction and sentence for the reasons established herein.

### JURISDICTION AND VENUE

Jurisdiction and venue are proper before this Honorable Court pursuant to *La. Const. 1974, Art. V, § 16*, and *La. C.Cr.P. art. 924, et seq.*

### NOTICE OF PRO-SE FILING

Mr. Temple requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *State v. Moak*, 387 So.2d 1108 (La. 1980)(Pro-se petitioner not held to same stringent standards as a trained lawyer); *State v. Egana*, 771 So.2d 638 (La. 2000)(less stringent standards than formal pleadings filed by lawyers). Mr. Temple is a layman of the law and untrained in the ways of filings and proceedings of formal pleadings in this Court.

## STATEMENT OF THE CASE

As Mr. Temple has virtually no record other than the guilty plea colloquy from August 12, 2015 for one Count of Aggravated Second Degree Battery and one Count of Second Degree Kidnapping.

According to Mr. Temple, trial had commenced on August 12, 2015, with the State presenting two (2) witnesses prior to the lunch break, but after selection of the jury. After the break, defense counsel informed the Court that Mr. Temple wished to withdraw his previous plea of not guilty and enter a plea of guilty. Defense counsel also informed the Court that after a discussion with Mr. Temple, the State, and Mr. Temple's parents, Mr. Temple was now ready to plead guilty to the charges, with a multiple bill enhancement for Second Felony Offender for a sixty (60) year sentence.

During the guilty plea colloquy, Mr. Temple informed the Court that he had a sixth grade education, he was an alcoholic, he had assistance obtaining his driver's license, and that his occupation was a "cowboy."

## STATEMENT OF THE FACTS

As there is no Record or transcript from the Court, a Statement of Facts is not possible for the writer of this. However, this is a request for a collateral review from guilty pleas by Mr. David Scott Temple that occurred on August 12, 2015. The writer of this is relying solely on the guilty plea transcript that Mr. Temple was able to obtain from the Court, the attorney's file, and Mr. Temple's *"Recalled Memory"* of the proceedings.

Mr. Temple appeared before the 22nd Judicial District Court on August 12, 2015 for trial proceedings. After the jury was selection and two State witnesses testified, Mr. Temple withdrew his former plea of not guilty and plead guilty.

## UNAVAILABILITY OF TRIAL RECORDS

Mr. Temple is not in possession of the trial record in this matter and is perfecting his application for Post-Conviction Relief solely from memory. After due consideration, Mr. Temple prays that this Honorable Court will grant him a copy of the record, or in the alternative, loan him a copy of the record for the purpose of further perfecting his application in order to protect his rights and to fully and fairly present all his claims before the Court so that it may make a just ruling in the cause.

Mr. Temple has never been afforded the opportunity to review the Record of the Court, except the guilty plea colloquy, due to the fact that he has plead guilty in this matter. Mr. Temple has attempted to obtain the Record through a Public Records Request, a Motion for Production of Guilty Plea

Transcript, and an Application for Post-Conviction Relief for Out-of-Time Appeal. However, after due diligence on his part, Mr. Temple has been denied the transcript of the jury selection and the State's first two witnesses.

## CLAIMS FOR RELIEF
### CLAIM NO. 1

**Mr. Temple was denied effective assistance of counsel due to counsel's failure to investigate and prepare a viable defense, in violation of *Strickland v. Washington*; Sixth and Fourteenth Amendments to the United States Constitution; and, Louisiana Constitution of 1974, Article I, §§ 2, 13, 16, and 19.**

**NOTE:** Mr. Temple is preparing this solely from his memory, the attorney file and the guilty plea colloquy he has recently obtained. As Mr. Temple is unable to read and write, he is obtaining assistance from an Offender Counsel Substitute at the Louisiana State Penitentiary. It must also be noted that Mr. Temple has been unable to obtain the transcript from the start of his trial. After jury selection and testimony of two State witnesses, Mr. Temple withdrew his not guilty plea and entered a plea of guilty to the charges. Additionally, Mr. Temple subsequently plead guilty to the Habitual Offender Bill of Information with the understanding that he would receive a sixty (60) year sentence, to be served at hard labor with the Louisiana Department of Public Safety and Corrections.

Mr. Temple contends that he was denied the right to effective assistance of counsel during these proceedings. Due to counsel's ineffectiveness, Mr. Temple was virtually forced to plead guilty to the charges as counsel had failed to interview witnesses, investigate the allegations, or prepare a defense before the commencement of trial.

It must be noted that Mr. Temple had withdrew his not guilty plea after the commencement of the trial in this matter. The jury had been selected and the State had presented two witnesses prior to Mr. Temple's decision to withdraw his not guilty verdict. At this time, Mr. Temple does not have the transcript of the jury selection, or the testimony presented by the State's witnesses, and is unable to remember verbatim the gist of the testimony. Mr. Temple has diligently attempted to obtain this transcript through the Court.

The Sixth Amendment to the United States Constitution guarantees those accused of crimes to have the assistance of counsel for their defense. U.S. Const. Amend. VI. The purpose of this Sixth Amendment right to counsel is to protect the fundamental right to a fair trial. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Gideon v. Wainright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The skill and knowledge counsel is

intended to afford a Defendant "ample opportunity to meet the case of the prosecution." *Strickland,* 466 U.S. at 685 (citing *Adams v. United States ex rel. McCann,* 317 U.S. 269, 275, 276, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942)).

It should be noted that in one of the most well-noted cases decided by the United States Supreme Court concerning ineffective assistance of counsel was *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), where Gideon had hand-written the Supreme Court complaining of his attorney's assistance in his case. The United States Supreme Court did not hold Mr. Gideon to the same standards as a professional attorney at that time. Therefore, Mr. Temple is requesting the same from this Honorable Court.

Mr. Temple contends that he was denied effective assistance of counsel during the plea bargain process. *Lafler v. Cooper,* 132 S.Ct. 1376, and *Missouri v. Frye,* 132 S.Ct. 1399. Issue No. 1 follow to wit:

In both *Cooper* and *Frye,* the United States Supreme Court settled a long standing conflict of law. Does the *Strickland* standard of effective assistance of counsel extend to the guilty plea where counsel provided erroneous advice?

The High Court maintained that there **is not** a constitutional right to a guilty plea [however], once a plea bargain is introduced, then the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution is upheld. Furthermore, the Supreme Court ruled that the "right to effective assistance of counsel applies to [all] critical stages of the criminal proceedings." *Frye; Cullen v. Pinholster,* 131 S.Ct. 1388.

To prevail on an ineffective assistance of counsel Claim, the performance prong of *Strickland v. Washington,* supra, requiring a defendant to show "that counsel's representation fell below an objective standard of reasonableness." *Id.,* at 688, 104 S.Ct. 2052. To establish *Strickland* prejudice, a defendant must show that there is a reasonable probability that for counsel's unprofessional error, the result of the proceeding would have been different. *Id.,* at 694, 104 S.Ct. 2052. "In context of a plea, a defendant must show the outcome of the plea process would have been different with competent advice." *Frye, ante,* at 1388-1389, 132 S.Ct. 1399 (noting that *Strickland's* inquiry as applied to advice with respect to plea bargain turns on whether the result of the proceedings would have been different. *Strickland,* at 694).

Mr. Temple contends that trial counsel was not prepared for trial, nor had counsel prepared Mr. Temple for trial, misled trial court in that he prepared Mr. Temple for trial. Counsel never discussed the

case with Mr. Temple. In fact it appears that defense counsel subpoenaed no witnesses for the trial.

Mr. Temple contends that he was unskilled to make such determinations [especially] the very morning of a trial. Had counsel advocated, or been prepared to advocate for Mr. Temple, then he would have been prepared to test the prosecution's case and Mr. Temple would have insisted upon proceeding to trial; opposed to yielding to the advice of attorney that he needed to plead guilty to the charges and the Multiple Offender Bill of Information for a sentence of sixty (60) years.

Courts throughout Louisiana, including both Federal and United States Supreme Court have routinely upheld the fact that in order for practicing attorney to be rendered effective, he/she must at the very least conduct a minimum investigation.

This argument is supported by *U.S. v. Gray*, 878 F.2d 702:

"Thus, the Court of Appeals, we are in agreement that failure to conduct an investigation generally constitute a clear instance of ineffectiveness."

Mr. Temple contends that counsel was so ineffective that he sat idly by while the prosecutor led his client (Mr. Temple) to the henchmen without so much as uttering a word.

Quoting *U.S. v. Cronic*, 466 U.S., at 659:

"If counsel entirely fail to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights, that make the adversarial process itself presumptively unreliable." (See: *Boykin* transcript, p. 5, lines 7-32).

Mr. Temple contends that counsel failed to adequately advise him of his constitutional rights, Sixth Amendment, to face and/or confront/cross-examine his accusers. Had Mr. Temple understood that he had such a right, it would be at the very least questionable (if not ridiculous), Mr. Temple would have insisted on going to trial.

In *Hill v. Lockhart*, 474 U.S. 52, 88 L.Ed.2d 203, Judge White offered:

"If it is necessary, in my view, to focus on the 'plea statement' signed by Petitioner. The statement is a standardized form to be completed by defense counsel, in consultation with his client and submitted to the court for consideration. The form calls for specific information [the insertion] in the opposite spaces."

Mr. Temple contends that the bedrock that the whole judicial framework rest on is hinged on the Sixth and Fourteenth Amendment rights to Confrontation and Due Process. If any counsel neglects such a right as fundamental, they cannot possibly render effective assistance of counsel.

Acknowledging the extreme importance of this right, the United States Supreme Court has held: "That a person who happens to be a lawyer is present at trial alongside the accused ... is not enough to satisfy the constitutional command." The Sixth Amendment recognizes the right to the assistance of

counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. *Strickland v. Washington*, 466 U.S. at 685.

Thus, the Courts have recognized that "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 (1970).

In *State v. Myles*, 389 So.2d 12, 28-31 (La. 1980), the Supreme Court of Louisiana found ineffective assistance of counsel on the face of the appellate record under circumstances very similar to this case. Trial counsel rested without additional evidence, failed to object to inadmissible evidence, and failed to object to erroneous instructions. *Id.* at 28-29. See also: *United States v. Otero*, 848 F.2d 835, 837, 839 (7th Cir. 1988); *Deutscher v. Whitley*, 884 F.2d 1152, 1162 (9th Cir. 1989); *Duckworth v. Dillon*, 751 F.2d 895 (7th Cir. 1984); *Goodwin v. Balkcom*, 684 F.2d 794 (11th Cir. 1982)(ineffective assistance found where counsel failed to: (1) investigate; (2) raise a challenge to the petit jury selection system; (3) raise illegality of the arrest; (4) interview crucial witnesses; and (5) object to an improper *Witherspoon* excusal); *Blake v. Zant*, 513 F. Supp. 772 (S.D.Ga. 1981)(ineffective counsel in capital cases; standards applied with particular care; showing of prejudice not always required); *State v. Harvey*, 692 S.W.2d 290 (Mo. 1985)(counsel's non-participation at the trial without the client's express consent is ineffective assistance of counsel).

> While a defendant must ordinarily show that counsel's ineffective assistance resulted in actual prejudice, such a showing may be exempted where counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary.

*Frett v. State*, 378 S.E.2d 249, 251 (S.C. 1988)(citing *House v. Balkcom*, 725 F.2d 608 (11th Cir. 1984)).

A defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test of *Strickland v. Washington*, supra; *State v. Fuller*, 454 So.2d 119 (La. 1984). The defendant must show that: (1) counsel's performance was deficient; and (2) that the deficiency prejudiced the defendant. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to

prove that counsel was so ineffective as to require reversal. *State v. Sparrow*, 612 So.2d 191, 199 (La. App. 4th Cir. 1992).

"At the heart of effective representation is the independent duty to investigate and prepare." *Goodwin v. Balkcom*, 684 F.2d 794, 805 (11th Cir. 1982); accord *Porter v. Wainwright*, 805 F.2d 930, 933 (11th Cir. 1986); *Tyler v. Kemp*, 755 F.2d 741 (11th Cir. 1985); *Douglas v. Wainwright*, 714 F.2d 1532 (11th Cir. 1983), vacated, 104 S.Ct. 3575, 82 L.Ed.2d 874 (1984), adhered to, 739 F.2d 531 (1984). As the Court held in *Wade v. Armontrout*, 798 F.2d 304 (8th Cir. 1986): Investigation is an essential component of the adversary process. "Because [the adversarial] testing process generally will not function properly unless counsel has done some investigation into the prosecution's case and into various defense strategies . . . 'counsel has a duty to make reasonable investigations. . . .'" *Id.* at 307 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986) (quoting *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)).

However, the mere presence of an attorney does not satisfy the constitutional guarantee of counsel. As the Supreme Court has often noted, an accused is entitled to representation by an attorney, whether retained or appointed. "Who plays the role necessary to ensure that the trial is fair." *Morrison*, 477 U.S. at 377, 106 S.Ct. at 2584, quoting *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 274 (1984). "In other words, the right to counsel is the right to effective assistance of counsel, citing *Evitts v. Lucey*, 469 U.S. 387, 395-96, 105 S.Ct. 830, 835-36, 83 L.Ed 2d 821 (1985).

The State had provided "Open File Discovery" to counsel. The attorney file was complete concerning the pictures, interviews, and other evidence. However, there was **NO** further investigation on the part of the defense attorney. Everything contained in the attorney file came from the District Attorney's Office through discovery. It appears that defense counsel in this matter simply relied on the State's investigation.

Defense counsel "did not **chose** strategically or otherwise, to pursue one line of defense over another. Instead, he simply abdicated his responsibility to advocate his client's cause." *Nealy v. Cabana*, 764 F.2d 1173, 1178 (5th Cir. 1985)(emphasis in original); see also: *King v. Strickland*, 714 F.2d 1481, 1490 (11th Cir. 1983), vacated, 104 S.Ct. 3575, 81 L.Ed.2d 358 (1984), adhered to, 748 F.2d 1462 (1984)(counsel ineffective where some mitigating evidence presented, but lack of preparation of other evidence); *Johnson v. Estelle*, 704 F.2d 232 (5th Cir. 1983)(failure to investigate sanity defense); *Windom v. Cook*, 423 F.2d 721 (5th Cir. 1970)(effective representation includes counsel's familiarity

with the case and proper investigation); *Coles v. Peyton,* 389 F.2d 224 (4ᵗʰ Cir. 1968)(no investigation or prosecutrix's character or search for potential witnesses); *People v. LaBree,* 34 N.Y.2d 257, 313 N.E.2d 730 (1974)(lack of preparation rendered trial "farce and mockery").

In support of Mr. Temple's Claim of counsel's failure to prepare or investigate, Mr. Barrow had prepared a 22ⁿᵈ Judicial District Court Public Defender Office Statement in Support of Compensation and Expenses of Appointed Counsel. In this Report, Mr. Barrow states that he performed the following services:

|  |  |  |
|---|---|---|
| Under No. 1; | | |
| 7/06/15 | Attended pretrial w/ client | 1.0 hours |
| 5/27/15 | Attended pretrial w/o client | 0.5 hours |
| Under No. 2; | | |
| 8/6/15 | Review of discovery for trial; telephone conference w/ ADA | 1.75 hours |
| 8/6/15 | Meeting with client in jail | 1.25 hours |
| 6/4/15 | Received and reviewed file from PDO | 1.5 hours |
| Under No. 3; | | |
| 8/10 | Picked jury | 5.0 hours |
| 8/12 | Motions (404B); Opening statements, 2 witnesses Guilty plea and sentencing | 5.5 hours |

(See: Statement in Support of Compensation and Expenses)

According to Mr. Barrow's own Statement in Support returned to the Public Defender's Office, Mr. Barrow stated that he only reviewed or investigated this matter for a total of 4.5 hours in preparation for trial. Mr. Barrow further stated that he had interviewed Mr. Temple for 1.25 hours in the jail, a mere four (4) days prior to picking the jury for trial. There is no record of any other interview with Mr. Temple noted by Mr. Barrow. Furthermore, Mr. Barrow stipulates that he spent a total of 16.5 hours on this case, which included the 10.5 hours for the trial proceedings (See: 8/10 and 8/12).

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for a intoxication defense.

Mr. Temple contends that the counsel failed to investigate any viable defense that could be presented during the course of the trial. According to Mr. Temple's lay memory, the only time that counsel discussed the pending trial with him was a few days before the commencement of trial. At that time, the only discussion Mr. Temple can recall between him and his counsel was, "What size clothes do you wear?"

Mr. Temple avers that had counsel prepared and investigated prior to the commencement of trial, counsel would have known that Mr. Temple could assert an Intoxication defense. LSA-R.S. 14:15

(2). LSA-R.S. 14:15 (2) explains that the culpability of an offender who is intoxicated at the time of the offense would be significantly lowered, especially when the alleged offense relies on a "Specific Intent" or "Specific Knowledge" in order to convict.

LSA-R.S. 14:15. Intoxication, states in pertinent part:

The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:

(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.

It is also well settled that intoxication may, in some cases, be so great as to negate the specific intent or knowledge necessary in some crimes, and in this instance the defense of intoxication may be raised. Clark and Marshall, Law of Crimes (4th ed. 1940) 135, § 95.

Had counsel conferred with Mr. Temple, counsel would have known that Mr. Temple had a long history of alcohol abuse. Mr. Temple's parents and friends would have testified to this fact had counsel investigated and prepared for trial. Even during the course of the guilty plea colloquy, Mr. Temple informed the Court that he was "drunk" at the time of the offense, that he didn't really remember what had occurred, and that he was very sorry for what had happened. Had counsel investigated, even minimally, counsel would have discovered that Mr. Temple's occupation as being a "Cowboy;" that Mr. Temple had an alcohol problem; that Mr. Temple had a sixth grade education; Mr. Temple even had to have assistance with his drivers license test due to his illiteracy.

Furthermore, during the course of the guilty plea colloquy, Mr. Barrow informed the Court that, "And that he wanted to apologize to the victims and that -- and tell the Court certain that he -- about his alcoholism and his memory and why after seeing some of the evidence he thought that he should spare the victim and the Court the rest of this trial" (See: Guilty Plea Tr.p. 4, lines 11-17).

On the 22nd Judicial District Court Bond Reduction Questionnaire, it was noted on number 10 that Mr. Temple was alcohol dependent. However, counsel failed to consider this defense.

On November 25, 2014, Ms. Ladner (the alleged victim) completed a St. Tammany Parish Sheriff's Office Judicial Risk Assessment Form. Mr. Temple would like this Honorable Court to especially note question 6 (a), where Ms. Ladner had checked off that Mr. Temple had a Substance abuse problem (See: Exhibit "__").

Had Mr. Barrow reviewed the file provided by the State thoroughly in this matter, he would have known that there was evidence for an intoxication defense.

Specific criminal intent exists when the defendant "actively desired the prescribed criminal

consequences to follow his act ..." Whereas, general criminal intent exists when the defendant "in the ordinary course of human experience, must have averted to the prescribed criminal consequences as reasonably certain to result from his act ..." LSA-R.S. 14:10.

"In prosecution for Simple Burglary wherein defendant introduced evidence of intoxication to negate specific intent, thus increasing the importance of a correct instruction on intent, trial court's instruction as to specific intent was fatally defective and prejudicial, requiring reversal of the conviction, where trial court diluted initially correct instructions so as to require only that defendant voluntarily and knowingly did the act and the act was intentional rather than unintentional or accidental. LSA-R.S. 14:10; 14:10(1), 14:15; 14:62; 15:445." *State v. Dardar*, 353 So.2d 713 (La. 1977).

A defendant charged with a specific intent crime is entitled to an intoxication instruction when the evidence would support a finding that the defendant was in fact intoxicated and that was a result there was a reasonable doubt that he lacked specific intent. *U.S. v. Robertson*, 606 F.3d 943 (C.A. 8 (N.D.) 2010); 110k774.

Reversal was required, in prosecution for Aggravated Sexual Abuse of a Child, where district court failed to apply jury instruction on voluntary intoxication or drug use to count which charged defendant with attempting to commit sexual abuse; evidence that defendant may have been heavily intoxicated at time he committed the charged crimes bore on whether he had the requisite specific intent. 18 U.S.C.A. §§ 1153, >2241 (c), >2246 (2)(A, B, D). *U.S. v. Kenyan*, 481 F.3d 1054 (C.A. 8 (S.D.) 2007); 110k1173.2(3). Sixth and Fourteenth Amendments to the United States Constitution.

Mr. Temple contends that Aggravated Second Degree Battery and Second Degree Kidnapping are crimes of "specific intent," and would be subjected to the provisions of R.S. 14:15, if proven by the defense. However, as must be noted, defense counsel failed to investigate into the possibility of any type of defense in this matter.

In *Deutscher v. Whitley*, 884 F.2d 1152 (9th Cir. 1989)(decision vacated and remanded by Supreme Court several times; last opinion which *again* finds IAC in *Deutscher v. Angelone*, 16 F.3d 981 (9th Cir. 1994). Trial counsel ineffective in penalty phase of capital trial for not investigating and presenting mitigating evidence despite sentencing argument that defendant must have had some mental problems. Adequate investigation would have revealed diagnoses of schizophrenia, pathological intoxication, and organic brain damage; commitments to mental institutions; and a history of good behavior in institutional settings.

In *Harich v. Wainwright*, 813 F.2d 1082 (11ᵗʰ Cir. 1987), the Court held that petitioner had stated a claim of ineffectiveness if an intoxication defense had not been pursued because "counsel misunderstood the law . . ." *Id.* at 1089; see also *Commonwealth v. Grassmyer*, 402 A.2d 1052, 1054 (Pa. 1979); *Presley v. State*, 388 So.2d 1385 (Fla. DCA2 1980).

"To be considered effective, counsel has a duty to make at least a minimum investigation of the law, especially on such an important issue as sentencing mitigation . . ." *Burley v. Cabana*, 818 F.2d 414, 417 (5ᵗʰ Cir. 1987). For example, in *Presley v. State*, 388 So.2d 1385 (Fla. DCA2 1980), defense counsel had expressed his erroneous belief that "voluntary intoxication is not a defense in these matters." *Id.* 1386. Since the crimes charged were specific intent crimes, this was clearly wrong, and formed the basis for reversal on grounds of ineffectiveness. *Id.*

Ineffective assistance... failure to investigate intoxication defense; *Martin v. Maggie*, 711 F.2d 1273 (1983).

In *Murray v. Carrier*, 477 U.S. 478, 496 (1986) the court stated:

"The right to effective assistance of counsel... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."

In *Lafler*, the Court held that *Strickland* is appropriate "clearly established federal law" to apply to Claims of ineffective assistance of counsel in plea-bargaining, even when the Claim relates to a foregone plea. See: *Lafler*, 132 S.Ct., at 1384. By applying this holding in *Lafler*, a habeas petition subject to AEDPA, the Court necessarily implied that this holding applies to habeas Petitioners whose cases are final on Direct Review, i.e., that the holding applies retroactively. The state district court ruling without the benefit of an evidentiary hearing, rejected Mr. Temple's Claim based on unsupported procedural bars. But, based on *Lafler* and *Frye*, neither a trial free of constitutional flow not a voluntary and intelligent guilty plea wipes clean any deficient performance by defense counsel during plea-bargaining. Yet, Louisiana state district courts fail to adhere to their own standards and hold an evidentiary hearing. La.C.Cr.P. Art. 930.

The United States Supreme Court explicitly envisioned the possibility of an evidentiary hearing in the course of demonstrating a Claim of ineffective assistance of counsel during plea-bargaining. In *Lafler*, the Court noted that an evidentiary hearing may sometimes be required to show prejudice. See: 132 S.Ct. 1389.

In this situation, the Court may conduct an evidentiary hearing to determine whether the defendant (Mr. Temple) has shown a reasonable probability that but for counsel's errors he would have

accepted the plea; and that the holdings in *Lafler* and *Cooper* retroactively apply.

According to the Record, Mr. Temple was guilty of the following offenses, for the reasons cited herein:

LSA-R.S. 34.7. Aggravated Second Degree Battery.

A. (1) Aggravated second degree battery is a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury.

LSA-R.S. 14:44.1. Second Degree Kidnapping

A. Second Degree Kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:

(3) Physically injured or sexually abused.

B. For the purpose of this Section, kidnapping is:

(3) The imprisoning or forcible secreting of any person.

Mr. Temple contends that Aggravated Second Degree Battery and Second Degree Kidnapping are crimes of "specific intent," and would be subjected to the provisions of R.S. 14:15, if proven by the defense. However, as must be noted, defense counsel failed to investigate into the possibility of any type of defense in this matter.

As noted in *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), "plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

To establish an inadequate assistance of counsel claim based on defense counsel's responsibilities during the plea process, the defendant must show that if his counsel had not made the error of which he complains (in this case failing to advise that he faced automatic life sentence if he pled guilty), there was a "reasonable probability" that he would have gone to trial rather than having pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). See also *Padilla v. Kentucky*, 559 U.S. 356, 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); *Kovacs v. United States*, 744 F.3d 44, 51 (2d Cir. 2014). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra, 559 U.S. at 372, 130 S.Ct. 1473; *Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).

A guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, to confront one's accusers, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, to present

witnesses in one's defense, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, to remain silent, *Mallory v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and to be convicted by proof beyond all reasonable doubt, *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

Since *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927)("A plea of guilty differs in purpose and effect from a mere admission or an extra judicial confession; it is itself a conviction...Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.")(Emphasis added). On timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear, or inadvertence. *Id* at 224, 47 S.Ct. at 583. Mr. Temple avers that the guilty pleas were unfairly obtained and based upon wholly incorrect advice of counsel due to the fact of his illiteracy.

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). A plea bargain must present favorable terms, otherwise, a defendant would never enter a plea because there would be no bargain. Mr. Temple avers that he had not been properly advised, and did not have full understanding of the consequences. Had Mr. Temple been properly advised, and had an understanding of the consequences, he would not have pled guilty. Mr. Temple avers that there is no reason for any defendant to plead guilty to a sixty year sentence (virtual "life" without the benefit of parole). Mr. Temple entered the pleas because Counsel failed to fully advise him of all of the consequences of such.

Mr. Temple submits that Defense Counsel was incompetent and grossly ineffective from the onset of the proceedings and thereafter. A claim of ineffective assistance of counsel is analyzed under the two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" measured by "prevailing professional norms, and that counsel's "deficient performance prejudiced him." *Id* at 687, 104 S.Ct. 2052. The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. To establish the second prong, a defendant must show that the deficient performance prejudiced the defense to the extent that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id* at 694, 104 S.Ct. 2052.

In the context of a guilty plea, the prejudice prong of the test requires a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The defendant must also show that to reject the plea bargain and go to trial would have been "rational under the circumstances." *Padilla v. Kentucky*, supra; *Hernandez v. United States*, supra.

*Plea Bargaining*

In 2012, the U.S. Supreme Court decided two cases that specifically address the importance of effective assistance of counsel in plea negotiations. In *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), the Court noted:

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea bargaining process.

In *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012), the Court noted:

"plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process...that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at criminal stages."

Plea bargaining is an essential part of our criminal justice system and is "a highly desirable part for many reasons." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) accord *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Plea bargaining flows from "the mutuality of advantage" to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

When a guilty plea is entered, it is defense counsel's DUTY to assist actually and substantially the defendant in deciding whether to plea guilty and to ascertain whether the plea is entered knowingly and voluntarily. Counsel must be familiar with the facts and the law in order to advise the defendant meaningfully of the options available. This includes the responsibility of investigating potential defenses that the defendant can make INFORMED decision. Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S.

992, 102 S.Ct. 73, L.Ed.2d 1288 (1982).

"The plea colloquy forms a part of the proceedings which may be inspected for error patent on the face of the record. *State v. Godejohn*, 425 So.2d 750 (La. 1983). The entry of a guilty plea must be a free and voluntary choice on the part of the defendant. Before accepting the plea, the trial court must inform the defendant of his right to trial by jury, the right of confrontation, and right against compulsory self incrimination. *Boykin v. Alabama*, 394 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Smith*, 513 So.2d 544 (La. 2nd Cir. 1987). The defendant must also be informed of what the plea connotes and its consequences. "Consequences" include the permissible range of sentences. *Boykin v. Alabama*, supra, fn.7. *State ex rel. LaFleur v. Donnelly*, 416 So.2d 82 (La. 1982); *State v. Smith*, supra; *State v. Graham*, 513 So.2d 419 (La. App. 2nd Cir. 1987); *State v. Domangue*, 476 So.2d 986 (La. App. 1st Cir. 1985). When the record does not indicate that defendant was informed of the permissible range of sentences, his plea cannot be considered as voluntarily and intelligently made, and the conviction must be vacated. *State v. Young*, supra. *State v. Watts*, 550 So.2d 711, 712 (La. App. 2nd Cir. 1989).

"... If the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice." *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974).

### The Standards of Strickland and Cronic

A claim of ineffective assistance of counsel is analyzed under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and in many cases, *United States v. Cronic*, 466 U.S. 648, 662 (1984). The difference between the ineffectiveness of counsel in cases governed by *Strickland* and those governed by *Cronic* is a difference in "kind" other than simply "degree" and the *Cronic* standard applies only if counsel's failure to test the prosecution's case is "complete." See *Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002).

Three types of cases warrant *Cronic's* presumption of prejudice analysis. The first is the complete denial of counsel, in which the "accused is denied the presence of counsel 'at a critical stage'." *Bell*, 122 S.Ct. at 1851 (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039.) The second is when counsel "'completely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* (quoting *Cronic*, 466 U.S. at 659, 104 S.Ct. 2039). The third is when counsel is placed in circumstances in which competent counsel very likely could not render assistance. Mr. Temple submits that Trial Counsel failed to subject the State's case to any meaningful adversarial testing,

and that failure was complete. Therefore, Mr. Temple submits that the *Cronic* standard, where prejudice is presumed, *Id* at 658, should also have been applied to this case, and the Court's failure to apply the *Cronic* standard was contrary to established law and unreasonable.

Mr. Temple submits that appointed conflict counsel, Ernest Barrow III, is a licensed and experienced attorney, and presumed to know the law. Counsel was also fully informed of Mr. Temple's illiteracy prior to the commencement of the trial and ultimate plea bargain. It appears as if defense counsel was only contemplating, or hoping for, a plea bargain in this case.

Mr. Temple submits that based upon the facts and circumstances presented, this was akin to having no counsel at all. Trial Counsel "**completely failed**" to subject the prosecution's case to meaningful adversarial testing. Counsel's failure was "complete" from the onset of the proceedings and thereafter. *United States v. Cronic*, 466 U.S. 648, 662 (1984).

Mr. Temple submits that he established that counsel was incompetent and the performance fell below an objective standard of reasonableness measured by prevailing professional norms meeting the two prongs of *Strickland* and the additional standards enunciated in *Padilla v. Kentucky*, supra, and *Hernandez v. United States*, supra. Mr. Temple further submits that he has met the standard enunciated in *United States v. Cronic*, supra.

Simply put, counsel in this matter relied solely on the facts as presented by the State. There was basically no investigation by defense counsel into the matter of any type of viable defense. The sad part of this matter is the fact that Mr. Temple's best defense was right there in the State's records in an abundance: **INTOXICATION**. Even during the guilty plea colloquy, Mr. Temple informed the Court that he was "drunk and had not realized what he had done."

After a review of the record and guilty plea colloquy, it appears that defense counsel took advantage of Mr. Temple's low educational level and low understanding of the law. Mr. Temple had informed his counsel that he had a sixth grade education, and that he had been Socially Promoted to that level by the school due to this learning disabilities. Mr. Temple had also informed counsel that his job was listed as "Cowboy" due to the fact that he had not even obtained a GED, and was unable to qualify for any other type of job.

WHEREFORE, for the above reasons, Mr. Temple respectfully request that after a fair and impartial review of the pleadings and Record, this Honorable Court conclude that Mr. Temple was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

## CLAIM NO. 2

**The Court abused its discretion in accepting the guilty pleas from Mr. Temple as willing and knowing. Sixth and Fourteenth Amendments to the United States Constitution; Louisiana Constitution of 1974, Article I §§ 2, 3, 13, 16, and 19; *Boykin v. Alabama*.**

Mr. Temple contends that the Court abused its discretion with the acceptance of his guilty plea to the charges and of his guilty plea to the Habitual Offender Bill of Information.

In *Boykin v. Alabama*, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held on appeal of a criminal conviction that "It was error, plain on the face of the record; for the trial judge to accept Petitioner's guilty plea without an affirmative showing that it was intelligent and voluntarily." Rather, the trial court should "canvass the matter with the accused to make sure he has a full understanding of what the plea connotes and of it's consequences." Concerning the record of such a guilty plea on appeal, the court found that because a guilty plea constitutes a waiver of several constitutional rights, including the privilege against self incrimination, the right to trial by jury, and the right to confront one's accuser, the prosecution was required to "spread on the record the prerequisites of a valid waiver" of the rights.

Thus, the court held that it could not presume a voluntary and knowing waiver of these three rights "from a silent record" to insure an adequate record on review, the court stated: A trial court would be "best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy that the defendant understands the nature of the charge, his right to a trial by jury, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentence." *Boykin*, 395 U.S. at 244 n.7 89 S.Ct. At 1713, n.7 [quoting *Commonwealth Ex Rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 146, 197-98 (PA. 1968).

In an attempt to comply with *Boykin*, Louisiana Supreme Court held in *State ex rel. Jackson v. Henderson*, 260 La. 90, 255 So.2d 85 (La. 1971); [A] Post Conviction proceeding, that a guilty plea will be considered knowingly and voluntarily made only if the accused was informed of and made an [Articulated] waiver of his right to jury trial, his right to confront his accusers, and his privilege against self incrimination. See also, *State ex rel. Leblanc v. Henderson*, 261 La. 315, 259 So.2d 557 (La. 1972); *State v. Lewis*, 367 So.2d 1155 (La. 1979); and *State v. Halden*, 375 So.2d 1372 (La. 1979).

Mr. Temple states, his Due Process rights afforded to him by the Sixth and Fourteenth Amendments of the United States Constitution, the Louisiana Constitution of 1974, Article 1, Section 2, 3, 19, and 22, protects him in the process of a *Boykin* proceedings.

The record herein presented demonstrates that the guilty plea proceeding in this case is "error on the face of the record." and Due Process mandates that the guilty plea should be set aside as constitutionally infirm and should not be enhanced under LSA-R.S. 15:529.1.

The evidence herein presented to this court is a certified copy of the record that was used as evidence by the State of Louisiana to enhance Mr. Temple's sentence to life without benefit of parole. Note: Mr. Temple has made numerous request for the transcripts.

Mr. Temple contends, jurisdiction is proper before this court *State v. Galliano* 396 So.2d 1288 at 1289 (La. 1981) gives this court the authority to set aside a constitutionally infirm guilty plea; considering the state evidence, certified record, which is, now the same herein presented for the court to review.

The Record in this matter shows that Mr. Temple informed the Court that he had a sixth grade education; he suffered from alcoholism; that he did not remember the incident due to the fact that he was highly intoxicated at the time; that he had to have assistance in obtaining a driver's license; and that he listed his job as a "Cowboy."

Simply put, Mr. Temple contends the Court that with the circumstances as they are presented here, the Court could not have made a proper determination that this guilty plea was knowing and intelligent.

Mr. Temple was informed by Counsel during the break that, "You need to go ahead and plead guilty for a sixty year term because if the trial is completed, you're going to get a lot more time." Mr. Temple was informed to "Just inform the Judge that you understand; and say 'yes' to the questions when she asks you."

WHEREFORE, after a review of the Record and the argument above, this Honorable Court must make the determination that Mr. Temple's guilty plea was not willing and knowing in the context of the Law. This Court must make that determination and remand this matter for a trial.

## CONCLUSION AND PRAYER

**FIRST AND FOREMOST,** Mr. Temple wishes to inform this Honorable Court that he is not the author of these pleadings, and therefore the Court should not make the determination that Mr. Temple is knowledgeable of the law and the proper pleadings before the Court; or that Mr. Temple had willingly and knowingly accepted the plea bargain in this matter.

Mr. Temple has obtained the assistance of an Offender Counsel Substitute at the Louisiana State Penitentiary in preparing these pleadings for the Court's determination of Post-Conviction Relief.

**WHEREFORE,** Mr. Temple respectfully prays that for the reasons argued herein, that this Honorable Court will grant him Post-Conviction Relief.

Respectfully submitted this 30th day of March, 2016.

         _____

         David Scott Temple, #562616
         MPWY/Wal-1
         La. State Penitentiary
         Angola, LA  70712

## CERTIFICATE OF SERVICE

I David Scott Temple, hereby certify that I have served a true and correct copy of the above and foregoing upon the District Attorney, St. Tammany Parish, by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper first-class postage pre-paid, this 30th day of March, 2016.

         _____

         David Scott Temple

## VERIFICATION

I, David Scott Temple, #562616, hereby verify that I have read and understand the statements made in the above and foregoing and that the statements made are true and correct to the best of my knowledge, belief, and information under the penalties of perjury.

         _____

         David Scott Temple, #562616

**SIGNED AND SUBSCRIBED BEFORE ME this _____ day of _____, 2016.**

_____
Authorized Personnel or Classification Officer

# EXHIBIT "1"

## COMPENSATION REPORT
### Public Defender's Office

## 22ND JUDICIAL DISTRICT PUBLIC DEFENDER OFFICE

### STATEMENT IN SUPPORT OF COMPENSATION AND EXPENSES OF APPOINTED COUNSEL

IN THE MATTER OF:          CONFLICT PANEL COUNSEL
STATE OF LOUISIANA
VERSUS: DAVID TEMPLE          DOCKET 559028

BEFORE JUDGE:  ALLISON H. PENZATO AT THE ST. TAMMANY PARISH 22ND JUDICIAL
DISTRICT COURT

Now comes **ERNEST BARROW, III, ATTORNEY AT LAW**, who declares that: he/she
has acted as counsel for the indigent defendant (s) in the above numbered cause; that he/she has not
received any compensation for representing said defendant (s); that the nature of the charge and the
outcome of the case is as set forth below; and that he/she submits the following statement in support of
compensation and expenses.  The defendant has the following known charge/s as of the appointment date:
14:34.7
14:44.1

### NATURE OF CHARGES

| ( ) CAPITAL | (✓) FELONY ADULT | ( ) MISDEMEANOR ADULT |
|---|---|---|
| ( ) JUVENILE DELINQ | ( ) OTHER: | |

### OUTCOME OF CASE

( ✓) TRIAL BY JURY  ( ) JUDGE TRIAL
( ) PLEA BARGAIN  ( ✓) PLEA BARGAIN (AFTER JURY SELECTED)

SENTENCING DATE: _8/17/15_

OVERALL CASE DISPOSITION:
( ✓) GUILTY  ( ) GUILTY LESSER CHARGE  ( ) NOT GUILTY
( ) NOLLE PROSEQUI  ( ) DIVERSION  ( )
Brief Statement on Overall Case Outcome and Sentencing Results:
Client decided to PG after 2nd witness had
testified.  Sent. to 60yrs HL on a Double
bill. 2yrs district are w/o benefit.

### DISPOSITION PER CHARGE WITHIN CASE:

| Charges | Statute #/Code | Counts | Disposition/Sentencing |
|---|---|---|---|
| Charge 1 | 14:37.7 | 1 | PGAC / 15yrs HL |
| Charge 2 | 14:44.1 | 1 | PGAC / 60yrs HL on Double bill |
| Charge 3 | | | |
| Charge 4 | | | |
| Charge 5 | | | |

Probation (__) 893 Years: ___ ___  (__) 894 Years: _____ (__) Set Aside

( ) 881C MOTION FILED (Motion to Reconsider) DATE: _____
( ) APPEAL FILED & REQUEST FOR
LA APPELLATE PROJECT APPOINTMENT  DATE: _____

### STATEMENT IN SUPPORT OF COMPENSATION AND EXPENSES

1. Time extended in court at $60.00 per hour (Itemize and/or attach additional sheets as needed):

| Date | Service (s) Performed | Hours |
|---|---|---|
| 07/16/15 | Attended Quatre d w/client | 1.0 |
| 05/22/15 | " " w/client | 0.5 |
| | | |
| | | |
| | | |

Sub-Total  $ 90

2.  Time extended out of court at $40.00 per hour (Itemize and/or attach additional sheets as needed):

| Date | Service (s) Performed | Hours |
|------|----------------------|-------|
| 8/6/15 | Review of Discovery (partial); telephone conf. w/ ADA. | 1.75 |
| 8/6/15 | meeting w/ client in Jail. | 1.25 |
| 6/14/15 | Recv'd & reviewed file from PDO. | 1.5 |
| | | |
| | | |
| | | |
| Sub-Total | | $ 180 = |

3.  Time extended in court at $750.00 per FELONY JURY TRIAL DAYS (Itemize and/or attach additional sheets as needed):

| Date | Service (s) Performed | Hours |
|------|----------------------|-------|
| 8/10 | Picked Jury | 5.0 |
| 8/12 | Instance (Youth); Opening statements; witness; Guilty plea & sentencing | 5.5 |
| | | |
| | | |
| | | |
| | | |
| Sub-Total | | $ 1,500 |

4.  Extraordinary expenses (Itemize and attach supporting documentation as needed Travel Mileage is at the LA state rate of 51 cents per mile):

| Date | Service | Cost |
|------|---------|------|
| | N/A | $ |
| | | |
| Total | | $ 0 = |

6.  **Total Requested Compensation and Expenses:**          $ 1770 =

---

Reimbursement Schedule

LWOP Case: : Up to $3,500  Trial Preparations  – plus
$750 per Jury Trial Day

Felony Adult: – Up to $1,000  Trial Preparations – plus
$750 per Jury Trial  day

Misdemeanors CAP:    $600.00

CINC/Juvenile/Fines CAP:   $800.00

Covington, Louisiana, August 13, 2015

Signed: _____

Counsel: Ernest Barrow, III
Louisiana Bar #: 26185
SSN/EIN: 47 o8 99 077
Address: 1130 73rd Ave
City: Covington LA Zip: 70433

## ENDORSEMENT OF PUBLIC DEFENDER OFFICE

The fore going statement has been reviewed by the Public Defender Office and is hereby:

(   )  Approved as requested in the amount of       $ _____ . _____

(   )  Adjusted to maximum rate:                $ _____ . _____

Covington, Louisiana, _____, _____
District Public Defender

_____

**MOTIONS FILED**

DATE:                         DESCRIPTION & RESULT:

_____          _____  _____

_____          _____  _____

_____          _____  _____

_____          _____

_____          _____  _____

# EXHIBIT "2"

## BOYKIN TRANSCRIPT

1    TWENTY-SECOND JUDICIAL DISTRICT COURT **FILED**

2      PARISH OF ST. TAMMANY

3       STATE OF LOUISIANA   JAN 13 2016

               MALISE PRIETO - CLERK

4             Deputy

5 STATE OF LOUISIANA

6 VERSUS        NO. 559028

7 DAVID SCOTT TEMPLE

8 * * * * * * * * * * * * * * * *

9

10   **TRANSCRIPT OF PROCEEDINGS** taken before the
Honorable Allison H. Penzato, Judge Presiding,

11 Division "H", Twenty-Second Judicial District Court,
Parish of St. Tammany, State of Louisiana, on

12 **Wednesday, August 12, 2015**, in Covington, Louisiana.

13

14

15 <u>APPEARANCES</u>:      **ORIGINAL**

16

17   JAMES W. ADAIR, ESQ.
   (ATTORNEY FOR STATE OF LOUISIANA)

18   ERNEST E. BARROW, III, ESQ.
   (ATTORNEY FOR DEFENDANT)

19

20

21

22

23

24

25

26

27

28

29 <u>REPORTED BY</u>:

30

31   Terry L. Owens, RPR, CCR
   Official Court Reporter

32   Certificate No. 86161

MAR 2 2016

```
 1                    PROCEEDINGS
 2      BY MR. ADAIR:
 3               Your Honor, Jay Adair on behalf of
 4          the State of Louisiana.  We are back on
 5          State of Louisiana versus David Scott
 6          Temple, Docket Number 559028.
 7               I believe after conferring with
 8          defense counsel, Mr. Barrow, and with my
 9          office, we have agreed to a resolution to
10          this case.  The State of Louisiana at this
11          time --
12      BY MR. BARROW:
13               But we have to plead guilty first.
14      BY MR. ADAIR:
15               Yeah, that's right.
16      BY THE COURT:
17               Let me figure out where y'all are.
18          Okay?  So where are y'all with your
19          potential resolution?
20      BY MR. ADAIR:
21               Our potential resolution that we
22          have agreed upon is for the defendant to
23          plead guilty as a second offender multiple
24          bill, if the Court were to sentence the
25          defendant to 60 years at hard labor on
26          Count 2, second-degree kidnapping.
27      BY THE COURT:
28               So he's going to plead guilty as to
29          both charges?
30      BY MR. ADAIR:
31               Yes, Your Honor.
32      BY MR. BARROW:
```

MAR 21 2016

```
 1              Yes.
 2      BY THE COURT:
 3              And the State is going to enhance
 4          Count 2?
 5      BY MR. ADAIR:
 6              Yes, Your Honor.
 7      BY THE COURT:
 8              And the agreement is that the
 9          sentences will run concurrently?
10      BY MR. ADAIR:
11              Yes, Your Honor.
12              (Sotto voce discussion between the
13          defendant and Mr. Barrow.)
14      BY THE COURT:
15              And that the agreement upon sentence
16          from the State and the defense as to Count
17          2 as enhanced would be 60 years; is that
18          correct?
19      BY MR. ADAIR:
20              That's correct, Your Honor.
21      BY THE COURT:
22              Mr. Barrow, is that correct?
23      BY MR. BARROW:
24              That is correct, Your Honor.
25              At this time Ernest E. Barrow, III,
26          on behalf of David S. Temple.
27              After discussions when we came back
28          from lunch, I just would like to put this
29          on the record to show it's not what's
30          commonly called a pick and plea.  After we
31          came back from lunch I was prepared to try
32          the case.  I also did a little research at
```

3

```
1            lunch trying to research that issue, and I
2            had quite a frank discussion with
3            Mr. Temple and his parents, who were
4            sitting behind us, where Mr. Temple
5            spontaneously asked that he change his
6            plea to guilty.
7                 Is that correct, Mr. Temple?
8      BY MR. TEMPLE:
9                 Yes.
10     BY MR. BARROW:
11                And that he wanted to apologize to
12            the victims and that -- and tell the Court
13            certain things that he -- about his
14            alcoholism and his memory and why after
15            seeing some of the evidence he thought
16            that he should spare the victim and this
17            Court the rest of this trial.
18                To that end, I'd like to withdraw
19            his previously-entered plea of not guilty
20            to both counts of aggravated second-degree
21            battery and aggravated kidnapping --
22            second-degree kidnapping, and enter a
23            guilty plea as per our agreement with the
24            State that they would only double bill him
25            on that second charge.
26     BY THE COURT:
27                Okay.  Mr. Adair, would you please
28            give my clerk a copy of the bill.  I
29            realize it hasn't been filed yet.
30     BY MR. ADAIR:
31                Yes, Your Honor.
32     BY THE COURT:
```

4

```
 1              But if she could make a copy of
 2         that.
 3    BY MR. ADAIR:
 4              Absolutely.
 5    BY THE COURT:
 6              She can be working while I am taking
 7         the plea on the underlying.
 8    BY MR. ADAIR:
 9              Yes, Your Honor.
10    BY MR. BARROW:
11              And, Your Honor, Mr. Temple would
12         like an opportunity to sincerely and
13         heartfelt offer an apology to the victim
14         and the other ladies in this case and
15         explain to the Court that he does suffer
16         from blackouts due to his alcoholism and
17         that's why he didn't agree to the
18         initial --
19    BY THE COURT:
20              And the victim has been consulted
21         about this plea?
22    BY MR. ADAIR:
23              Yes, Your Honor.  I've spoken with
24         Ms. ████████ who is present in the
25         courtroom.  I have advised her of this
26         plea arrangement, and she has agreed that
27         it's a preferred resolution to the case at
28         this point.  She's indicated that to me.
29         She's indicated that to me prior to being
30         in open court and she's nodded her head in
31         a sense after being posed that question in
32         open court.
```

5

```
1    BY THE COURT:
2                Would she like to make a Victim
3         Impact Statement prior to the time that
4         sentence is imposed?
5    BY MS. ██████
6                No, ma'am.
7    BY THE COURT:
8                You certainly have that opportunity
9         if you would like to do that.  If you
10        change your mind during the proceeding,
11        just please let Mr. Adair know.
12   BY MS. ██████
13                Yes, ma'am.
14   BY THE COURT:
15                Okay.  Would the defendant raise his
16        right hand and be sworn.
17                (DAVID SCOTT TEMPLE, having been
18        first duly sworn under oath, did testify
19        as follows:)
20   BY THE COURT:
21                State your full name and your age,
22        sir.
23   BY MR. TEMPLE:
24                David Scott Temple, 45.
25   BY THE COURT:
26                And what was your last address, sir?
27   BY MR. TEMPLE:
28                I don't know it.
29   BY THE COURT:
30                You don't know it?
31   BY MR. TEMPLE:
32                No.  I Worked for these folks, never
```

6

```
 1              needed no address.
 2      BY THE COURT:
 3                   What parish was it in?
 4      BY MR. TEMPLE:
 5                   St. Tammany.
 6      BY THE COURT:
 7                   Do you know what highway it was off
 8          of?
 9      BY MR. TEMPLE:
10                   Yeah, on 252.
11      BY THE COURT:
12                   Do you know what the street was?
13      BY MR. TEMPLE:
14                   Yes, Savannah Lane.
15      BY THE COURT:
16                   So it was on Savannah Lane.
17                   Is that -- what city is that
18          associated with?
19      BY MR. TEMPLE:
20                   I guess that would be Bush.
21      BY THE COURT:
22                   Okay.  How far did you go in school,
23          sir?
24      BY MR. TEMPLE:
25                   Sixth grade.
26      BY THE COURT:
27                   Can you read and write?
28      BY MR. TEMPLE:
29                   Somewhat.
30      BY THE COURT:
31                   And what did you do for a living,
32          sir?
```

7

```
1        BY MR. TEMPLE:
2                Cowboy.
3        BY THE COURT:
4                You were a cowboy.
5                Okay.  And what were those duties?
6        BY MR. TEMPLE:
7                Taking care of cattle, docking
8            cattle, rode horses.
9        BY THE COURT:
10               Do you have a driver's license?
11       BY MR. TEMPLE:
12               Yes.
13       BY THE COURT:
14               So you passed a driving test?
15       BY MR. TEMPLE:
16               Yeah.  I had some help.
17       BY THE COURT:
18               You had some help how?
19       BY MR. TEMPLE:
20               A lady back home there help me get
21           them.
22       BY THE COURT:
23               But you took a driving test?
24       BY MR. TEMPLE:
25               It was a computer where they had
26           that little tape there, push a button,
27           read them questions to you.
28
29               Okay.  So they read questions to you
30           and you responded to the questions that
31           were read to you?
32       BY MR. TEMPLE:
```

8

```
 1              Yes.
 2    BY THE COURT:
 3              And you were able to pass a driving
 4         test; is that correct?
 5    BY MR. TEMPLE:
 6              Yes.
 7    BY THE COURT:
 8              Okay.  You took care of your own
 9         banking?
10    BY MR. TEMPLE:
11              Yes.
12    BY THE COURT:
13              Did you have a bank account?
14    BY MR. TEMPLE:
15              Yes.
16    BY THE COURT:
17              So you took care of your own
18         banking?
19    BY MR. TEMPLE:
20              Yes.
21    BY THE COURT:
22              Handled your own money?
23    BY MR. TEMPLE:
24              Put it in my pocket.
25    BY THE COURT:
26              Okay.  But you paid your own bills?
27              I need you to answer, sir, because
28         my court reporter is taking notes down.
29    BY MR. TEMPLE:
30              Yes.
31    BY THE COURT:
32              Okay.  Are you under the influence
```

9

1       of any drugs or alcohol today?

2   BY MR. TEMPLE:

3           No, ma'am.

4   BY THE COURT:

5           Okay.  Before your plea is going to

6       be accepted, I'm going to advise you of

7       the nature of the charges that you are

8       pleading guilty to and the possible

9       penalties.

10          Count 1 is aggravated second-degree

11      battery.  Aggravated second-degree battery

12      is a battery committed with a dangerous

13      weapon when the offender intentionally

14      inflicts serious bodily injury.  Serious

15      bodily injury means bodily injury which

16      involves unconsciousness, extreme physical

17      pain or protracted and obvious

18      disfigurement or protracted loss or

19      impairment of the function of a bodily

20      member, organ or mental faculty or a

21      substantial risk of death.

22          Do you understand the elements that

23      offense, sir?

24  BY MR. TEMPLE:

25          Yes, sir.

26  BY THE COURT:

27          The possible penalty is a fine of

28      not more than $10,000 or imprisonment with

29      or without hard labor for not more than 15

30      years or both.  At least one year of the

31      sentence must be served without benefit of

32      parole, probation, or suspension of

10

1    sentence if the offender knew or should
2    have known that the victim is an active
3    member of the United States Armed Forces
4    or a disabled veteran and the aggravated
5    second-degree battery was committed
6    because of that status.  The latter part
7    of that is not applicable; however, the
8    previous part was.  Which means that the
9    penalty would be a fine of not more than
10   $10,000, or imprisonment with or without
11   hard labor for not more than 15 years, or
12   both.
13        Do you understand the possible
14   penalty that you could receive?
15  BY MR. TEMPLE:
16        Yes, ma'am.
17  BY THE COURT:
18        Okay.  Count 2 is second-degree
19   kidnapping.
20        Second-degree kidnapping is the
21   doing of any of the acts listed in
22   subsection B, which I will read to you
23   momentarily, wherein the victim is used as
24   a shield or hostage used to facilitate the
25   commission of a felony or the flight after
26   an attempt to commit or the commission of
27   a felony, physically injured or sexually
28   abused, imprisoned or kidnapped for 72 or
29   more hours except as provided in Revised
30   Statute 14:45(A)(4) or (5), or imprisoned
31   or kidnapped when the offender is armed
32   with a dangerous weapon or leads the

11

1     victim to reasonably believe he is armed

2     with a dangerous weapon.

3           For the purpose of this section,

4     kidnapping is the forcible seizing and

5     carrying of any person from one place to

6     another or the enticing or persuading of

7     any person to go from one place to another

8     or the imprisoning or forcible secluding

9     of any person.

10          Do you understand the elements of

11    that offense?

12  BY MR. TEMPLE:

13          Yes.

14  BY THE COURT:

15          The possible penalty is imprisonment

16    at hard labor for not less than five and

17    not more than 40 years.  At least two

18    years of the sentence imposed shall be

19    without benefit of parole, probation, or

20    suspension of sentence.

21          Do you understand the possible

22    penalty that you could receive?

23  BY MR. TEMPLE:

24          Yes.

25  BY THE COURT:

26          Now, you do have certain

27    Constitutional rights.  You have the right

28    to hire a lawyer of your choice to

29    represent you.  If you cannot afford to

30    hire one, one will be appointed to

31    represent you without charge.  You have a

32    right to a trial in open court with or

12

1    without a jury.  At that trial you have

2    the right to confront and cross-examine

3    the witnesses who accuse you of having

4    committed the crime.  The State would be

5    required to prove each and every element

6    of the crime beyond a reasonable doubt.

7    You would have the right to subpoena

8    witnesses to testify on your behalf and

9    you would have the right to invoke the

10   privilege against self incrimination and

11   remain silent.

12        If you are convicted at that trial

13   you have the right to appeal to the First

14   Circuit Court of Appeal, the Louisiana

15   Supreme Court, and from there to the

16   United States federal courts.

17        Again, in connection with those

18   appellate proceedings, if you could not

19   afford to hire a lawyer, one would be

20   appointment for you.

21        By pleading guilty you are admitting

22   that you have committed these crimes

23   because in fact you have committed them,

24   and you are waiving those Constitutional

25   rights that I have just discussed with

26   you.

27        I've explained to you the nature of

28   each of the crimes that you are pleading

29   guilty to and the possible penalties.  You

30   have told me under oath that you

31   understand those factors.  Do you also

32   understand the Constitutional rights that

```
 1              I have just discussed with you?
 2       BY MR. TEMPLE:
 3              Yes, ma'am.
 4       BY THE COURT:
 5              Do you understand if you plead
 6       guilty there will not be a further trial
 7       of any kind and you will be waiving your
 8       right to a trial?
 9       BY MR. TEMPLE:
10              Yes.
11       BY THE COURT:
12              Do you wish to waive all of your
13       Constitutional rights and plead guilty
14       because you have in truth and in fact
15       committed these crimes?
16       BY MR. TEMPLE:
17              Yes.
18       BY THE COURT:
19              Okay.  I'm going to start over with
20       that question.
21       BY MR. BARROW:
22              Say yes or no.
23       BY THE COURT:
24              Yes or no?
25       BY MR. BARROW:
26              I think he said yes.
27       BY THE COURT:
28              I want to make sure that the record
29       is absolutely clear before I proceed.
30              Do you wish to waive all of your
31       Constitutional rights?
32       BY MR. TEMPLE:
```

```
 1            Yes.
 2    BY THE COURT:
 3            And do you wish to plead guilty
 4        because you have in truth and in fact
 5        committed these crimes?
 6    BY MR. TEMPLE:
 7            Yes.
 8    BY THE COURT:
 9            Has anyone forced or coerced you to
10        plead guilty?
11    BY MR. TEMPLE:
12            No, ma'am.
13    BY THE COURT:
14            Now the Court understands that your
15        willingness to plead guilty results from
16        prior discussions between the District
17        Attorney, the Court, and your attorney.
18        The substance of that plea agreement will
19        be disclosed when I impose your sentence.
20        If it's not in accordance with your
21        understanding, you will be allowed to
22        withdraw your plea of guilty at that time.
23            Do you understand?
24    BY MR. TEMPLE:
25            Yes.
26    BY THE COURT:
27            Are you satisfied with your lawyer's
28        work?
29    BY MR. TEMPLE:
30            Yes.
31    BY THE COURT:
32            Did he explain your rights to you,
```

15

```
1          sir?
2     BY MR. TEMPLE:
3              Yes.
4     BY THE COURT:
5              Counsel, are you satisfied that this
6         defendant knowingly, intelligently,
7         voluntarily, and willingly wants to plead
8         guilty to this crime?
9     BY MR. BARROW:
10             I am.
11    BY THE COURT:
12             Mr. Adair, is there a factual basis,
13        sir?
14    BY MR. ADAIR:
15             Yes, Your Honor.  At this time the
16        State of Louisiana offers a stipulation
17        based upon pretrial discussion, open file
18        discovery provided to defendant through
19        defense counsel, and based upon the facts
20        and the testimony and the evidence that
21        have been admitted and elucidated upon in
22        the trial thus far, that there is a
23        factual basis as to the plea of guilty as
24        charged to aggravated second-degree
25        battery as well as second-degree
26        kidnapping.
27    BY MR. BARROW:
28             We will join in that stipulation.
29    BY THE COURT:
30             Based upon the stipulation offered
31        by the State and accepted by the defendant
32        through counsel, the Court finds that
```

16

1       there is a factual basis.

2             Mr. Temple, I will now call for you

3       to formally enter your plea.

4             In Docket Number 559028, as to Count

5       1, the charge being aggravated

6       second-degree battery, how do you plead?

7   BY MR. TEMPLE:

8             Guilty.

9   BY THE COURT:

10            As to Count 2, the charge being

11      second-degree kidnapping, how do you

12      plead?

13  BY MR. TEMPLE:

14           Guilty.

15  BY THE COURT:

16          The Court has reviewed the record in

17     this matter and discussed this case with

18     counsel for the State and the defendant.

19     The Court finds the defendant understands

20     the nature of the charges again him, there

21     is a factual basis for the pleas, and the

22     pleas are made freely and voluntarily.

23     Therefore, the pleas are accepted and the

24     defendant is adjudicated guilty of the

25     respective crimes for which the pleas were

26     offered.

27  BY MR. ADAIR:

28         Do you want to go ahead and file it

29     now?

30  BY THE COURT:

31         I'm ready now to proceed with the

32     multiple offender bill hearing.  And once

```
 1              we proceed with that, I will again ask if
 2              the victim would like to make a Victim
 3              Impact Statement before I proceed with
 4              sentencing.   Okay?
 5        BY MR. ADAIR:
 6              Your Honor, at this time the State
 7              of Louisiana files in open court a copy
 8              having previously been provided to
 9              defendant through defense counsel of a
10              multiple offender bill of information
11              alleging under Revised Statute 15:529.1
12              that the defendant who has just pled
13              guilty to second-degree kidnapping also
14              has a prior felony conviction for the
15              crime of conspiracy to manufacture
16              methamphetamine on 12/13 of 2011 in the
17              5th Judicial District Court of Franklin
18              Parish, Case No. 2010-F-181.
19        BY THE COURT:
20              The multiple offender bill of
21              information has now been presented to the
22              Court for filing.
23              At this time I will ask my clerk to
24              read the bill to the defendant, please.
25        BY THE CLERK:
26              Docket Number 559028, State of
27              Louisiana versus David S. Temple, multiple
28              offender bill of information, RS 15:529.1.
29              Now comes Warren Montgomery,
30              District Attorney, 22nd Judicial District,
31              through the undersigned assistant district
32              attorney in the name State of Louisiana,
```

18

| | |
|---|---|
| 1 | comes into the Honorable Court and gives |
| 2 | the said Court to understand and be |
| 3 | informed that the above named defendant |
| 4 | was duly convicted of the felony crime of |
| 5 | second-degree kidnapping on August 12th, |
| 6 | 2015. |
| 7 | And now the District Attorney |
| 8 | informs the Court that the defendant has |
| 9 | the following prior conviction. |
| 10 | One, in the 5th JDC, Franklin |
| 11 | Parish, Louisiana, for the crime of |
| 12 | conspiracy to manufacture methamphetamine |
| 13 | on December 13th, 2011, under Case Number |
| 14 | 2010-F-181.  The said defendant is one and |
| 15 | the same person who was previously |
| 16 | convicted in the listed case number -- |
| 17 | numbers and should now be sentenced in |
| 18 | conformity with the provisions of |
| 19 | Louisiana Revised Statute 15:529.1. |
| 20 | Warren Montgomery, District |
| 21 | Attorney, 22nd Judicial District, signed |
| 22 | by James W. Adair, assistant district |
| 23 | attorney. |
| 24 | BY THE COURT: |
| 25 | Mr. Temple, it's my duty to advise |
| 26 | you that you have the following rights. |
| 27 | You have a right to a hearing to be |
| 28 | tried as to the truth of the allegations |
| 29 | contained in the multiple offender bill |
| 30 | according to law.  At that hearing, the |
| 31 | State must prove the allegations contained |
| 32 | in the multiple offender bill of |

19

```
1            information, and you have the right to
2            remain silent at that hearing.
3                    Mr. Temple, do you desire to waive
4            your rights that I have just explained to
5            you and enter a plea admitting the
6            allegations contained in the multiple
7            offender bill of information?
8       BY MR. TEMPLE:
9                    Yes.
10      BY THE COURT:
11                   Has anyone forced or coerced you to
12           admit the allegations contained in the
13           bill?
14      BY MR. TEMPLE:
15                   No, ma'am.
16      BY THE COURT:
17                   The Court finds the defendant has
18           made a knowing, voluntary, and intelligent
19           waiver of his rights and is admitting the
20           allegations contained in the bill based
21           upon his own free will.
22                   Before I proceed with sentencing and
23           my findings concerning the multiple
24           offender bill, anything further from the
25           State, Mr. Adair?
26      BY MR. ADAIR:
27                   Your Honor, nothing further from the
28           State.  I once, again, in open court
29           inquired of Ms. Ladner if she wished to
30           provide a Victim Impact Statement.  While
31           she is present, she wishes to remain
32           silent and observe the proceedings.
```

20

```
 1      BY THE COURT:
 2              Thank you, Mr. Adair.
 3      BY MR. ADAIR:
 4              Thank you.
 5      BY THE COURT:
 6              Mr. Barrow, before I proceed with
 7          sentencing and my findings concerning the
 8          multiple offender bill of information,
 9          anything further from the defense?
10      BY MR. BARROW:
11              Yes.  Mr. Temple has expressed a
12          wish to express his remorse regarding
13          these charges, and I would like the Court
14          to give him an opportunity to do that now.
15      BY THE COURT:
16              I will do that, sir.
17      BY MR. TEMPLE:
18              Well, I drank.  I passed out, didn't
19          know nothing hardly.  Didn't mean to hurt
20          you if I did.  I loved you.  I didn't mean
21          to hurt nobody.  ████ you neither.  Boss
22          Joe, I loved all of y'all.  My family.
23          You always there if I needed something,
24          you helped me, but I was too dumb and too
25          hard headed to ask for help.  My pride got
26          in my way.  But I love all of y'all.
27          Y'all my family.  I appreciate everything
28          y'all ever done.  Sorry.  I was raised
29          hard, raised wrong.  Finally raised by
30          them old hands.  I didn't know nothing but
31          one way.  My mom and them did the best
32          they could by me, what they knowed.  I
```

21

```
 1          decided to leave home when I was young and
 2          drift.  I run home, and I'm sorry, if I
 3          did it, I don't remember.  And as God is
 4          my witness, I don't.  I'm sorry Ms. ▇▇▇
 5          for anything I ever done to you wrong.
 6          You too, ▇▇▇▇ and boss, you too.  From the
 7          bottom of my heart.  I wish I could go
 8          find and give them a shout, my tater bug,
 9          tell her I love her.  I love all of y'all.
10          That it.  Maw, I love you, too.  Mama.
11          Mr. Earl.
12     BY THE COURT:
13               The Court will proceed with
14          sentencing at this time.
15               The defendant, David S. Temple,
16          being present in open court with counsel,
17          having earlier stated that he is 45 years
18          of age, having withdrawn his previously
19          entered plea of not guilty and having been
20          adjudicated guilty today to the crime of
21          aggravated second-degree battery, the
22          Court at this time sentences the defendant
23          to 15 years hard labor with the Department
24          of Public Safety and Corrections.  That is
25          to Count 1.
26               As to Count 2, the State has filed a
27          multiple offender bill of information.
28          Based upon Count 2, based upon the
29          defendant's admission and the evidence,
30          the Court finds the defendant is a second
31          felony offender under Louisiana Revised
32          Statute 15:529.1, Subsection (A)(1).  The
```

```
 1        Court sentences the defendant to
 2        imprisonment with the Department of Public
 3        Safety and Corrections for 60 years at
 4        hard labor without benefit of probation or
 5        suspension of sentence.  Two years of this
 6        sentence shall be served without benefit
 7        of parole with credit for any time served.
 8             The Court in imposing the herein
 9        sentence considers both aggravating and
10        mitigating circumstances under the
11        provisions of Louisiana Code of Criminal
12        Procedure Article 894.1.
13             The Court finds the following
14        aggravating circumstance:
15             There is an undue risk that during
16        the period of suspended sentence or
17        probation the defendant will commit
18        another crime and a lesser sentence will
19        deprecate the seriousness of the
20        defendant's crime.
21             The sentence as to Count 2 shall run
22        concurrently with the sentence imposed as
23        to Count 1.
24             Mr. Temple, the sentence that was
25        imposed by the Court, does it comply with
26        your plea agreement?
27   BY MR. TEMPLE:
28             Yes.
29   BY THE COURT:
30             You have two years from the time
31        your sentence becomes final to file for
32        post-conviction relief.
```

23

MAR 2 1 2016

```
 1        BY MR. BARROW:
 2               Your Honor, would you recommend
 3           alcohol abuse treatment?
 4        BY THE COURT:
 5               I'll recommend substance abuse
 6           treatment at the facility at which the
 7           Department of Public Safety and
 8           Corrections chooses to house the
 9           defendant.
10               Jojo, here is the multiple offender
11           bill as well.
12        BY MR. TEMPLE:
13               Minute with my mom and dad?
14        BY MR. BARROW:
15               You are going to have to wait.
16        BY THE COURT:
17               Need to have a seat, sir, so you can
18           be processed by my deputies.
19        BY MR. BARROW:
20               Just have a seat.
21        BY THE COURT:
22               Gentlemen, that concludes this
23           matter.
24               * * * * * * * *
25
26
27
28
29
30
31
32
```

24

MAR 21 2016

1
<u>REPORTER'S CERTIFICATE</u>

2      This certificate is valid only for a transcript

3  accompanied by my original signature and original

4  required seal on this page.

5      I, Terry L. Owens, Official Court Reporter, in

6  and for the State of Louisiana, employed as an

7  official court reporter by the Twenty-Second Judicial

8  Court for the State of Louisiana, as the officer

9  before whom this testimony was taken, do hereby

10  certify that this testimony was reported by me in the

11  stenotype reporting method, was prepared and

12  transcribed by me or under my direction and

13  supervision, and is a true and correct transcript to

14  the best of my ability and understanding, that the

15  transcript has been prepared in compliance with

16  transcript format guidelines required by statute or

17  by rules of the board or by the Supreme Court of

18  Louisiana, and that I am not related to counsel or to

19  the parties herein nor am I otherwise interested in

20  the outcome of this matter.

21

22                    _____
                      Terry L. Owens, RPR, CCR
23                    Certified Court Reporter
                      Certificate No. 86161
24

25                    <u>CERTIFICATE OF FILING</u>

26      I hereby certify that the foregoing transcript

27  has been submitted to the Clerk of Court's Office for

28  filing into the record on the _____ day of

29  _____, 2015.

30

31                    _____
                      Terry L. Owens, RPR, CCR
32                    Certified Court Reporter

25

MAR 2 1 2016

AO 241
(Rev. 10/07)

Page 1.

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution if holding for you. If you account exceeds $_____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed this form, send the original and two copies to the Clerk of the United States District Court at this address:
   Clerk's Office, U.S. District Court
   Eastern District of Louisiana
   500 Poydras Street, Room C-151
   New Orleans, LA 70130

9. **CAUTION:** You must include in this petition all grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

RECEIVED   TENDERED FOR FILING

FEB 12 2018

Legal Programs Department

FEB 12 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

SCANNED at LSP and Emailed
2.12.18 by Qec . 180 pages
date        initials   No.

David Temple, #562616
MPEY/Spruce-2
La. State Penitentiary
Angola, LA 70712


<u>February 12, 2018</u>
(Date)

Clerk of Court,
U.S. District Court,
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

RE: *David Temple vs. Darrel Vannoy, Warden*, Civil No. _____.

Dear Clerk:

    Please find enclosed an Original of my pro se *Petition for Federal Habeas Corpus (28 U.S.C. § 2254) and accompanying Memorandum of Law in Support with attached exhibits* in the above referenced civil matter. I respectfully ask that you please file same into the docket of this court for judicial consideration and disposition.

    Furthermore, please find my application for in pauper status. Should it be determined that I am required to pay the $5.00 filing fee, kindly submit such a notice and allow me not more than thirty (30) days by which to submit funds from my inmate account.

    Your cooperation and time in this matter are greatly appreciated.

Respectfully,

David Temple

DT/dec#304580
Enclosures (3)

Cc:    w/encl. District Attorney, St. Tammany Parish

TENDERED FOR FILING

FEB 12 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk